**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NEAL D. BARNARD, M.D.,<br>5500 Friendship Blvd., Apt 1112-N,<br>Chevy Chase, MD 20815,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br>Washington, DC 20528,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  06-CV-1393 (CKK) |

**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking a declaratory judgment that Defendant has violated FOIA, the Privacy Act, and the Administrative Procedure Act by failing to timely release records requested by Neal D. Barnard, M.D., and injunctive relief ordering Defendant to release such records.

**JURISDICTION AND VENUE**

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201. This Court has the authority to award costs and attorney fees under 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B). Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5).

**PARTIES**

2.      Plaintiff Neal D. Barnard, M.D., is the president and founder of the Physicians

Committee for Responsible Medicine, a 501(c)(3) public charity that advocates preventive health

care through better nutrition and by promoting more effective, ethical, and compassionate

scientific research. Dr. Barnard is the author of several dozen publications in scientific and

medical journals as well as numerous nutrition books for lay readers, and he is frequently called

on by news programs to discuss issues related to nutrition, research, and other areas of modern

medicine. In 2005, Dr. Barnard filed a FOIA and Privacy Act request with U.S. Customs and

Border Protection ("CBP"), in response to which he received a letter advising him to contact

Immigrations and Customs Enforcement ("ICE") for the requested records.

3.      Defendant Department of Homeland Security ("DHS") is a United States agency,

of which ICE and CBP are components. ICE maintains a system of records containing

information pertaining to Dr. Barnard and has possession and control of the records at issue in

this Complaint. DHS, CBP, and ICE are agencies within the meaning of 5 U.S.C. § 552(f)(1).

**STATEMENT OF FACTS**

4.      On March 21, 2006, Dr. Barnard submitted a FOIA and Privacy Act request to

ICE, seeking disclosure of certain records relating or referring to Dr. Barnard.

5.      On August 7, 2006, not having received a timely response, Dr. Barnard filed a

Complaint for Injunctive Relief with this Court.

6.      On August 9, 2006, Dr. Barnard received a letter dated August 5, 2006, in which

ICE stated that it had "no records responsive" to Dr. Barnard's request.

2

7.      By later dated August 10, 2006, Dr. Barnard appealed the inadequacy of ICE's

search for records. Dr. Barnard enclosed a courtesy copy of his August 7, 2006, Complaint for

Injunctive Relief and advised DHS that he would amend it accordingly if DHS denied the appeal.

8.      Although more than 20 working days have passed since he filed his appeal, Dr.

Barnard has not received any response from DHS.

9.      Dr. Barnard has exhausted the applicable administrative remedies with respect to

his records request. 5 U.S.C. §§ 552(a)(6), 552a(d), 552a(g)(1); 6 C.F.R. §§ 5.9, 5.25.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
**(Failure to perform an adequate search for records)**

10.     Dr. Barnard realleges and incorporates by reference all preceding paragraphs.

11.     Dr. Barnard properly requested records within ICE and DHS control.

12.     ICE did not perform a reasonable and adequate search for the requested records.

13.     Dr. Barnard is entitled by law to receive the requested records.

14.     Therefore, Defendant violated FOIA and the Privacy Act by not performing a

reasonable and adequate search for the records requested by Dr. Barnard.

### CLAIM TWO
**(Failure to timely respond to appeal)**

15.     Dr. Barnard realleges and incorporates by reference paragraphs 1–9.

16.     FOIA states that an agency shall "make a determination with respect to any

appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the

receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii). An agency may extend this statutory time

limit by providing written notice of an extension to the person making the request. 5 U.S.C. §

552(a)(6)(B). *See also* 6 C.F.R. § 5.1(a)(1) (applying FOIA regulations to requests made under

the Privacy Act).

17.    Dr. Barnard properly appealed the denial of his request for records within ICE and

DHS control.

18.    Dr. Barnard is entitled to a determination of this appeal within 20 working days.

19.    DHS did not respond to Dr. Barnard's appeal within 20 working days or provide

notice of an extension of the statutory time limit.

20.    Therefore, Defendant violated FOIA and the Privacy Act by not timely

responding to Dr. Barnard's appeal.

## CLAIM THREE
### (Violation of the Administrative Procedure Act)

21.    Dr. Barnard realleges and incorporates by reference paragraphs 1–9.

22.    Dr. Barnard properly requested records within ICE and DHS control.

23.    Dr. Barnard is entitled by law to receive the requested records in a timely fashion.

24.    Defendant's failure to timely disclose records requested by Dr. Barnard

constitutes agency action unlawfully withheld in violation of the Administrative Procedure Act

("APA"), 5 U.S.C. §§ 701–706. Defendant's failure in this matter is arbitrary, capricious, an

abuse of discretion, not in accordance with the law, and without observance of procedure

required by law, all in violation of the APA. *See id.* § 706(2)(A), (D).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    declare that Defendant has violated FOIA, the Privacy Act, and the APA by

failing to grant Dr. Barnard's records request;

B.    order Defendant to grant Dr. Barnard's records request;

C.    award Dr. Barnard his reasonable attorneys fees and litigation costs

incurred in this action, pursuant to 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B); and

D.    grant such other relief as the Court may deem just and proper.


Respectfully submitted,

/s/ Daniel Kinburn

_____
Daniel Kinburn
PHYSICIANS COMMITTEE FOR
  RESPONSIBLE MEDICINE
5100 Wisconsin Avenue, N.W., Suite 400
Washington, D.C. 20016
Attorney for Plaintiff
(202) 686-2210 ext. 308
(202) 686-2155 (fax)

Dated: October 10, 2006