UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Case No.: 06-CV-1393 (CKK) |

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking a declaratory judgment that Defendant has violated FOIA, the Privacy Act, and the Administrative Procedure Act by failing to timely release records requested by Neal D. Barnard, M.D., and injunctive relief ordering Defendant to release such records.

**JURISDICTION AND VENUE**

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201. This Court has the authority to award costs and attorney fees under 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B). Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5).

## PARTIES

2. Plaintiff Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine, a 501(c)(3) public charity that advocates preventive health care through better nutrition and by promoting more effective, ethical, and compassionate scientific research. Dr. Barnard is the author of several dozen publications in scientific and medical journals as well as numerous nutrition books for lay readers, and he is frequently called on by news programs to discuss issues related to nutrition, research, and other areas of modern medicine. In 2005, Dr. Barnard filed a FOIA and Privacy Act request with U.S. Customs and Border Protection ("CBP"), in response to which he received a letter advising him to contact Immigrations and Customs Enforcement ("ICE") for the requested records.

3. Defendant Department of Homeland Security ("DHS") is a United States agency, of which ICE and CBP are components. ICE maintains a system of records containing information pertaining to Dr. Barnard and has possession and control of the records at issue in this Complaint. DHS, CBP, and ICE are agencies within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

4. On March 21, 2006, Dr. Barnard submitted a FOIA and Privacy Act request to ICE, seeking disclosure of certain records relating or referring to Dr. Barnard.

5. On August 7, 2006, not having received a timely response, Dr. Barnard filed a Complaint for Injunctive Relief with this Court.

6. By letter dated November 16, 2006, ICE provided a "supplemental response" to Dr. Barnard's request, stating that "any records responsive to [his] request are exempt from disclosure, in their entirety, pursuant to exemptions . . . of the FOIA."

7. On November 30, 2006, Dr. Barnard appealed ICE's denial of his request as exempt from disclosure. Dr. Barnard advised that he would amend this complaint if DHS denied his appeal.

8. Although more than 20 working days have passed since Dr. Barnard filed his appeal, DHS has not provided a determination of the appeal.

9. Dr. Barnard has exhausted the applicable administrative remedies with respect to his records request. 5 U.S.C. §§ 552(a)(6), 552a(d), 552a(g)(1); 6 C.F.R. §§ 5.9, 5.25.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Denial of access to records)

10. Dr. Barnard realleges and incorporates by reference all preceding paragraphs.

11. Dr. Barnard properly requested records within ICE and DHS control.

12. Dr. Barnard is entitled by law to receive the requested records.

13. ICE has wrongfully withheld the requested records.

14. In the alternative, ICE has wrongfully failed to make individualized determinations on a record-by-record basis and within individual records as to whether any of the requested records, or portions thereof, are not exempt from disclosure.

15. Therefore, Defendant violated FOIA and the Privacy Act by failing to provide all non-exempt records, or portions thereof, requested by Dr. Barnard.

### CLAIM TWO
(Failure to timely respond to appeal)

16. Dr. Barnard realleges and incorporates by reference paragraphs 1–9.

17. FOIA states that an agency shall "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the

receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii). An agency may extend this statutory time limit by providing written notice of an extension to the person making the request. 5 U.S.C. § 552(a)(6)(B). *See also* 6 C.F.R. § 5.1(a)(1) (applying FOIA regulations to requests made under the Privacy Act).

18. Dr. Barnard properly appealed the denial of his request for records within ICE and DHS control.

19. Dr. Barnard is entitled to a determination of this appeal within 20 working days.

20. DHS has not provided a determination of Dr. Barnard's appeal within 20 working days, nor has it provided formal notice of an extension of the statutory time limit.

21. Therefore, Defendant violated FOIA and the Privacy Act by not timely responding to Dr. Barnard's appeal.

### CLAIM THREE
### (Violation of the Administrative Procedure Act)

22. Dr. Barnard realleges and incorporates by reference paragraphs 1–9.

23. Dr. Barnard properly requested records within ICE and DHS control.

24. Dr. Barnard is entitled by law to receive the requested records in a timely fashion.

25. Defendant's failure to timely disclose records requested by Dr. Barnard constitutes agency action unlawfully withheld in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. Defendant's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law, and without observance of procedure required by law, all in violation of the APA. *See id.* § 706(2)(A), (D).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    declare that Defendant has violated FOIA, the Privacy Act, and the APA by failing to grant Dr. Barnard's records request;

    B.    order Defendant to grant Dr. Barnard's records request;

    C.    award Dr. Barnard his reasonable attorneys fees and litigation costs incurred in this action, pursuant to 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B); and

    D.    grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel Kinburn

_____
Daniel Kinburn
PHYSICIANS COMMITTEE FOR
  RESPONSIBLE MEDICINE
5100 Wisconsin Avenue, N.W., Suite 400
Washington, D.C. 20016
Attorney for Plaintiff
(202) 686-2210 ext. 308
(202) 686-2155 (fax)

Dated: January 4, 2007