**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEAL D. BARNARD, M.D.,              ) | |
|                                              ) | |
|     Plaintiff,                    ) | |
|                                              ) | |
|     v.                              ) | Civ. No.: 06-1393 (CKK) |
|                                              ) | ECF |
| DEPARTMENT OF HOMELAND    ) | |
| SECURITY,                      ) | |
|                                              ) | |
|     Defendant.                  ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. 56 and Local Rules 7(h) and 56.1, Defendant hereby moves for summary judgment.

In support of the said motion, Defendant refers the Court to the attached Statement of Material Facts Not in Genuine Dispute, the Memorandum of Points and Authorities, the Declaration of Marshall Fields, and the accompanying exhibits.

Dated: February 20, 2007.                    Respectfully Submitted,


    /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D.,              )<br>                                                      )<br>       Plaintiff,                              )<br>                                                      )<br>       v.                                        )<br>                                                      )<br>DEPARTMENT OF HOMELAND     )<br>SECURITY,                                 )<br>                                                      )<br>       Defendant.                         )<br>_____)  | Civ. No.: 06-1393 (CKK)<br>ECF |

**STATEMENT OF MATERIALS NOT IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendant submits the following Statement of Material Facts Not in Genuine Dispute:

1. By letter dated July 20, 2005, Plaintiff Neal Barnard submitted a FOIA/PA request to the U.S. Customs and Border Patrol ("CBP") requesting all records pertaining to him. See Attachment 1.[1]

2. On August 15, 2005, the CBP informed Plaintiff that records responsive to his request fell under the purview of the U.S. Immigration and Customs Enforcement ("ICE"). See Attachment 2.

3. By letter dated March 21, 2006, Plaintiff submitted a FOIA/PA request to ICE requesting "any records created from January 1, 2002 to the present that were prepared, received, transmitted, collected and/or maintained by Immigration and Customs Enforcement relating to the following: … [fifteen (15) specifically enumerated areas]." See Attachment 3.

---

[1] All "Attachments" are attached as exhibits to the Declaration of Marshall Fields ("Fields Decl.").

4.  ICE acknowledged Plaintiff's March 21, 2006 FOIA request in a letter dated May 1, 2006. See Attachment 4.

5.  By letter dated May 16, 2006, Plaintiff filed an appeal with the DHS Privacy Office because ICE had not acted on Plaintiff's FOIA request. See Attachment 5.

6.  By letter dated June 28, 2006, the U.S. Department of Homeland Security Privacy Office responded and explained, "By copy of this letter, I am informing ICE FOIA personnel of your appeal. The delay you have encountered is largely a result or resource constraints, which ICE is working very hard to correct. Until ICE responds to your initial request, however, my office cannot take further action on your appeal as we do not have the staff resources ourselves to conduct initial record reviews for DHS components." See Attachment 6.

7.  Thereafter, on August 5, 2006, ICE responded to Plaintiff's March 21, 2006 FOIA request, advising him that it does not have any records responsive to his request. See Attachment 7.

8.  Defendant conducted additional search for records responsive to Plaintiff's FOIA requests by entering Plaintiff's name into the Treasury Enforcement Communications System ("TECS"). Fields Decl. at ¶ 16. The TECS search located six (6) pages of records responsive to Plaintiff's request when printed to hardcopy. Id. The TECS is the only system of records maintained by ICE where records responsive to plaintiff's FOIA request would likely be located. Id.

9.  On November 16, 2006, ICE supplemented its response and further advised Plaintiff that any records responsive to his request were exempt from disclosure, in their entirety, pursuant to exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E) of the FOIA. See Attachment 9. ICE's

letter also informed Plaintiff of his right to appeal ICE's denial of his request.  <u>Id</u>.

Dated: February 20, 2007.                    Respectfully Submitted,

      /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

      /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

      /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEAL D. BARNARD, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-1393 (CKK) |
| | ) | ECF |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      Introduction.**

Plaintiff Neal D. Barnard files this case under the Freedom of Information Act ("FOIA") seeking information pertaining to himself in Defendant Immigration and Customs Enforcement's possession. In response, Defendant searched and found six pages of responsive records. Defendant, however, withheld those documents in their entirety under FOIA exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E).

As explained below, Defendant properly invoked these FOIA exemptions to withhold the documents because the records contain information on an on-going criminal investigation of Plaintiff. Therefore, any release of such information would undermine the investigation and improperly reveal investigative techniques. Accordingly, the Court should grant summary judgment in Defendant's favor and dismiss this case with prejudice.

**II.     Factual Background**.

The chronological factual background is fully set forth in Defendant's Statement of Materials Facts Not In Genuine Dispute.  However, a brief description of the facts here will provide context for Defendant's Motion for Summary Judgment.

Plaintiff, Dr. Neal D. Barnard, submitted a Freedom of Information ("FOIA") request to the Immigration and Customs Enforcement ("ICE"), an agency within the U.S. Department of Homeland Security.  Fields Decl. at ¶ 7.  In response, Defendant searched for responsive documents in the Treasury Enforcement Communications Systems ("TECS").  Fields Decl. at ¶ 14-16.  The search only yielded six pages of records.  Fields Decl. at ¶ 16.  After reviewing the records, Defendant invoked exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E) of the FOIA to withhold these six pages in their entirety.  Fields Decl. at ¶ 13.

Thereafter, Plaintiff filed this lawsuit under the FOIA seeking access to all documents pertaining to him.  See Second Amended Complaint (Dkt. No. 11).  Plaintiff also claims that Defendant failed to timely respond to his FOIA request.  Id.

**III.    Summary Judgment Standard**.

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[2]  To be

---

[2] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure. Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

      These declarations or affidavits (singly or collectively) are often referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974). There is no set formula for a Vaughn index. "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form." Kay v. FCC, 976 F.Supp. 23, 35 (D.D.C. 1997). "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987). See also Keys v. United States Department of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987). When the pleadings, supplemented by the affidavits, declarations, or Vaughn Index show no

3

genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant. Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence. Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

**IV.    Argument**.

   **A.    Adequacy of Search**.

Defendant's search for responsive documents turned up six pages of responsive records. In Western Center For Journalism v. I.R.S., this Court cogently outlined Defendant's responsibility in searching for responsive documents under the FOIA. 116 F. Supp.2d 1, 7-8 (D.D.C. 2000) (Kollar-Kotelly, J.).  The Court explained,

> In FOIA cases, summary judgment may be granted solely on the basis of agency affidavits provided that they are clear, specific and reasonably detailed, and there is no contradictory evidence on the record or evidence of agency bad faith. See Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1387 (D.C.Cir.1979).  Where the adequacy of a FOIA search is at issue, for an agency to prevail on summary judgment, it "must establish beyond a material doubt that its search was reasonably calculated to uncover all relevant documents." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C.Cir.1995).  Courts have interpreted this responsibility to mean that agencies must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C.Cir.1990) (citing Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984)). While a search is not rendered unreasonable if it fails actually to "uncover[ ] every document extant," SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1201 (D.C.Cir.1991), it will be deemed inadequate if the "affidavit does not show, with reasonable detail, that the search method ... was reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68.

Here, upon receipt of Plaintiff's FOIA request, Defendant assigned the request to an analyst within the Information Disclosure Unit ("IDU").  Fields Decl. at ¶ 16.  The analyst used Plaintiff's name as a query term and searched in the Treasury Enforcement Communications Systems ("TECS").  The TECS is an evolving electronic database that is used to store, track, and retrieve law enforcement information.  Fields Decl. at ¶ 14.  The categories of individuals covered by the TECS are convicted or suspected violators of customs, immigration, banking, terrorism, arms and weapons, hazardous material, drug, or related laws.  Id.  In addition, the

5

TECS also includes individuals who are suspected of, or who have been arrested for, thefts from international commerce; foreign nationals who entered and remain in the U.S. illegally; and fugitives with outstanding federal and state warrants. Fields Decl. at ¶ 14. The TECS also covers individuals participating in financial transactions reportable under the Bank Secrecy Act (BSA). Id.[3] Therefore, to the extent that responsive information pertaining to Plaintiff exists, it would be in the TECS. Fields Decl. at ¶ 16.

The analyst's search for information responsive to Plaintiff's FOIA request yielded six pages of records. Fields Decl. at ¶ 16. After reviewing the responsive documents, Defendant withheld them in their entirety under FOIA Exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E). Fields Decl. at ¶ 12. As elaborated below, Defendant appropriately determined that these six pages of records were properly withheld in their entirety.

**B.    Exemption (b)(2).**

Pursuant to 5 U.S.C. § 552(b)(2) (" Exemption 2"), the Government is not required to disclose records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Dept. of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992); Truesdale v. U.S. Dept. of

---

[3] The TECS is one of two database systems maintained by Defendant. Fields Decl. at ¶ 16. The other one is called "Investigations Records Systems" ("IRS"). Id. However, all IRS records are linked to the TECS and, therefore, a search in the TECS would cover all responsive information (if it exists) in the IRS. Fields Decl. at ¶ 16.

Justice, 2005 WL 3294004, *4 - 5 (D.D.C. Dec. 5, 2005); Dorsett v. U.S. Dept. of Treasury, 307 F. Supp.2d 28, 35-36 (D.D.C. 2004); Edmonds v. F.B.I., 272 F. Supp.2d 35, 50 (D.D.C. 2003).

Depending upon the nature of the information, documents will fall within either the "low (b)(2) category" or the "high (b)(2) category." Schiller, 964 F.2d at 1207.

### 1.    Low (b)(2) Exemption

Defendant applied the "low (b)(2)" exemption to withhold administrative and internal agency codes from Plaintiff. Predominantly internal records that deal with trivial administrative matters fall under the "low 2" exemption. Long v. U.S. Dept. of Justice, 450 F. Supp.2d 42, 54 (D.D.C. 2006); Judicial Watch, Inc. v. U.S. Dept. of Commerce, 337 F. Supp.2d 146, 165 (D.D.C. 2004) (noting that Exemption 2 applies to trivial internal matters, which is often referred to as "low 2" information).

Here, invoking the "low (b)(2)" exemption, Defendant withheld information that pertains primarily to administrative matters. Specifically, Defendant withheld certain types of codes that appeared in TECS records; case/file numbers; report numbers; class numbers; source symbol numbers; case program codes; TECS access codes; classification codes; TECS identification numbers; investigative distribution codes; TECS computer function commands; and other administrative codes. Fields Decl. at ¶ 18. These codes are used for purposes of indexing, storing, locating, retrieving and distributing information in ICE investigative files. Fields Decl. at ¶ 18. These codes have internal significance to Defendant but they are merely trivial information to the public. Id. These codes do not reveal the substantive content of the records. Id. Therefore, the disclosure of these codes to the public would not assist the public in understanding how ICE is carrying out its statutory responsibilities.

Furthermore, invoking the "low (b)(2)" exemption, Defendant withheld the telephone numbers of certain Special Agents. Field Decl. at ¶ 18. These telephone numbers are used by various personnel (including the Special Agents) in the performance of their duties. Id. The disclosure of these telephone numbers would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Moreover, release of the Special Agents' direct telephone numbers could subject them to harassing telephone calls, which would impair their ability to conduct agency business. Fields Decl. at ¶ 18.

### 2.    High (b)(2) Exemption.

Defendant invoked the "high (b)(2)" exemption to withhold internal information on the TECS printouts to prevent circumvention of an on-going investigation. Fields Decl. at ¶ 19.

An agency may withhold information as "high 2" if it demonstrates that "(1) the withheld information is "predominantly internal" and (2) disclosure of the information would "significantly risk[] circumvention of agency regulations or statutes." Judicial Watch, Inc. v. U.S. Dept. of Commerce, 337 F. Supp2d at 165. In light of Exemption 2's anti-circumvention purpose, public interest in the disclosure is legally irrelevant. Instead, the focus is on whether disclosure will "benefit those attempting to violate the law and avoid detection." Id.

Here, Defendant invoked the "high (b)(2)" exemption to withhold codes that serve a dual purposes of indexing, retrieving and distributing information and also identifying the various aspects of the enforcement case (*i.e.*, whether or not the subject should undergo close inspection). Fields Decl. at ¶ 19. These codes also show the distribution of information relating to the case (which would indicate the scope and relative size of the investigation in terms of agency resources); the types of activity being investigated; and the location of investigative efforts. Fields Decl. at ¶ 19. The disclosure of these codes could assist third parties in

deciphering the meaning of the codes, which could potentially impede an ongoing investigation and also pose a danger to ICE personnel. Fields Decl. at ¶ 19.

The disclosure of these codes could also allow unauthorized parties to gain improper access to the TECS system and enable them to navigate the system. Id. Such improper access would reveal sensitive law enforcement information relating to ongoing investigations and could result in the alteration or deletion of valuable information contained in the system. Fields Decl. at ¶ 19. This would jeopardize the integrity of the system. Such codes include the case program codes and access codes. Id. Therefore, Defendant properly invoked Exemption (b)(2) to withold these types of codes.

### C. Exemption 7(A).

Defendant invoked Exemption 7(A) to withhold information pertaining to an on-going investigation involving Plaintiff. Under Exemption 7(A), the agency may withhold from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production ... could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); see Antonelli v. ATF, 2005 WL 3276222, * 4 (D.D.C. Aug. 16, 2005) (Kollar-Kotelly, J.). To properly invoke Exemption 7(A), the agency must demonstrate that "'disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated.'" Id. (quoting Mapother v. Dep't of Justice, 3 F.3d 1533, 1540 (D.C. Cir.1993)).

Here, Plaintiff is currently under a criminal investigation. Fields Decl. at ¶ 22. Therefore, any release of information pertaining to this investigation could reasonably be expected to interfere with this open and pending criminal investigation. Id. Under these facts, Defendant properly applied Exemption 7(A) to withhold information which if disclosed would

9

interfere with a criminal investigation of Plaintiff.

**D.    Exemption 7(C).**

Defendant invoked Exemption 7(C) to protect the identities of ICE Special Agents that appear on the TECS printouts. Exemption 7C protects records compiled for law enforcement purposes whenever disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also Manchester v. F.B.I., 2005 WL 3275802, * 4 (D.D.C. 2005. Aug. 09, 2005). In determining whether a privacy interest exists in records related to law-enforcement agencies, it is well established that "'the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." Burke v. Dep't of Justice, 1999 WL 1032814, * 6 (D.D.C. 1999 Sept. 30, 1999) (quoting Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir.1990)).

In this case, invoking Exemption 7(C), Defendant withheld the names of ICE Special Agents appearing in the TECS printouts. Fields Decl. at ¶ 23. These Special Agents handle a myriad of tasks relating to official investigations into the criminal activities of third parties. Id. These agents are in positions of access to information regarding official law enforcement investigations. Id. If their identities are disclosed, they could be harassed. Fields Decl. at ¶ 23. On the other hand, there is no public interest to be served by releasing the identities of these Special Agents. Id.

Defendant also invoked Exemption 7(C) to withhold the name of third parties appearing in the TECS printout. Fields Decl. at ¶ 23. These third parties are subjects of investigations or persons who provided information or other cooperation to the government. Id. A disclosure of their identities could subject them to harassment or physical danger. Id. Accordingly, Defendant properly invoked Exemption 7(C) to protect the privacy interests of ICE Special Agents and

other third parties whose identities appear on the TECS printouts.

### E. Exemption 7(E).

Defendant invoked Exemption 7(E) to withhold law enforcement information, including procedures and guidelines for law enforcement investigations and prosecutions. Fields Decl. at ¶ 24.

Exemption (b)(7)(E) provides for the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); Brunetti v. F.B.I., 357 F. Supp. 2d 97, 108 (D.D.C. 2004). To properly invoke Exemption (b)(7)(E), an agency must show that the requested materials were compiled "for law enforcement purposes" and that disclosure of the materials would cause the harm that Exemption (b)(7)(E) is designed to prevent. Morley v. C.I.A., 453 F.Supp.2d 137, 156 (D.D.C. 2006).

In this case, Defendant seeks to protect certain law enforcement techniques from public disclosure. Specifically, Defendant employed certain law enforcement techniques designed to obtain information about Plaintiff in furtherance of the government's on-going criminal investigation of Plaintiff. Fields Decl. at ¶ 24. These techniques involved cooperative arrangements between ICE and other federal agencies and inter-agency communications. Id. These communications would prompt specific actions on the part of agency employees. Fields Decl. at ¶ 24. The disclosure of these techniques could adversely affect future investigations of Plaintiff and other potential targets by giving them the ability to anticipate the circumstances

under which such techniques could be employed and, therefore, they could circumvent those techniques. Id. Furthermore, release of this information would negatively impact the future effectiveness of these investigative techniques. Id. Accordingly, Defendant properly applied Exemption 7(E) to withhold information pertaining to law enforcement techniques.

### F.     Segregability.

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided ... after deletion of the portions which are exempt." 5 U.S.C. § 552(b); see Nat'l Sec. Archive Fund, Inc. v. C.I.A., 402 F. Supp.2d 211, 216 (D.D.C. 2005). The D.C. Circuit has made clear that "'[t]he 'segregability' requirement applies to all documents and all exemptions in the FOIA.'" Id. (quoting Ctr. for Auto Safety v. EPA, 731 F.2d 16, 21 (D.C.Cir.1984)). Agencies cannot withhold entire documents unless they can demonstrate that the non-exempt portions of a document are "'inextricably intertwined with exempt portions.'" Nat'l Sec. Archive Fund, 402 F. Supp.2d at 216 (quoting Trans-Pacific Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1027 (D.C.Cir.1999)).

Here, in response to Plaintiff's FOIA request, Defendant found six pages of responsive records. Fields Decl. at ¶ 16. As discussed above, Defendant invoked Exemptions (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E) to withhold these six pages of records in their entirety. In making the decision to withhold these documents entirely, Mr. Marshal Fields, Chief of FOIA/PA Section, reviewed these documents to determine whether any portion of these documents could be released. Fields Decl. at ¶ 25. Mr. Fields determined that the documents could not be segregated. Specifically, he determined that the non-exempted materials were so inextricably intertwined with the exempt portions that any release of the non-exempt portions could lead one to identify the individuals, techniques, entities, or other information properly

12

protected under various FOIA exemptions. Fields Decl. at ¶25. Based on this assessment, Mr. Fields decided to withhold the documents in their entirety.

### V. Conclusion

For the foregoing reasons, the Court should find that Defendant adequately searched for responsive documents in response to Plaintiff's FOIA request; that Defendant properly withheld six pages of documents in their entirety under FOIA Exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E); and that Defendant appropriately determined that the non-exempt information could not be segregated from the properly exempted information. On these bases, the Court should grant summary judgment in Defendant's favor and dismiss this case with prejudice.

Dated: February 20, 2007.                Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant