Office of Investigations

U.S. Department of Homeland Security
1800 F Street, NW
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

DIS 2-01 OI:MS:ID
06-LITI-26180 MHF
X06-FOIA-22113 AAA
X04-FOIA-15780 AAA

NOV 16 2006

Mr. Daniel Kinburn
Physicians Committee for Responsible Medicine
5100 Wisconsin Avenue, N.W., Suite 400
Washington D.C. 20016

Dear Mr. Kinburn:

This is a supplemental response to your Freedom of Information Act (FOIA) request dated March 21, 2006, and Dr. Neal D. Barnard's requests dated August 8, 2003 and July 20, 2005, requesting access to records pertaining to Dr. Barnard.

This office has now had an opportunity to closely re-examine the specifics of your FOIA requests, and conduct further inquires as to the existence of responsive records in light of our August 5, 2006 response to you (case #: 04-FOIA-15780). We have determined that any records responsive to your request are exempt from disclosure, in their entirety, pursuant to exemptions (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E) of the FOIA.

Although we are aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, we are required by statute and regulation to inform you of your right to file an administrative appeal. You may appeal this decision, in writing, within 35 days after the date of this notification to the Privacy Office, Attn: FOIA Appeals, Department of Homeland Security, 245 Murray Lane, SW, Building 410, Washington, DC 20528. Please include with your letter of appeal a copy of this response letter. Please reference case number 06-LITI-26180.



GOVERNMENT EXHIBIT 9

Mr. Daniel Kinburn
Page 2

Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA, your right to administrative appeal and judicial review.

Sincerely,

Gloria Marshall
Chief, Information Disclosure Unit
Mission Support Division
Office of Investigations

Enclosure



**PCRM**
PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE

5100 WISCONSIN AVENUE, N.W., SUITE 400
WASHINGTON, DC 20016
T: (202) 686-2210  F: (202) 686-2216
PCRM@PCRM.ORG  WWW.PCRM.ORG

**DANIEL KINBURN**
General Counsel
Writer's Direct Number: (202) 686-2210 ext. 308
Writer's Direct Fax: (202) 686-2155
Writer's E-Mail: DKinburn@pcrm.org

November 30, 2006

BY REGULAR MAIL AND FACSIMILE (571-227-1125)

Privacy Office
Attn: FOIA Appeals
Department of Homeland Security
245 Murray Lane, SW, Building 410
Washington, DC 20528

    Re:    Freedom of Information Act / Privacy Act Appeal for # 06-LITI-26180

Dear Privacy Office:

    This letter constitutes an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and implementing regulations, 6 C.F.R. §§ 5.9, 5.25, of the denial by U.S. Immigrations and Customs Enforcement ("ICE"), in its supplemental response dated November 16, 2006, of Neal D. Barnard's FOIA and Privacy Act request of March 21, 2006.

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime Telephone: | (202) 686-2210, ext. 303 |
| Date of Birth: | July 10, 1953 |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 5 C.F.R. §§ 5.3(a), 5.21(d).

    As ICE recognized in its supplemental response, Dr. Barnard has, since 2003, repeatedly requested records pertaining to himself and maintained by various United States Customs agencies. His most recent request, dated March 16, 2006, a copy of which is attached and hereby incorporated into this appeal, set forth a detailed account of twelve instances in which Dr.

GOVERNMENT EXHIBIT 10

Privacy Office
November 30, 2006
Page 2

Barnard was detained for questioning by U.S. Customs officers. After much delay, ICE advised on August 5, 2006, that it had "no records responsive" to Dr. Barnard's request.

Shortly after Dr. Barnard filed a FOIA-based lawsuit for injunctive relief ordering the Department of Homeland Security to release the requested records, ICE "had an opportunity to closely re-examine the specifics" of Dr. Barnard's various requests. Without providing any particularity or specificity, ICE then denied Dr. Barnard's requests, stating that "any records responsive to your request are exempt from disclosure, in their entirety, pursuant to exemptions (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E) of the FOIA."

Dr. Barnard objects to ICE's reliance on statutory exemptions as a basis for wholesale withholding of documents. The exemptions included in FOIA are discretionary, not mandatory. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979) ("We simply hold here that Congress did not design the FOIA exemptions to be mandatory bars to disclosure."); *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 282 (D.C. Cir. 1997) ("FOIA's exemptions simply permit, but do not require, an agency to withhold exempted information from the public."); *Mobil Oil Corp. v. EPA*, 879 F.2d 698, 700 (9th Cir. 1989) ("The exemptions are permissive, and an agency may voluntarily release information that it would be permitted to withhold under the FOIA exemptions."). To the extent that ICE has correctly categorized certain requested documents, it is not *required* to withhold them on those grounds. ICE's categorical withholding of documents defies the very purpose of FOIA, which "was to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Rose v. Dep't of Air Force*, 495 F.2d 261, 263 (2d Cir. 1974).

Further, "an entire document is not exempt merely because an isolated portion need not be disclosed. Thus the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information." *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973). Accordingly, FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under" the statute. 5 U.S.C. § 552(b). Here, however, ICE did not segregate any portions of the requested documents from those portions that it might claim are exempt. Instead, ICE has asserted that *all* portions of *any* requested documents cannot be produced.

Therefore, Dr. Barnard appeals ICE's denial of his request. ICE's citation of FOIA exemptions (b)(2) ("internal personnel rules and practices of an agency"), (b)(7)(A) (records compiled for law enforcement purposes pertaining to enforcement proceedings), (b)(7)(C) (law enforcement records that could constitute an unwarranted invasion of personal privacy), and (b)(7)(E) (law enforcement records that would disclose techniques, procedures, or guidelines in such a manner to risk circumvention of the law) is overbroad and lacks specificity. Additionally, exemption on the basis of (b)(7)(C) is inappropriate given that Dr. Barnard is the subject of the records and specifically requested their release under the Privacy Act.

Privacy Office
November 30, 2006
Page 3

      As provided in 5 U.S.C. § 552(a)(6)(C)(ii), Dr. Barnard awaits a reply of this administrative appeal within twenty working days. As ICE is aware, on August 7, 2006, Dr. Barnard filed a FOIA/Privacy Act lawsuit in the United States District Court for the District of Columbia against the Department of Homeland Security for ICE's failure to produce the requested records. If this appeal is denied, Dr. Barnard will amend that complaint accordingly.

      If you have any questions or comments, please call.

Very truly yours,

Daniel Kinburn

      I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury that the foregoing is true and correct. Executed on November 30, 2006.

Neal D. Barnard, M.D.

DK/mk
Enclosures



U.S. Department of Homeland Security
Washington, DC 20528

# Homeland Security

December 20, 2006

Mr. Daniel Kinburn
PCRM
5100 Wisconsin Avenue, N.W.
Suite 400
Washington, DC 20016

Dear Mr. Kinburn:

On behalf of the Associate General Counsel of the General Law Division at the Department of Homeland Security's Office of the General Counsel we acknowledge your Freedom of Information Act/Privacy Act appeal of the action taken by the Department of Homeland Security, Immigration and Customs Enforcement (ICE) on the denial of your requested information. For tracking purposes, we have assigned your appeal number 07-41.

We make every effort to process appeals on a timely basis, but in order of receipt. There are a number of appeals ahead of yours and so there may be some delay in adjudicating this matter. Nevertheless, we want to assure you that we will take action as soon as we can.

Sincerely,

/S/

Erica G. Perel, Esq.
General Law Division
Office of the General Counsel
U.S. Department of Homeland Security



GOVERNMENT EXHIBIT 11