# Exhibit 1

 **U.S. Customs Service**

1300 Pennsylvania Avenue, N.W.    Washington, D.C. 20229

JAN 1 6 2003

DIS 6 OI:APP:ID
03-TC-11027 SBP

Neal D. Barnard, M.D.
5500 Friendship Boulevard
Chevy Chase, Maryland 20815

Dear Dr. Barnard:

This is in further reference to your letter dated January 9, 2003, wherein you expressed concerns regarding problems you have been experiencing clearing Customs when returning to the United States from foreign travel.

Please be assured that it is not the intent of the U.S. Customs Service to subject travelers to unwarranted scrutiny. You are entitled to the utmost courtesy and professionalism that can be offered within the limits of our enforcement responsibilities. However, we trust that individuals like yourself will understand that the mission of the Customs Service is, not only to ensure the security and protection of our borders in the highest tradition, but also to serve the traveling public to the best of our ability, while providing maximum service with minimum interruptions. These two positive objectives sometimes overlap and necessitate some inconvenience in the processing of travelers.

Please be advised that our review of the Treasury Enforcement Communications System (TECS), which houses the Interagency Border Inspection System (IBIS), leads us to believe there are two situations that are altering the routine nature of your Customs processing. First, as you can imagine, the September 11, 2001, attack on our Nation has placed all of our airports, seaports and land border crossings on a high state of alert, which means that travelers are being more intensely examined than ever before. This elevated level of scrutiny is essential to the public's confidence that the government has indeed made their safety and security a premier concern. Second, if you are traveling frequently to and from the United States, your repetitive entry and exit can increase the likelihood that you may receive a higher level of scrutiny than would normally be the case. This is due to a random selection process that is directly based on travel frequency. Under either of these two circumstances, we routinely rely on the independent judgement of our Customs officers to determine the extent of examination necessary in order to satisfy any inquiries and concerns they

T R A D I T I O N

S E R V I C E

H O N O R

- 2 -

may have.  That examination can many times include an array of screening tools and methodologies, as well as interview techniques, which we always attempt to employ in a professional and accurate manner.

Should you have any further questions regarding these matters, please feel free to contact my Assistant Director, Stephen Plitman, at (202) 927-0970.

Sincerely,

Gloria L. Marshall
Director, Information Disclosure
Administration, Planning and Policy
Office of Investigations

# Exhibit 2

# FREEDOM OF INFORMATION ACT REQUEST

Neal D. Barnard, M.D.
5500 Friendship Blvd.
Apt. 1112-N
Chevy Chase, MD 20815

August 8, 2003

U.S. Customs Service
1300 Pennsylvania Avenue, NW
Washington, DC 20229

Dear FOIA Officer:

I make this following request under the Freedom of Information Act, 5 U.S.C. § 552, as may be revised and/or updated. I respectfully request that you provide me with a copy of all documents that can be found in any file, or in any form, maintained on or about:

Neal Dana Barnard, M.D.

████████████

I request a readable and legible copy of documents in any file, or any form, that is maintained with any references to me, my name, or my activities, character or associations.

Should any documents be denied in whole or in part, please specify which exemptions you claim for each passage or whole document denied. Also, please provide me with a complete itemized inventory and fully detailed factual justification of any total or partial denials of such documents. Specify all page numbers (including total) in each document.

Should any classified material be denied, please include the following information: the specific classification (top secret, secret, or confidential), identity of the classifier, date for automatic declassification, classification downgrading or review, the identity of any official authorizing any extension of automatic classification within the past six (6) years, and, the reasons for any extended declassification.

In the event you redact materials, please "black out" the material rather than "white out" or "cut out." Please make sure that, pursuant to the Freedom of Information Act, the remaining nonexempt portions of documents are released.

This request should qualify for a waiver of all fees since the release of the requested materials will primarily benefit the general public and be in the public interest, and I am not requesting this information for commercial use. In the event my fee waiver request is

denied, I am willing to pay lawful fees for search and copying of the requested information up to $100.00, including postage. Please inform me if the estimated fees will exceed this limit so that I can decide whether to appeal for waiver of the fees.

Thank you for prompt attention to my request. I look forward to receiving your response within the next 20 business days, as required by law.

Sincerely,

Neal D. Barnard, M.D.
202-686-2210, ext. 303 (w)


DISTRICT OF COLUMBIA

Subscribed and Sworn to before me this _11TH_ day of, _AUGUST_____, 2003.




_____
Signature of Notary Public

Alan Heymann_____
Typed Name of Notary Public

My commission expires _APRIL 14, 2007_

2

# Exhibit 3

# FREEDOM OF INFORMATION ACT REQUEST

Neal D. Barnard, M.D.
5500 Friendship Blvd.
Apt. 1112-N
Chevy Chase, MD 20815

August 8, 2003

Chief, FOIA/PA Section
Federal Bureau of Investigation
Washington Metropolitan Field Office
601 4th Street, NW
Washington, DC 20535-0002

Dear FOIA Officer:

I make this following request under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, as may be revised and/or updated.

I respectfully request that you provide me with a copy of all documents in any file, or in any form, maintained on or about:

Neal Dana Barnard, M.D.
████████████████

I request a readable and legible copy of documents in any file, or any form, that is maintained with any references to me, my name, or my activities, character or associations. This request specifically includes all "main" files and "see references" but is not limited to numbered and lettered sub-files, 1A envelopes, enclosures behind files (EBF's), bulky exhibits, control files, and "JUNE" files and reports. I want all of these records to be produced with all administrative markings and reports to include all administrative pages.

I wish to be provided with and sent copies, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document if they appear in a file, and tapes of any electronic surveillance. Please search "DO NOT FILE" files, special file rooms and offices of FBI officials, and SAC safes. I want ALL pages released regardless of the extent of redacting, if any, even if all that remains are the administrative markings and/or stationary headings. In addition to the General Index, please search the ELSUR index.

In addition, please place any and all "missing files" relating to this request on "special locate" and advise me that you have done so.

Should any documents be denied in whole or in part, please specify which exemptions you claim for each passage or whole document denied. Also, please provide me with a complete itemized inventory and fully detailed factual justification of any total or partial denials of such documents. Specify all page numbers (including total) in each document.

Should any classified material be denied, please include the following information: the specific classification (top secret, secret, or confidential), identity of the classifier, date for automatic declassification, classification downgrading or review, the identity of any official authorizing any extension of automatic classification within the past six (6) years, and, the reasons for any extended declassification.

In the event you redact materials, please "black out" the material rather than "white out" or "cut out." Please make sure that, pursuant to the Freedom of Information Act, the remaining nonexempt portions of documents are released.

This request should qualify for a waiver of all fees since the release of the requested materials will primarily benefit the general public and be in the public interest, and I am not requesting this information for commercial use. In the event my fee waiver request is denied, I am willing to pay lawful fees for search and copying of the requested information up to $100.00, including postage. Please inform me if the estimated fees will exceed this limit so that I can decide whether to appeal for waiver of the fees.

Thank you for prompt attention to my request. I look forward to receiving your response within the next 20 business days, as required by law.

Sincerely,

Neal D. Barnard, MD
202-686-2210, ext. 303 (w)


DISTRICT OF COLUMBIA
Subscribed and Sworn to before me this *11TH* day of, *AUGUST* , 2003.



_____
Signature of Notary Public

Alan Heymann
Typed Name of Notary Public

My commission expires *4/14/2007*

2

# FREEDOM OF INFORMATION ACT REQUEST

Neal D. Barnard, M.D.
5500 Friendship Blvd., Apt. 1112-N
Chevy Chase, MD 20815

August 8, 2003

Chief, FOIA/PA Section
Federal Bureau of Investigation/Richmond
1970 E. Parham Road
Richmond, Virginia 23228

Dear FOIA Officer:

I make this following request under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, as may be revised and/or updated.

I respectfully request that you provide me with a copy of all documents in any file, or in any form, maintained on or about:

Neal Dana Barnard, M.D.
███████████████

I request a readable and legible copy of documents in any file, or any form, that is maintained with any references to me, my name, or my activities, character or associations. This request specifically includes all "main" files and "see references" but is not limited to numbered and lettered sub-files, 1A envelopes, enclosures behind files (EBF's), bulky exhibits, control files, and "JUNE" files and reports. I want all of these records to be produced with all administrative markings and reports to include all administrative pages.

I wish to be provided with and sent copies, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document if they appear in a file, and tapes of any electronic surveillance. Please search "DO NOT FILE" files, special file rooms and offices of FBI officials, and SAC safes. I want ALL pages released regardless of the extent of redacting, if any, even if all that remains are the administrative markings and/or stationary headings. In addition to the General Index, please search the ELSUR index.

In addition, please place any and all "missing files" relating to this request on "special locate" and advise me that you have done so.

Should any documents be denied in whole or in part, please specify which exemptions you claim for each passage or whole document denied. Also, please provide me with a

complete itemized inventory and fully detailed factual justification of any total or partial denials of such documents. Specify all page numbers (including total) in each document.

Should any classified material be denied, please include the following information: the specific classification (top secret, secret, or confidential), identity of the classifier, date for automatic declassification, classification downgrading or review, the identity of any official authorizing any extension of automatic classification within the past six (6) years, and, the reasons for any extended declassification.

In the event you redact materials, please "black out" the material rather than "white out" or "cut out." Please make sure that, pursuant to the Freedom of Information Act, the remaining nonexempt portions of documents are released.

This request should qualify for a waiver of all fees since the release of the requested materials will primarily benefit the general public and be in the public interest, and I am not requesting this information for commercial use. In the event my fee waiver request is denied, I am willing to pay lawful fees for search and copying of the requested information up to $100.00, including postage. Please inform me if the estimated fees will exceed this limit so that I can decide whether to appeal for waiver of the fees.

Thank you for prompt attention to my request. I look forward to receiving your response within the next 20 business days, as required by law.

Sincerely,

Neal D. Barnard, MD
202-686-2210, ext. 303 (w)

DISTRICT OF COLUMBIA

Subscribed and Sworn to before me this _11TH_ day of, _AUGUST_____, 2003.


_____
Signature of Notary Public

Alan Heymann
_____
Typed Name of Notary Public

My commission expires _4/14/2007_____

# FREEDOM OF INFORMATION ACT REQUEST

Neal D. Barnard, M.D.
5500 Friendship Blvd., Apt. 1112-N
Chevy Chase, MD 20815

August 8, 2003

Chief, FOIA/PA Section
Federal Bureau of Investigation
150 Corporate Boulevard
Norfolk, VA 23502

Dear FOIA Officer:

I make this following request under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, as may be revised and/or updated.

I respectfully request that you provide me with a copy of all documents in any file, or in any form, maintained on or about:

Neal Dana Barnard, M.D. ████████████

I request a readable and legible copy of documents in any file, or any form, that is maintained with any references to me, my name, or my activities, character or associations. This request specifically includes all "main" files and "see references" but is not limited to numbered and lettered sub-files, 1A envelopes, enclosures behind files (EBF's), bulky exhibits, control files, and "JUNE" files and reports. I want all of these records to be produced with all administrative markings and reports to include all administrative pages.

I wish to be provided with and sent copies, abstracts, search slips (including search slips used to process this request), file covers, multiple copies of the same document if they appear in a file, and tapes of any electronic surveillance. Please search "DO NOT FILE" files, special file rooms and offices of FBI officials, and SAC safes. I want ALL pages released regardless of the extent of redacting, if any, even if all that remains are the administrative markings and/or stationary headings. In addition to the General Index, please search the ELSUR index.

In addition, please place any and all "missing files" relating to this request on "special locate" and advise me that you have done so.

Should any documents be denied in whole or in part, please specify which exemptions you claim for each passage or whole document denied. Also, please provide me with a

complete itemized inventory and fully detailed factual justification of any total or partial denials of such documents. Specify all page numbers (including total) in each document.

Should any classified material be denied, please include the following information: the specific classification (top secret, secret, or confidential), identity of the classifier, date for automatic declassification, classification downgrading or review, the identity of any official authorizing any extension of automatic classification within the past six (6) years, and, the reasons for any extended declassification.

In the event you redact materials, please "black out" the material rather than "white out" or "cut out." Please make sure that, pursuant to the Freedom of Information Act, the remaining nonexempt portions of documents are released.

This request should qualify for a waiver of all fees since the release of the requested materials will primarily benefit the general public and be in the public interest, and I am not requesting this information for commercial use. In the event my fee waiver request is denied, I am willing to pay lawful fees for search and copying of the requested information up to $100.00, including postage. Please inform me if the estimated fees will exceed this limit so that I can decide whether to appeal for waiver of the fees.

Thank you for prompt attention to my request. I look forward to receiving your response within the next 20 business days, as required by law.

Sincerely,

Neal D. Barnard, MD
202-686-2210, ext. 303 (w)


DISTRICT OF COLUMBIA

Subscribed and Sworn to before me this _11TH_ day of, _AUGUST_____, 2003.


_____
Signature of Notary Public

Alan Heymann_____
Typed Name of Notary Public

My commission expires _4/14/2007_____

# FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

Neal D. Barnard, M.D.
5500 Friendship Blvd.
Apt. 1112-N
Chevy Chase, MD 20815

August 8, 2003

Chief, FOIA/PA Section
Federal Bureau of Investigation
J. Edgar Hoover Building
10th and Pennsylvania Ave., NW
Washington, DC   20530-00015

Dear FOIA Officer:

I make this following request under the Freedom of Information Act, 5 U.S.C. § 552, and
the Privacy Act, 5 U.S.C. § 552a, as may be revised and/or updated.

I respectfully request that you provide me with a copy of all documents in any file, or in
any form, maintained on or about:

Neal Dana Barnard, M.D.
█████████████████████

I request a readable and legible copy of documents in any file, or any form, that is
maintained with any references to me, my name, or my activities, character or
associations.  This request specifically includes all "main" files and "see references" but
is not limited to numbered and lettered sub-files, 1A envelopes, enclosures behind files
(EBF's), bulky exhibits, control files, and "JUNE" files and reports.  I want all of these
records to be produced with all administrative markings and reports to include all
administrative pages.

I wish to be provided with and sent copies, abstracts, search slips (including search slips
used to process this request), file covers, multiple copies of the same document if they
appear in a file, and tapes of any electronic surveillance. Please search "DO NOT FILE"
files, special file rooms and offices of FBI officials, and SAC safes. I want ALL pages
released regardless of the extent of redacting, if any, even if all that remains are the
administrative markings and/or stationary headings. In addition to the General Index,
please search the ELSUR index.

In addition, please place any and all "missing files" relating to this request on "special
locate" and advise me that you have done so.

Should any documents be denied in whole or in part, please specify which exemptions you claim for each passage or whole document denied. Also, please provide me with a complete itemized inventory and fully detailed factual justification of any total or partial denials of such documents. Specify all page numbers (including total) in each document.

Should any classified material be denied, please include the following information: the specific classification (top secret, secret, or confidential), identity of the classifier, date for automatic declassification, classification downgrading or review, the identity of any official authorizing any extension of automatic classification within the past six (6) years, and, the reasons for any extended declassification.

In the event you redact materials, please "black out" the material rather than "white out" or "cut out." Please make sure that, pursuant to the Freedom of Information Act, the remaining nonexempt portions of documents are released.

This request should qualify for a waiver of all fees since the release of the requested materials will primarily benefit the general public and be in the public interest, and I am not requesting this information for commercial use. In the event my fee waiver request is denied, I am willing to pay lawful fees for search and copying of the requested information up to $100.00, including postage. Please inform me if the estimated fees will exceed this limit so that I can decide whether to appeal for waiver of the fees.

Thank you for prompt attention to my request. I look forward to receiving your response within the next 20 business days, as required by law.

Sincerely,

Neal D. Barnard, MD
202-686-2210, ext. 303 (w)

DISTRICT OF COLUMBIA
Subscribed and Sworn to before me this _11TH_ day of, _AUGUST_ _____, 2003.

_____
Signature of Notary Public

Alan Heymann
Typed Name of Notary Public

My commission expires _4/14/2007_ _____

# Exhibit 4



P H Y S I C I A N S
C O M M I T T E E
F O R
R E S P O N S I B L E
M E D I C I N E

5100 WISCONSIN AVENUE, N.W., SUITE 400
WASHINGTON, DC 20016
T: (202) 686-2210 F: (202) 686-2216
PCRM@PCRM.ORG  WWW.PCRM.ORG

**DANIEL KINBURN**
**Associate General Counsel**
**Writer's Direct Number: (202) 686-2210 ext. 308**
**Writer's Direct Fax: (202) 686-2155**
**Writer's E-Mail: DKinburn@pcrm.org**

March 21, 2006

Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

Federal Bureau of Investigation
Washington Metropolitan Field Office
601 4th Street, N.W.
Washington, D.C. 20535

Federal Bureau of Investigation
San Francisco Field Office
450 Golden Gate Avenue
13th Floor
San Francisco, CA 94102-9523

**Re:    REQUEST UNDER FREEDOM OF INFORMATION AND PRIVACY ACTS**

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Department of Justice implementing regulations, 28 C.F.R. §§ 16.3, 16.41, by Neal D. Barnard, M.D.:

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime telephone: | (202) 686-2210, ext. 303 |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 28 C.F.R. § 16.41(d).

Freedom of Information and Privacy Act Request
March 21, 2006
Page 2

I.     **About Neal D. Barnard, M.D.**

Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine ("PCRM"), a 501(c)(3) public charity that advocates preventive health care through better nutrition and by promoting more effective, ethical, and compassionate scientific research. Dr. Barnard is the author of several dozen publications in scientific and medical journals as well as numerous nutrition books for lay readers, and he is frequently called on by news programs to discuss issues related to nutrition, research, and other areas of modern medicine. His activities are reported to over 120,000 physician and lay members in PCRM's quarterly publication, "Good Medicine." Dr. Barnard previously filed a request with the Federal Bureau of Investigation, No. 0982843-000, to which he received a November 18, 2003, letter (the "2003 FBI Letter"), stating that the material "requested is located in an investigative file which is exempt from disclosure pursuant to" 5 U.S.C. 552(b)(7). Dr. Barnard has no commercial interest in the records being sought.

II.     **The Request for Information**

Dr. Barnard seeks disclosure of any records[1] created from January 1, 2000 to the present that were prepared, received, transmitted, collected and/or maintained by the FBI, the National Joint Terrorism Task Force, or any Joint Terrorism Task Force relating or referring to the following:

1.     Any records relating or referring to Dr. Barnard, including but not limited to records that document any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard or his activities;[2]

2.     Any orders, agreements, or instructions to collect information about, monitor, conduct surveillance of, observe, question, interrogate, and/or investigate Dr. Barnard;

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

[2] The term "activities" as used herein includes, but is not limited to, any activities of Dr. Barnard described in Section I above and any advocacy, provision of services, lobbying, organizing, fundraising, meetings, conventions, or campaigns, and any media or communications to, from or about Dr. Barnard in any form (including any oral, written, electronic, or online communications, including but not limited to any books, pamphlets, brochures, newsletters, fundraising letters, correspondence, action alerts, e-mail, web communications, discussion groups, or listservs).

Freedom of Information and Privacy Act Request
March 21, 2006
Page 3

3.     Any records relating or referring to how, why or when Dr. Barnard was selected for collection of information, monitoring, surveillance, observation, questioning, interrogation, and/or investigation;

4.     Any records relating or referring to how collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard was or will be conducted;

5.     Any records relating or referring to the names of any other federal, state, or local government agencies participating in any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard;

6.     Any records relating or referring to the specific role of the National Joint Terrorism Task Force or any local Joint Terrorism Task Force in any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard;

7.     Any records relating or referring to the specific role of any federal, state, or local government agency participating in any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard;

8.     Any records relating or referring to how, why or when collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard was or will be suspended or terminated.

9.     Any records contained in, relating to, or referring to the "investigative file" referenced in the 2003 FBI Letter.

10.    Any records relating or referring to how records about Dr. Barnard have been, will be, or might be used;

11.    Any policies or procedures for analyzing records about Dr. Barnard;

12.    Any policies or procedures for cross-referencing records about Dr. Barnard with information contained in any database;

13.    Any policies or procedures for cross-referencing records about Dr. Barnard with information about any other individuals or organizations;

14.    Any policies or procedures for cross-referencing records about Dr. Barnard with any other information not covered in numbers 10 and 11 above;

Freedom of Information and Privacy Act Request
March 21, 2006
Page 4

15.    Any policies or procedures regarding retention of records about Dr. Barnard;

16.    Any records referring or relating to the destruction of records about Dr. Barnard,
        including any policies permitting or prohibiting the destruction of records;

17.    Any records referring or relating to how records about Dr. Barnard were destroyed
        or might be destroyed in the future;

18.    Any records referring or relating to the recipient(s) of records about Dr. Barnard.

**III.    Limitation of Processing Fees**

Dr. Barnard requests a limitation of processing fees pursuant to 5 U.S.C. §
552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document
duplication when records are not sought for commercial use and the request is made by . . . a
representative of the news media . . .") and 28 C.F.R. §§ 16.11(c)(1)(i), 16.11(d)(1), 16.49
(search and review fees shall not be charged to "representatives of the news media"). As a
"representative of the news media" who lectures frequently and authors articles for numerous
publications, Dr. Barnard fits within this statutory and regulatory mandate. Fees associated with
the processing of this request should, therefore, be limited accordingly.

**IV.    Partial Response or Denial**

If this request is denied in whole or in part, please justify all deletions by reference to
specific exemptions to FOIA or the Privacy Act. Dr. Barnard expects the release of all segregable
portions of otherwise exempt material.

Thank you for your prompt attention to this matter. If you have any questions or
comments, please call.

Very truly yours,

Daniel Kinburn

I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury
that the foregoing is true and correct. Executed on March 21, 2006.

Neal D. Barnard, M.D.

DK/dk
Enclosure

# Exhibit 5

**Neal D. Barnard, MD**
**5500 Friendship Blvd., Apt. 1112-N**
**Chevy Chase, MD 20815**
**Tel: 202-686-2210 (w)**
**Fax: 202-686-2216**

July 20, 2005

Privacy Act/Freedom of Information Act Request
Bureau of Customs and Border Protection
Office of Field Operations, Customer Satisfaction Unit
1300 Pennsylvania Avenue, NW, Suite 5.5 C
Washington, D.C. 20229

**PRIVACY ACT/FOI ACT REQUEST**

Dear FOI/PA Officer:

Pursuant to both the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, I request access to and copies of all records about me that are in IBIS or any other system used by the Bureau of Customs and Border Protection at any and all ports of entry to the United States.

To assist with your search for these records, I am providing the following additional information about myself:

Full Name: Neal Dana Barnard
█████████████████████████████████████                                     -

Date and Place of Birth: Ft. Devens, Massachusetts; ████████████████

Since January 2003, I have been repeatedly stopped and questioned by Customs Officers at U.S. Customs in the Toronto, Canada airport and at Dulles International Airport in Washington D.C.  After a Customs Officer scans my passport, I am sent for further security checks where I am questioned and my bags searched. I am detained until an official can "green-light" my exit.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $25. If the estimated fees will be greater than that amount, please contact me by telephone before such expenses are incurred.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions in either act. If you determine that any portions of these documents are exempt under either of these statutes, I will expect you to release the non-exempt portions to me, as the law requires. I reserve the right to appeal your decision to withhold information.

If you have any questions regarding this request, please contact me by telephone. Thank you for your assistance. I will look forward to receiving your reply within 20 business days, as the statute requires.

Sincerely,

Neal D. Barnard, M.D.

District of Columbia : SS
Subscribed and Sworn to before me, in my presence,

this 26 day of July , 2005

Ronald S. Little, Notary Public, D.C.
My commission expires May 31, 2009

# Exhibit 6



PHYSICIANS
COMMITTEE
FOR
RESPONSIBLE
MEDICINE

5100 WISCONSIN AVENUE, N.W., SUITE 400
WASHINGTON, DC 20016
T: (202) 686-2210 F: (202) 686-2216
PCRM@PCRM.ORG   WWW.PCRM.ORG

**DANIEL KINBURN**
**Associate General Counsel**
**Writer's Direct Number: (202) 686-2210 ext. 308**
**Writer's Direct Fax: (202) 686-2155**
**Writer's E-Mail: DKinburn@pcrm.org**

March 21, 2006

FOIA/PA Section
Information Disclosure Unit
Mission Support Division
Office of Investigations
U.S. Immigrations and Customs Enforcement
425 I Street, NW - Room 4038
Washington, D.C. 20536

Re:    **REQUEST UNDER FREEDOM OF INFORMATION AND PRIVACY ACTS**

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Department of Homeland Security implementing regulations, 6 C.F.R. §§ 5.3, 5.21, by Neal D. Barnard, M.D.:

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime Telephone: | (202) 686-2210, ext. 303 |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 5 C.F.R. §§ 5.3(a), 5.21(d).

I.     **About Neal D. Barnard, M.D.**

Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine ("PCRM"), a 501(c)(3) public charity that advocates preventive health care through better nutrition and by promoting more effective, ethical, and compassionate scientific research. Dr. Barnard is the author of several dozen publications in scientific and medical journals as well as numerous nutrition books for lay readers, and he is frequently called on by news programs to discuss issues related to nutrition, research, and other areas of modern

Freedom of Information and Privacy Act Request
March 21, 2006
Page 2

medicine. His activities are reported to over 120,000 physician and lay members in PCRM's quarterly publication, "Good Medicine." Dr. Barnard previously filed a request with U.S. Customs and Border Projection ("CBP"), No. "DIS-6-OFO:FP RR; 2005T2952," to which he received a letter, dated August 15, 2005, advising him to contact Immigrations and Customs Enforcement for information on the records requested below. Dr. Barnard has no commercial interest in the records being sought.

## II.    **The Request for Information**

Dr. Barnard seeks disclosure of any records[1] created from January 1, 2002 to the present that were prepared, received, transmitted, collected and/or maintained by Immigrations and Customs Enforcement relating or referring to the following:

1.    Any records relating or referring to Dr. Barnard, including but not limited to records that document any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard or his activities;[2]

2.    Any orders, agreements, or instructions to collect information about, monitor, conduct surveillance of, observe, question, interrogate, and/or investigate Dr. Barnard;

3.    Any records relating or referring to how, why or when Dr. Barnard was selected for collection of information, monitoring, surveillance, observation, questioning, interrogation, and/or investigation;

4.    Any records relating or referring to Dr. Barnard's selection for collection of information, monitoring, surveillance, observation, questioning, interrogation, and/or investigation at the following times:

a.    January 4, 2003: CBP officials questioned, searched, and delayed Dr. Barnard for 20 minutes upon his return from vacation abroad. Officials informed him that his passport had been flagged for scrutiny.

---

[1] The term "records" as used herein includes all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

[2] The term "activities" as used herein includes, but is not limited to, any activities of Dr. Barnard described in Section I above and any advocacy, provision of services, lobbying, organizing, fundraising, meetings, conventions, or campaigns, and any media or communications to, from or about Dr. Barnard in any form (including any oral, written, electronic, or online communications, including but not limited to any books, pamphlets, brochures, newsletters, fundraising letters, correspondence, action alerts, e-mail, web communications, discussion groups, or listservs).

Freedom of Information and Privacy Act Request
March 21, 2006
Page 3

b.  May 10, 2003: CBP officials detained Dr. Barnard at Toronto Pearson International Airport for 20 to 30 minutes, interrogated him about the nature of his work, and searched his belongs. At this time, Dr. Barnard observed "Terrorist Organization Member - Caution" in large block letters on the CBP computer screen;

c.  June 3, 2003: CBP officials searched and questioned Dr. Barnard at Dulles International Airport for 30 minutes upon his return from a vacation in Europe. Officials searched Dr. Barnard's baggage and removed, to make photocopies, a personal calendar and address book, correspondence, and a job applicant's résumé;

d.  July 16, 2003: CBP officials detained Dr. Barnard in the screening room at Toronto Pearson International Airport for questioning for more than 20 minutes;

e.  August 28, 2003: CBP officials, including Officers Weimer and Hanna, delayed and screened Dr. Barnard for 15 minutes at Toronto Pearson International Airport, at which time Dr. Barnard observed the "Terrorist Organization Member" notice on the CBP computer screen;

f.  January 3, 2004: CBP Officers Tweed and Grove stopped Dr. Barnard at Dulles International Airport upon his return from the United Kingdom and searched his baggage;

g.  September 10, 2004: Upon Dr. Barnard's return from a trip to Belgium and France, CBP Officer Berg marked a yellow line on Dr. Barnard's customs card, after which Officer Greskovic searched his baggage;

h.  January 1, 2005: CBP officials delayed Dr. Barnard for 30 minutes upon his return from a trip to the United Kingdom. After Officer Messina marked a yellow line on Dr. Barnard's customs card, Officers Cromwell and Perlas searched his baggage;

i.  May 13, 2005: Police officers briefly detained Dr. Barnard as he checked in with Air France at Dulles International Airport because his name appeared on a "no-fly" list;

j.  May 28, 2005: CBP officials delayed Dr. Barnard for 12 minutes at Dulles International Airport upon his return from France. Officer Wilkinson marked a yellow line on Dr. Barnard's customs card and Officers Stuart and Greene, assisted by a third officer, checked his passport, after which Officer Stuart searched his baggage;

Freedom of Information and Privacy Act Request
March 21, 2006
Page 4

> k.    August 27, 2005: CBP Officers Ulloa, Miller, Comas, and Brodie delayed, questioned, and searched Dr. Barnard for 20 minutes at Dulles International Airport upon his return from Marseilles;
>
> l.    September 22, 2005: While checking in at Dulles International Airport, Dr. Barnard learned from United Airlines that his name matched the name of a person on the "no-fly" list. Dr. Barnard was later sidelined for screening and inspected by Earle Biassey;

5.    Any records relating or referring to any "no-fly" or other lists that include Dr. Barnard's name and that would cause him to be stopped, searched, and/or screened by CBP during international travel in the ways described in number 4 above.

6.    Any records relating or referring to how collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard was or will be conducted;

7.    Any records relating or referring to the names of any other federal, state, or local government agencies participating in any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard;

8.    Any records relating or referring to the specific role of any federal, state, or local government agency participating in any collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard;

9.    Any records relating or referring to how, why or when collection of information about, monitoring, surveillance, observation, questioning, interrogation, and/or investigation of Dr. Barnard was or will be suspended or terminated.

10.    Any records relating or referring to how records about Dr. Barnard have been, will be, or might be used;

11.    Any policies or procedures for analyzing records about Dr. Barnard;

12.    Any policies or procedures for cross-referencing records about Dr. Barnard with information contained in any database;

13.    Any policies or procedures for cross-referencing records about Dr. Barnard with information about any other individuals or organizations;

14.    Any policies or procedures for cross-referencing records about Dr. Barnard with any other information not covered in numbers 10 and 11 above;

15.    Any policies or procedures regarding retention of records about Dr. Barnard;

Freedom of Information and Privacy Act Request
March 21, 2006
Page 5

16.    Any records referring or relating to the destruction of records about Dr. Barnard, including any policies permitting or prohibiting the destruction of records;

17.    Any records referring or relating to how records about Dr. Barnard were destroyed or might be destroyed in the future;

18.    Any records referring or relating to the recipient(s) of records about Dr. Barnard.

## III.    Limitation of Processing Fees

Dr. Barnard requests a limitation or restriction of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . a representative of the news media . . ."), 6 C.F.R. § 5.11(c)(1)(i), (c)(3), (d)(1) (search and review fees shall not be charged to "representatives of the news media"), and 6 C.F.R. § 5.29 (Privacy Act fees will be charged in accordance with 6 C.F.R. § 5.11). As a "representative of the news media" who lectures frequently and authors articles for numerous publications, Dr. Barnard fits within this statutory and regulatory mandate. Fees associated with the processing of this request should, therefore, be limited accordingly.

## IV.    Partial Response or Denial

If this request is denied in whole or in part, please justify all deletions by reference to specific exemptions to FOIA and the Privacy Act. Dr. Barnard expects the release of all segregable portions of otherwise exempt material.

Thank you for your prompt attention to this matter. If you have any questions or comments, please call.

Very truly yours,

Daniel Kinburn

I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury that the foregoing is true and correct. Executed on March 21, 2006.

Neal D. Barnard, M.D.

DK/dk
Enclosure

# Exhibit 7



**PCRM**

| | |
|---|---|
| P H Y S I C I A N S | 5100 WISCONSIN AVENUE, N.W., SUITE 400 |
| C O M M I T T E E | WASHINGTON, DC 20016 |
| F O R | |
| R E S P O N S I B L E | T: (202) 686-2210 F: (202) 686-2216 |
| M E D I C I N E | PCRM@PCRM.ORG  WWW.PCRM.ORG |

**DANIEL KINBURN**
**Associate General Counsel**
**Writer's Direct Number: (202) 686-2210 ext. 308**
**Writer's Direct Fax: (202) 686-2155**
**Writer's E-Mail: DKinburn@pcrm.org**

July 13, 2006

Transportation Security Administration
Freedom of Information Act Office, TSA-20
11th Floor, East Tower
601 South 12th Street
Arlington, VA 22202-4220

Re:   **REQUEST UNDER FREEDOM OF INFORMATION AND PRIVACY ACTS**

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Department of Homeland Security implementing regulations, 6 C.F.R. §§ 5.3, 5.21, by Neal D. Barnard, M.D.:

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime Telephone: | (202) 686-2210, ext. 303 |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 5 C.F.R. §§ 5.3(a), 5.21(d).

I.     **About Neal D. Barnard, M.D.**

Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine ("PCRM"), a 501(c)(3) public charity that advocates preventive health care through better nutrition and by promoting more effective, ethical, and compassionate scientific research. Dr. Barnard is the author of several dozen publications in scientific and medical journals as well as numerous nutrition books for lay readers, and he is frequently called on by news programs to discuss issues related to nutrition, research, and other areas of modern medicine. His activities are reported to over 120,000 physician and lay members in PCRM's quarterly publication, "Good Medicine." Dr. Barnard previously filed a FOIA and Privacy Act

Freedom of Information and Privacy Act Request
July 13, 2006
Page 3

     b.     May 10, 2003: CBP officials detained Dr. Barnard at Toronto Pearson International Airport for 20 to 30 minutes, interrogated him about the nature of his work, and searched his belongs. At this time, Dr. Barnard observed "Terrorist Organization Member - Caution" in large block letters on the CBP computer screen;

     c.     June 3, 2003: CBP officials searched and questioned Dr. Barnard at Dulles International Airport for 30 minutes upon his return from a vacation in Europe. Officials searched Dr. Barnard's baggage and removed, to make photocopies, a personal calendar and address book, correspondence, and a job applicant's résumé;

     d.     July 16, 2003: CBP officials detained Dr. Barnard in the screening room at Toronto Pearson International Airport for questioning for more than 20 minutes;

     e.     August 28, 2003: CBP officials, including Officers Weimer and Hanna, delayed and screened Dr. Barnard for 15 minutes at Toronto Pearson International Airport, at which time Dr. Barnard observed the "Terrorist Organization Member" notice on the CBP computer screen;

     f.     January 3, 2004: CBP Officers Tweed and Grove stopped Dr. Barnard at Dulles International Airport upon his return from the United Kingdom and searched his baggage;

     g.     September 10, 2004: Upon Dr. Barnard's return from a trip to Belgium and France, CBP Officer Berg marked a yellow line on Dr. Barnard's customs card, after which Officer Greskovic searched his baggage;

     h.     January 1, 2005: CBP officials delayed Dr. Barnard for 30 minutes upon his return from a trip to the United Kingdom. After Officer Messina marked a yellow line on Dr. Barnard's customs card, Officers Cromwell and Perlas searched his baggage;

     i.     May 13, 2005: Police officers briefly detained Dr. Barnard as he checked in with Air France at Dulles International Airport because his name appeared on a "no-fly" list;

     j.     May 28, 2005: CBP officials delayed Dr. Barnard for 12 minutes at Dulles International Airport upon his return from France. Officer Wilkinson marked a yellow line on Dr. Barnard's customs card and Officers Stuart and Greene, assisted by a third officer, checked his passport, after which Officer Stuart searched his baggage;

Freedom of Information and Privacy Act Request
July 13, 2006
Page 5

16.    Any records referring or relating to the destruction of records about Dr. Barnard, including any policies permitting or prohibiting the destruction of records;

17.    Any records referring or relating to how records about Dr. Barnard were destroyed or might be destroyed in the future;

18.    Any records referring or relating to the recipient(s) of records about Dr. Barnard.

**III.    Limitation of Processing Fees**

Dr. Barnard requests a limitation or restriction of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . a representative of the news media . . ."), 6 C.F.R. § 5.11(c)(1)(i), (c)(3), (d)(1) (search and review fees shall not be charged to "representatives of the news media"), and 6 C.F.R. § 5.29 (Privacy Act fees will be charged in accordance with 6 C.F.R. § 5.11). As a "representative of the news media" who lectures frequently and authors articles for numerous publications, Dr. Barnard fits within this statutory and regulatory mandate. Fees associated with the processing of this request should, therefore, be limited accordingly.

**IV.    Partial Response or Denial**

If this request is denied in whole or in part, please justify all deletions by reference to specific exemptions to FOIA and the Privacy Act. Dr. Barnard expects the release of all segregable portions of otherwise exempt material.

Thank you for your prompt attention to this matter. If you have any questions or comments, please call.

Very truly yours,

Daniel Kinburn

I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2006.

Neal D. Barnard, M.D.

DK/dk
Enclosure

# Exhibit 8



**PCRM** PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE

5100 WISCONSIN AVENUE, N.W., SUITE 400
WASHINGTON, DC 20016
T: (202) 686-2210 F: (202) 686-2216
PCRM@PCRM.ORG   WWW.PCRM.ORG

**DANIEL KINBURN**
**Associate General Counsel**
**Writer's Direct Number: (202) 686-2210 ext. 308**
**Writer's Direct Fax: (202) 686-2155**
**Writer's E-Mail: DKinburn@pcrm.org**

May 16, 2006

BY REGULAR MAIL

Associate General Counsel (General Law)
Department of Homeland Security
Washington, DC 20528

Re:   Freedom of Information Act / Privacy Act Appeal for # 06-FOIA-22113 TBD

Dear Associate General Counsel:

This letter constitutes an appeal under the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and implementing regulations, 6 C.F.R. §§ 5.9, 5.25, of the denial, through inaction, by U.S. Immigrations and Customs Enforcement ("ICE") of Neal D. Barnard's March 21, 2006, FOIA and Privacy Act request:

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime Telephone: | (202) 686-2210, ext. 303 |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 5 C.F.R. §§ 5.3(a), 5.21(d).

The Freedom of Information Act ("FOIA") provides that each agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination." 5 U.S.C. § 552(a)(6)(A)(i). Similarly, Privacy Act regulations require that "[o]n receipt of a request, a component ordinarily shall send an acknowledgement letter to the requester." 6 C.F.R. § 5.23(a). An agency may extend FOIA's statutory time limit by providing written notice of an extension to the person making the request. 5 U.S.C. § 552(a)(6)(B); 6 C.F.R. § 5.5(c)(1).

Associate General Counsel (General Law)
May 16, 2006
Page 2


ICE acknowledged receipt of Dr. Barnard's request on May 1, 2006, more than 20 working days after receiving his March 21, 2006, request. Dr. Barnard did not, however, receive written notice from ICE of an extension of the statutory time limit. Further, on May 5, 2006, Gerald Crowley of ICE stated that ICE may not be able to assign Dr. Barnard's request, which is currently flagged "TBD," to an ICE official for processing for several months. Mr. Crowley further stated that, upon assignment, ICE may require an additional undetermined number of months to process the request.

FOIA provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i). ICE's failure to timely acknowledge Dr. Barnard's request, inability to respond to the request at any time in the near future, and unwillingness to commit to a definite response date constitutes denial through inaction.

For the foregoing reasons, Dr. Barnard appeals ICE's denial, through inaction, of his FOIA and Privacy Act request. As provided in 5 U.S.C. § 552(a)(6)(A)(ii), Dr. Barnard awaits a reply of this administrative appeal within 20 working days. If this appeal is denied without adequate explanation, Dr. Barnard will initiate a lawsuit to compel disclosure.

If you have any questions or comments, please call.

Very truly yours,

Daniel Kinburn

I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 16, 2006.

Neal D. Barnard, M.D.

DK/mk
Enclosures

# Exhibit 9



**DANIEL KINBURN**
**Associate General Counsel**
**Writer's Direct Number: (202) 686-2210 ext. 308**
**Writer's Direct Fax: (202) 686-2155**
**Writer's E-Mail: DKinburn@pcrm.org**

August 10, 2006

BY REGULAR MAIL

Privacy Office
Attn: FOIA Appeals
Department of Homeland Security
245 Murray Lane, SW, Building 410
Washington, DC 20528

      Re:   Freedom of Information Act / Privacy Act Appeal for # 06-FOIA-22113 AAA

Dear Privacy Office:

      This letter constitutes an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and implementing regulations, 6 C.F.R. §§ 5.9, 5.25, of the inadequacy of the search conducted by U.S. Immigrations and Customs Enforcement ("ICE") in response to Neal D. Barnard's FOIA and Privacy Act request of March 21, 2006.

| | |
|---|---|
| Name: | Neal Dana Barnard, M.D. |
| Current Address: | 5500 Friendship Blvd, Apt. 1112-N |
| | Chevy Chase, MD 20815 |
| Daytime Telephone: | (202) 686-2210, ext. 303 |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | |
| Place of Birth: | Ft. Devens, MA |

Dr. Barnard verifies his identity in accordance with 28 U.S.C. § 1746 and 5 C.F.R. §§ 5.3(a), 5.21(d).

      FOIA and the Privacy Act require an agency to make reasonable efforts to comply with an individual's request for records. FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless certain exemptions apply, *id.* § 552(b). Similarly, in the absence of applicable exemptions, the Privacy

Privacy Office
August 10, 2006
Page 2

Act mandates that each agency shall "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." *Id.* § 552a(d).

ICE has failed to perform an adequate search for the records requested by Dr. Barnard. That request, a copy of which is attached hereto, set forth a detailed account of twelve instances in less than three years in which Dr. Barnard was detained for questioning by U.S. Customs officers during international travel. Without citing any exemptions for withholding records, ICE mere asserted, in its letter of August 5, 2006, that it has "no records responsive" to Dr. Barnard's request. ICE also stated "that it is not [ICE's] intent to subject the traveling public to unwarranted scrutiny." Therefore, one must conclude that 1) ICE consistently targets Dr. Barnard for detention and questioning for absolutely no reason; or 2) ICE has not adequately searched for the records Dr. Barnard has requested.

Given the unlikelihood of ICE taking the former position, Dr. Barnard hereby appeals the inadequacy of ICE's response to his request. As provided in 5 U.S.C. § 552(a)(6)(C)(ii), Dr. Barnard awaits a reply of this administrative appeal within 20 working days. Please be aware that on August 7, 2006, Dr. Barnard filed a FOIA/Privacy Act lawsuit in the United States District Court for the District of Columbia against the Department of Homeland Security for ICE's failure to timely respond to his request. A copy of the complaint, which was served via certified or registered mail on August 9, 2006, is enclosed for your reference. If this appeal is denied, Dr. Barnard will amend that complaint accordingly.

If you have any questions or comments, please call.

Very truly yours,

Daniel Kinburn

I hereby authorize Daniel Kinburn access to my records. I declare under penalty of perjury that the foregoing is true and correct. Executed on August 10, 2006.

Neal D. Barnard, M.D.

DK/mk
Enclosures