UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF )<br>HOMELAND SECURITY )<br>)<br>Defendant. )<br>) | Civ. No.: 06-1393 (CKK)<br>ECF |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction.**

In this Freedom of Information Act ("FOIA") action, Plaintiff Dr. Neal Barnard sued seeking documents pertaining to himself. In response, Defendant moved for summary judgment arguing that it found six pages of responsive documents but they are subject to non-disclosure under Exemptions (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E). Def. Mot. at 6-11 (Dkt. No. 14).

Plaintiff opposes Defendant's motion and also cross moves for summary judgment. See Dkt. NO. 16. In his filings, Plaintiff concedes that Defendant is permitted to redact or withhold information pertaining to the Treasury Enforcement Communications Systems ("TECS"), special agents' telephone numbers, special agents' identities, and certain codes (including codes for indexing and retrieving information). See Opp. at 8. Plaintiff further concedes that Defendant is entitled to withhold portions of the records if they pertain to an ongoing criminal investigation. Id. Plaintiff, however, challenges that there is a proper on-going investigation of Plaintiff. Id. at

1

8.

In support of his argument that there does not exist an on-going criminal investigation, Plaintiff argues that the agency's FOIA declaration contains hearsay statements and does not comply with Rule 56(e). He finally argues that Defendant has failed to demonstrate that the withheld documents are not segregable. As shown below, Plaintiff misconstrues the legal requirement for an agency affidavit in a FOIA context. In fact, Defendant's declaration meets the requirements of Rule 56(e). Furthermore, Defendant also specifically describes that non-exempt and exempt portions of the record are inextricably intertwined.

**III.    Argument**

    **A.    Defendant Properly Invoked FOIA exemptions "high" (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E).**

As an initial matter, Plaintiff concedes that portions of the requested records are subject to non-disclosures if there is an actual on-going criminal investigation of Plaintiff. See Opp. at 8. Plaintiff, however, contends that Defendant improperly invoked FOIA exemptions "high" (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E) because Defendant has not demonstrated that there is an ongoing investigation of Plaintiff. See Opp. at 9-11. He further contends that the individual (Mr. Marshall Fields, Jr.) who completed the declaration has no personal knowledge of any such investigation. See Opp. at 9-11. Specifically, Plaintiff maintains that the Fields Declaration contains hearsay statements and does not meet the Rule 56(c) requirements because the Mr. Field (the declarant) does not have personal knowledge of any on-going investigation involving Plaintiff. See Opp. at 9-11. Plaintiff's argument lacks merit.

In a FOIA context, "a declarant in a FOIA case satisfies Rule 56(e)'s personal knowledge requirement when 'in his declaration, he attests to his personal knowledge of the procedures used

in handling a FOIA request and his familiarity with the documents in questions." Madison Mechanical, Inc. v. NASA, 2003 WL 1477014, * 6 (D.D.C. March 20, 2003) (internal marks omitted). Indeed, "'an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e).'" Brophy v. Dep't of Defense, 2006 WL 571901, * 4 (D.D.C. March 8, 2006) (quoting Carney v. Dep't of Justice, 19 F.3d 807, 814 (2d Cir. 1994)). Furthermore, court "must afford substantial weight to an agency affidavit regarding FOIA exemptions." Skull Valley Band of Goshute Indians v. Kempthorne, 2007 WL 915211, *5 (D.D.C. March 26, 2007). More importantly, agency affidavits are accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents." SafeCard Services Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

     Here, Defendant submitted a declaration from Marshall H. Fields, Jr., to support Defendant's Motion for Summary Judgment. See Declaration of Marshall Fields, Jr. ("Fields Decl."). Mr. Fields is the Chief of the FOIA/PA Section of the Information Disclosure Unit ("IDU"). Fields Decl. at ¶ 2. His official duties and responsibilities include "the general management, oversight, and supervision of FOIA/PA Section in IDU." Fields Decl. at ¶ 3. Mr. Fields further attest that the statements in his declaration are made "based upon [his] personal knowledge, review of documents kept in the course of business, and information conveyed to [him] in the course of [his] official duties." Fields Decl. at ¶ 4. Clearly, Mr. Fields is the most appropriate declarant to attest to the issues relating to Plaintiff's FOIA request, including the fact that there is an on-going criminal investigation involving Plaintiff. Fields Decl. at ¶ 22.

     Plaintiff submitted his own declaration in support of his Opposition and Cross Motion to

rebut the Fields Declaration. However, the contents of Plaintiff's declaration are irrelevant to the underlying issues in this case and based purely on personal speculation and conjecture. Under the law, pure speculation cannot rebut an agency affidavit. <u>See</u> <u>Valdez v. Dep't of Justice</u>, - - F. Supp.2d - -, 2007 WL 509962, *2 (D.D.C. Feb. 16, 2007) (noting that agency affidavits "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.") (internal citations and marks omitted). Furthermore, Plaintiff's declaration provides no supporting evidence to contradict the statements made in Defendant's declaration. In addition, Plaintiff fails to provide any evidence to demonstrate that Defendant's declaration was made in bad faith. Accordingly, the Fields Declaration attesting that Plaintiff is the subject of an on-going criminal investigation should be accepted as true.

      Plaintiff also attempts to cast doubt on Mr. Fields's Declaration by arguing that Defendant failed to provide any detail "regarding the actual content, type, or source(s) of the information in the records at issue." <u>See</u> Opp. at 9. Plaintiff's argument misses the point. It would defeat the purposes of Exemptions (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E) if Defendant provides the type of information that Plaintiff claims that Defendant should disclose. <u>See</u> Def. Mot. at 6-11 (explaining the purposes and applicability of Exemptions (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E)).

      Plaintiff then cites a questionable article from WorldDailyNet on the internet to argue that the TECS is not reliable and, therefore, Mr. Fields' reliance on that database to attest that Plaintiff is under an on-going criminal investigation is also unreliable. <u>See</u> Opp. at 12. Even assuming that this internet article is valid, the article does not question the validity of the

information in the TECS.  See Reply Gov. Exh. A.  Rather, the article merely claims that the TECS often freezes up or stop processing on a regular basis when custom agents use it at busy airports.  Id.  In fact, the article opines that the TECS is under inclusive and not over inclusive in term of containing names of individuals who committed crimes.  Id.[1]  This means that the individuals listed on the TECS belong there.  Furthermore, Mr. Fields did not base his declaration solely on information obtained from the TECS.  Indeed, as indicated above, Mr. Fields based the declaration on his "personal knowledge, review of documents kept in the course of business, and information conveyed to [him] in the course of [his] official duties."  Fields Decl. at ¶ 4.

In another attempt to rebut the Fields Declaration, Plaintiff argues that Defendant provided inconsistent responses to this FOIA request.  See Opp. at 12-13.  Specifically, Plaintiff argues that Defendant initially responded to his FOIA request claiming that it did not have any responsive documents; however, Defendant later claimed that it found six pages of responsive documents.  See Opp. at 13.  Plaintiff concludes that the Fields Declaration is not reliable because of this inconsistency.  Id.  Again, Plaintiff's argument misses the point.

Plaintiff's assertion that Defendant was inconsistent in its responses to his FOIA request does not mean that Defendant's statement regarding an open investigation of Plaintiff is unreliable.  Indeed, Defendant's responses to Plaintiff's FOIA request did not mention an open investigation, therefore, there is no inconsistency regarding the fact that such an investigation exists.  Essentially, Plaintiff's argument amounts to nothing more than an argument regarding the

---

[1] Moreover, the statements contained in the article are inadmissible hearsay, which cannot be used to defeat summary judgment.  See Matta v. Snow, 2005 WL 3454334, *19 (D.D.C. Dec. 16, 2005) (Kollar-Kotelly, J.)

existence of records. This does not support Plaintiff's pure speculation that the statement on an open investigation in Defendant's declaration is unreliable. See Valdez, 2007 WL 509962, *2 (noting that agency affidavits "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.") (internal citations and marks omitted).

Finally, Defendant's use of "high" (b)(2), (b)(7)(C), and (b)(7)(E) was not solely premised on Defendant's assertion that there is an on-going investigation involving Plaintiff. See Fields Decl. at ¶¶ 19, 23-24; see also Def. Mot. at 6-12 (explaining the applicability of "high" (b)(2), (b)(7)(C), and (b)(7)(E) to withhold documents in this case). Information was withheld pursuant to those exemptions for other reasons. For instance, information was also withheld pursuant to "high" (b)(2) because disclosure could "pose a danger to ICE personnel" or jeopardize the integrity of the TECS; (b)(7)(C) for purposes of protecting certain individuals form an "unwarranted invasion of privacy" or from becoming "targets of harassment or physical danger;" and (b)(7)(E) to protect "procedures and guidelines for law enforcement investigations or prosecutions," or "the future effectiveness of . . . investigative techniques." See Fields Decl. at ¶¶ 19, 23-24; see also Def. Mot. at 9-12.

As Plaintiff readily admits, Defendant is entitled to withhold the requested records if there is an on-going criminal investigation of Plaintiff. See Opp. at 8. As shown above and in Defendant's Motion, the Fields Declaration attests that there is an on-going criminal investigation of Plaintiff. Therefore, the Court should find that Defendant properly withheld six pages of documents.

**B.      All Exempt Portions of the Withheld Records Were Non-Segregable From the Non-exempt Portions.**

Plaintiff baldly asserts that Defendant failed to carry its burden of showing that the non-exempt and the exempt portions of the responsive documents are inextricably intertwined.  See Opp. at 14.  Plaintiff's argument is unconvincing.

The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  To demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements."  Mead Data, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated.  Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).  Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261, n.55.

Here, Defendant describes with reasonable specificity that the non-exempt portions of the withheld documents cannot be reasonable segregated from the exempt portions.  Fields Decl. at ¶ 25.  Indeed, Mr. Fields attests that he reviewed all documents responsive to Plaintiff's FOIA request "line-by-line" and determined that the exempt portions of the records were "inextricably intertwined" with the non-exempt portions.  Id.  Furthermore, the Fields Declaration indicates

that disclosure of the non-exempt information could lead to the identification of information properly protected by the exemptions asserted.  Id.  Without more, the Court must accord substantial weight to the Fields Declaration.  See Skull Valley, 2007 WL 915211, at *5.  Furthermore, the Court  "must presume that a reasonably specific affidavit is accurate and truthful, unless plaintiff presents evidence of inconsistencies in the affidavits or other evidence that the agency has acted in bad faith."  See Nat'l Security Archive v. FBI, 759 F. Supp. 872 (D.D.C. 1991) (citing Gardels v. CIA, 689 F.2d 1100, 1104 (D.C. Cir. 1082).   Accordingly, Defendant has met its segregability burden.

**III.    Conclusion**.

For the foregoing reasons and those in Defendant's Motion for Summary Judgment, the Court should grant Defendant's Motion for Summary Judgment, deny Plaintiff's Cross Motion for Summary Judgment, and dismiss this case with prejudice.


Dated: April 6, 2007.                          Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 06-1393 (CKK) |
| ) | ECF |
| U.S. DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Upon consideration of Plaintiff's Cross Motion for Summary Judgment, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Cross Motion for Summary Judgment be and is hereby DENIED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
U.S. District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>    )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>    )<br>U.S. DEPARTMENT OF )<br>HOMELAND SECURITY )<br>    )<br>    Defendant. )<br>    ) | Civ. No.: 06-1393 (CKK)<br>ECF |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT
OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Locals 7(h) and 56.1, Defendant hereby responds to Plaintiff's Statement of Material Facts As To Which There Is Not Genuine Dispute as follows:

1. Paragraph 1 - Not material. Does not relate to FOIA request at issue in this matter. See Nails v. England, 311 F. Supp.2d 116, 121 (D.D.C. 2004) (noting that a statement is not a material fact in that it does not "affect the outcome of the case under governing law.").

2. Paragraph 2 - Not material. Does not relate to FOIA request at issue in this matter. Id.

3. Paragraph 3 - Not material. Does not relate to FOIA request at issue in this matter. Id

4. Paragraph 4 - Not material. Does not relate to FOIA request at issue in this matter. Id

5. Paragraph 5 - Not material. Does not relate to FOIA request at issue in this matter. Id

6. Paragraph 6 - Not material. Does not relate to FOIA request at issue in this matter. Id

7. Paragraph 7 - Not material. Does not relate to FOIA request at issue in this matter. Id

8. Paragraph 8 - Not material. Does not relate to FOIA request at issue in this matter. Id

9. Paragraph 9 - Not material. Does not relate to FOIA request at issue in this matter. Id

10. Admit that Plaintiff sought records from U.S. Customs and Border Protection by letter dated July 20, 2005, and U.S. Immigration and Customs Enforcement by letter dated March 21, 2006. The remainder of paragraph 10 is not material as it does not relate to FOIA request at issue in this matter.

11. Paragraph 11 - Not material. Does not relate to FOIA request at issue in this matter. Id

12. Admit, as this statement of fact relates to paragraph 27 of Plaintiff's declaration.

13. Paragraph 13 - Not material. Does not relate to FOIA request at issue in this matter. Id

14. Paragraph 14 - Not material. Does not relate to FOIA request at issue in this matter. Id

15. Paragraph 15 - Not material. Does not relate to FOIA request at issue in this matter. Id

16. Paragraph 16 - Not material. Does not relate to FOIA request at issue in this matter. Id

Dated: April 6, 2007.                              Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant