UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| NEAL D. BARNARD, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 06-CV-1393 (CKK) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| Defendant. | ) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Neal D. Barnard, M.D., submits this reply memorandum in support of Plaintiff's Motion for Summary Judgment. Dr. Barnard seeks summary judgment against Defendant Department of Homeland Security ("DHS") for its failure to provide Dr. Barnard with certain records requested pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act (collectively "FOIA/PA"). Defendant acknowledges that it has searched for and found six pages of responsive records and alleges that portions of these documents are exempt from disclosure in accordance with certain FOIA exemptions pertaining to records maintained as part of an ongoing criminal investigation. Defendant has withheld these records in their entirety, claiming that the exempt and non-exempt portions are inextricably intertwined.

Defendant has failed to meet its burden of proving that it properly withheld the requested records as exempt due to an ongoing criminal investigation because Defendant's supporting declaration does not set forth facts as would be admissible in evidence and is directly controverted by contrary evidence in the record. Furthermore, Defendant has failed to

demonstrate with the required level of specificity that any and all exempt portions of the withheld records could not be segregated from the non-exempt portions.

II. **STATEMENT OF FACTS**

Dr. Barnard respectfully refers this Court to the Statement of Facts contained in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment.

III. **ARGUMENT**

    A. **Defendant failed to meet its burden of establishing that it properly withheld the requested records due to an ongoing criminal investigation.**

A court may grant summary judgment on the basis of agency affidavits "if the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Rule 56(e) of the Federal Rules of Civil Procedure ("FRCP") sets forth three requirements for affidavits: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). Because Defendant's declaration is controverted by contrary evidence in the record and because Defendant improperly relies upon statements that would not be admissible in evidence, this Court cannot grant summary judgment in favor of Defendant on the basis of Defendant's declaration.

Although Defendant expends considerable effort arguing that its declaration meets the personal knowledge requirement of Rule 56(e) (*see* Def. Reply at 2–3), Defendant fails to establish that the declaration sets forth facts as would be admissible in evidence. Dr. Barnard

does not dispute that Mr. Fields has personal knowledge of his official FOIA/PA duties and the method by which officials retrieve records from the TECS database. (*See* Fields Decl. ¶¶ 2–4, 14–16.) Nor does Dr. Barnard dispute that this personal knowledge may meet Rule 56(e)'s personal knowledge requirement in the FOIA context. (*See* Def. Reply at 2–3.) For example, if the declaration were offered to establish that there are no responsive records, Mr. Fields would have personal knowledge of that fact, and because he could so testify, his declaration would be competent. Similarly, he would be competent to testify about who has access to these records and how they are used by his agency.

However, personal knowledge of FOIA/PA procedures and record retrieval methods does not equate to personal knowledge that there is an ongoing criminal investigation of Dr. Barnard by some other government agency (notably absent from the declaration is any claim that DHS itself is conducting an investigation), and, moreover, Mr. Fields does not claim to have personal knowledge of any such investigation. Accordingly, any statement by Mr. Fields regarding the existence of an ongoing criminal investigation of Dr. Barnard is hearsay that is inadmissible as evidence in the absence of an applicable hearsay exception. *See* FED. R. EVID. 801(c), 802.

Defendant's declaration describes the database from which it retrieved the records at issue here as an "evolving electronic database used for storage, tracking, and retrieval of law enforcement information." (Fields Decl. ¶ 15.) Defendant further states that "[i]nformation of every description from a variety of Federal, State, and local sources that contributes to effective law enforcement may be maintained in the TECS system of records." (*Id.*) Defendant does not, however, identify the source of the six pages of records pertaining to Dr. Barnard, nor does it describe the method by which that unknown source obtained and verified the information contained in the records. In other words, Defendant has done nothing to establish that the records

3

are not hearsay or, worse, hearsay within hearsay. Further, Defendant has not cited, nor can it cite, any hearsay exception that would make its statements admissible in evidence.

"[S]tatements that are impermissible hearsay, conclusory or self-serving are generally precluded" in a summary judgment affidavit. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263–64 (D.D.C. 2004). Most importantly, "affidavits and other pretrial documents containing allegations of fact should be 'accorded no probative force where they are not based upon personal knowledge or are otherwise deficient.' Of particular relevance to the instant case, summary judgment may not be granted on the basis of affidavits containing hearsay not admissible under the Federal Rules of Evidence." *Linn v. U.S. Dep't of Justice*, Civ. A. No. 92-1406, 1995 WL 631847, at *11 (D.D.C. Aug. 22, 1995) (citations omitted). Even if a properly made affidavit were entitled to a presumption of good faith (*see* Def. Reply at 3), no such presumption is due when, as here, the statements in the declaration—as impermissible hearsay—would not be admissible in evidence in the first place.

Moreover, portions of Defendant's declaration are directly controverted by contrary evidence in the record. Dr. Barnard's declaration sets forth specific events and provides, as exhibits, underlying documents that challenge the withholding of the records at issue here. In January 2003, when Dr. Barnard's travel difficulties began, the U.S. Customs Service searched the TECS database system—the very same system accessed by Defendant—and did not identify any criminal investigation of Dr. Barnard at that time. (*See* Barnard Decl. Ex. 1.) In June 2006, the Federal Bureau of Investigation ("FBI") provided Dr. Barnard with 27 pages of records, covering the time span from mid-1996 until mid-2006, that demonstrated that FBI has no record of any ongoing investigation of Dr. Barnard. (*See* Barnard Decl. Ex. 4.) Given that this information *directly contradicts* Defendant's claim that there is an ongoing criminal

4

investigation of Dr. Barnard, it is astounding that Defendant would mischaracterize Dr. Barnard's declaration as "provid[ing] no supporting evidence to contradict the statements made in Defendant's declaration." (*See* Def. Reply at 4.) It is equally mystifying that Defendant could describe the declaration and its exhibits, which were provided by the nation's preeminent law enforcement agencies in response to FOIA/PA requests nearly identical to the one at issue here, as "irrelevant to the underlying issues in this case and based purely on personal speculation and conjecture." (*See id.*)

In short, Defendant's declaration fails to meet the requirements of FRCP Rule 56(e) because it relies on statements that are not admissible in evidence. Further, Defendant's statements regarding an ongoing criminal investigation of Dr. Barnard are directly controverted by contrary evidence in the record. Thus, Defendant has failed to meet its burden of proving that it properly withheld the requested records due to an ongoing criminal investigation.[1]

### B.   Defendant failed to demonstrate that any and all exempt portions of the withheld records were non-segregable from the non-exempt portions.

To withhold an entire document, an agency must demonstrate that the non-exempt portions of the document are "inextricably intertwined with exempt portions." *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). "In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability." *Id.* "In addition to a statement of its reasons for claiming non-segregability, an agency should describe what proportion of the information in a document

---

[1] Dr. Barnard challenges as improper Defendant's invocation of exemptions "high" (b)(2), (b)(7)(A), (b)(7)(C), and (b)(7)(E) to the extent that Defendant relies upon an allegedly ongoing criminal investigation of Dr. Barnard in doing so. Dr. Barnard does not challenge Defendant's invocation of FOIA exemptions to redact or withhold information to protect ICE personnel, protect the integrity of the TECS database, prevent unwarranted invasions of privacy, prevent harassment or physical danger, or protect procedures and guidelines for law enforcement investigations or prosecutions. Defendant has not specified the amount of information withheld on either basis.

is non-exempt and how that material is dispersed throughout the document." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). The agency must adequately "correlate the claimed exemptions to particular passages" in the documents. *See Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir. 1992). Defendant failed to do any of these things.

Despite the mandate that Defendant provide a "detailed justification" instead of "conclusory statements," *Mead Data*, 566 F.2d at 261, Defendant's segregability analysis is conclusory and circular. Defendant merely claimed that it reviewed the documents "line-by-line" and determined that the exempt and non-exempt portions were inextricably intertwined because "release of the non-exempt materials could reasonably lead to the identification" of material "properly protected by the exemptions asserted." (Fields Decl. ¶ 25.) In so asserting, Defendant failed to describe what proportion of the information in the requested records was non-exempt, how the non-exempt material was dispersed throughout the records, and the manner in which the claimed exemptions correlated to particular passages in the documents. Thus, Defendant has not demonstrated the "reasonable specificity" required by FOIA/PA. *See Armstrong v. Executive Office of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996). Thus, this Court should reject Defendant's claim of non-segregability.

IV.   **CONCLUSION**

For all of the above stated reasons, and for the reasons stated in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, this Court should grant Dr. Barnard's motion for summary judgment and deny Defendant's Motion for Summary Judgment. Additionally, for the reasons set forth above, Dr. Barnard believes that Defendant has failed to

meet the burden necessary for the Court to consider its segregation argument. Should the Court disagree, and given the small number of documents at issue, Dr. Barnard would urge the Court to review the documents in camera to make a firsthand determination on the segregability issue. Pursuant to FRCP 7 and Local Rule 7(f), Plaintiff hereby requests an oral hearing as to the issues raised in Plaintiff's and Defendant's Motions for Summary Judgment.

                                        Respectfully submitted,

                                        /s/ Daniel Kinburn

                                        _____
                                        Daniel Kinburn
                                        PHYSICIANS COMMITTEE FOR
                                         RESPONSIBLE MEDICINE
                                        5100 Wisconsin Avenue, N.W., Suite 400
                                        Washington, D.C. 20016
                                        Attorney for Plaintiff
                                        (202) 686-2210 ext. 308
                                        (202) 686-2155 (fax)

Dated: April 27, 2007