UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEAL D. BARNARD, M.D.,

    Plaintiff,

     v.

DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

Civil Action No. 06-1393 (CKK)

**MEMORANDUM OPINION**
(January 29, 2008)

This is a Freedom of Information Act ("FOIA") case brought by Neal D. Barnard against the Department of Homeland Security, seeking to obtain records related to him that could explain why he has been detained, questioned, and/or searched in airports during and after his international trips beginning in January 2003. On November 16, 2006, the United States Immigration and Customs Enforcement office, a component of the Department of Homeland Security, informed Plaintiff that it had located six pages of records related to him, but that the records would be withheld in their entirety pursuant to FOIA Exemptions 2 and 7. Currently before the Court are the Parties' Cross-Motions for Summary Judgment on the dispositive question of whether the agency properly withheld the records in their entirety. After a thorough review of the Parties' submissions, including an *in camera* review of the records at issue, applicable case law and statutory authority, the Court shall grant Defendant's [14] Motion for Summary Judgment and deny Plaintiff's [16] Cross-Motion for Summary Judgment for the reasons that follow.

## I. BACKGROUND

Between January 2003 and January 2007, Plaintiff was detained, questioned, and/or searched at various airports before or after international trips on approximately 17 occasions. *See* Pl.'s Mot. for Summ. J. at 2-5. On two occasions, Plaintiff observed the phrase "Terrorist Organization Member - Caution" displayed on the computer screens of United States Customs and Border Protection employees, and during two other incidents was informed that his name was on a "no-fly" list. *Id.* Seeking to discover the records underlying his travel difficulties, Plaintiff sent a letter to Immigrations and Customs Enforcement ("ICE") on March 21, 2006, asking for records related to any "monitoring, surveillance, observation, questioning, interrogation, and/or investigation of [Plaintiff's] activities."[1] *See* Def.'s Mot. for Summ. J., Ex. 3 (Plaintiff's FOIA Request). On August 7, 2006, after failing to receive a timely response from ICE, Plaintiff filed the instant Complaint for injunctive relief.[2] Pl.'s Mot. for Summ. J. at 6. By letter dated November 16, 2006, ICE responded to Plaintiff's request, stating that it had located six pages of responsive records, but that the pages were "exempt from disclosure, in their entirety, pursuant to [FOIA Exemptions 2 and 7]."[3] Def.'s Mot. for Summ. J., Ex. 9 (FOIA Response).

Plaintiff's Second Amended Complaint asserts claims for relief based on FOIA, the

---

[1] Neither Party disputes that ICE is a component of Defendant Department of Homeland Security, nor that both are agencies within the meaning of 5 U.S.C. § 552(f)(1).

[2] Plaintiff also filed FOIA requests with other agencies, including the FBI. *See* Pl.'s Stmt. ¶ 10. These FOIA requests are not at issue in the present action.

[3] Plaintiff appealed the ICE's decision, *see* Second Am. Compl. ¶ 9, and the Parties do not dispute that Plaintiff exhausted the administrative remedies applicable to his records request.

2

Privacy Act, and the Administrative Procedure Act, respectively.[4]  *See* Second Am. Compl. at 1.

On February 20, 2007, Defendant filed a Motion for Summary Judgment arguing that Defendant

properly withheld all of the records in their entirety.  On March 15, 2007, Plaintiff filed a

consolidated Cross-Motion for Summary Judgment and Opposition to Defendant's Motion

arguing (1) that Defendant's declaration submitted in support of its Motion was defective

because it was not based on the declarant's personal knowledge, and (2) that Defendant failed to

sufficiently justify its conclusion that the non-exempt information in the records could not be

segregated and disclosed to Plaintiff.  On April 6, 2007, Defendant filed a consolidated

Opposition to Plaintiff's Cross-Motion and Reply.  On April 26, 2007, Plaintiff filed a Reply.

Finally, on January 8, 2008, the Court issued an Order requiring Defendant to submit the six

pages of records to Chambers for an *in camera* review to assist with the resolution of the Parties'

arguments as to whether the non-exempt information in the records could be segregated and

disclosed.

## II.  LEGAL STANDARD

In reviewing a motion for summary judgment under FOIA, the Court must conduct a *de*

*novo* review of the record.  *See* 5 U.S.C. § 552(a)(4)(B).  In the FOIA context, "*de novo* review

---

[4] The Parties' Cross-Motions for Summary Judgment only address Plaintiff's claims in the FOIA context.  The Court notes, however, that review under the Administrative Procedure Act is unavailable for Plaintiff's claim because it applies "except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law," 5 U.S.C. § 704, and FOIA specifically provides for judicial review of agency decisions to withhold documents, 5 U.S.C. § 552(a)(4)(B).  *See Sierra Club, et al. v. U.S. Dep't of Interior*, 384 F. Supp. 2d 1, 30 (D.D.C. 2004).  Additionally, neither Parties' Motion presents any arguments in the context of the Privacy Act, and the Court shall refrain from guessing as to the respective arguments and positions of the Parties.  For this reason, the Court shall permit the Parties to provide supplemental briefing as to Plaintiff's Privacy Act claim, if necessary, in accordance with the instructions provided in the Order accompanying this Memorandum Opinion.

requires the Court to 'ascertain whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure under [] FOIA.'" *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-52 (1986). Furthermore, entry of summary judgment is mandated against a party if, after adequate time for discovery and upon motion, the party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under FOIA, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; as such, only after an agency seeking summary judgment proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp 32, 35 (D.D.C. 1996) (citing *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)). In opposing a motion for summary judgment, a party must offer more than conclusory statements. *See Broaddrick v. Exec. Office of President*, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) (citing *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987)). Indeed, a plaintiff pursuing an action under FOIA must establish that the agency has improperly claimed an exemption as a matter of law or that the agency has failed to segregate and disclose all non-

4

exempt information in the requested documents.  *See Perry-Torres v. Dep't of State*, 404 F.

Supp. 2d 140, 142 (D.D.C. 2005).

Congress enacted FOIA for the purpose of introducing transparency to government

activities.  *See Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 88 (D.C. Cir. 1984).  Congress

remained sensitive, however, to the need to achieve balance between this objective and the

vulnerability of "legitimate governmental and private interests [that] could be harmed by release

of certain types of information."  *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*,

975 F.2d 871, 872 (D.C. Cir. 1992); *see also Summers v. Dep't of Justice*, 140 F.3d 1077, 1079

(D.C. Cir. 1998).  Accordingly, FOIA provides nine exemptions pursuant to which an agency

may withhold requested information.  *See* 5 U.S.C. §§ 552(a)(4)(B), (b)(1)-(9).  The agency must

demonstrate the validity of any exemption that it asserts.  *See id.*; *Beck v. Dep't of Justice*, 997

F.2d 1489, 1491 (D.C. Cir. 1993) ("[c]onsistent with the purpose of the Act, the burden is on the

agency to justify withholding requested documents").  In addition, summary judgment may be

granted on the basis of the agency's accompanying affidavits or declarations if they describe "the

justifications for nondisclosure with reasonably specific detail, demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor evidence of agency bad faith."  *Military Audit Project v. Casey*, 656

F.2d 724, 738 (D.C. Cir. 1981).  These affidavits may be submitted by an official who

coordinated the search, and need not be from each individual who participated in the search.  *See*

*SafeCard Servs. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

An agency also has the burden of detailing what proportion of the information in a

document is non-exempt and how that material is dispersed throughout the document.  *Mead*

5

*Data Cent. Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).  Any non-exempt information that is reasonably segregable from the requested records must be disclosed.  *Ogelsby v. U.S. Dep't of Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996).  In addition, district courts are required to consider segregability issues *sua sponte* even when the parties have not specifically raised such claims.  *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

### III.  DISCUSSION

Defendant's search for documents produced six pages[5] of responsive records located in the Treasury Enforcement Communications System ("TECS").[6]  *See* Def.'s Mot. for Summ. J. at 5-6.  TECS maintains information associated with individuals who are "convicted or suspected violators of customs, immigration, banking, terrorism, arms and weapons, hazardous material, drug, or related laws."  *Id.* at 5.  The system also includes information associated with individuals "who are suspected of, or who have been arrested for, thefts from international commerce; foreign nationals who entered and remain in the U.S. illegally; and fugitives with outstanding federal and state warrants."  *Id.* at 6.  The agency withheld the six pages in their entirety, invoking Exemption 2, *see* 5 U.S.C. § 552(b)(2), and three subsections of Exemption 7, *see* 5 U.S.C. §§ 552(b)(7)(A), (C), and (E).

Exemption 2 applies to two types of information: (1) internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest" and (2)

---

[5] Defendant subsequently located a seventh page.  *See* footnote 9, *infra*.

[6] Plaintiff does not challenge the sufficiency of Defendant's search for responsive records. *See generally,* Second Am. Compl.

internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Dep't of Air Force v. Rose*, 425 U.S. 352, 369-70 (1976). Defendant invoked this exemption to withhold various administrative and internal agency codes appearing in the records, including codes used to index, retrieve, and distribute information, the disclosure of which could assist third parties in learning about and potentially impeding an ongoing investigation. *See* Def.'s Mot. for Summ. J. at 7-9.

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that the production of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). Subsection (A) is properly invoked when an agency demonstrates that disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *see Mapother v. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C. Cir. 1993). Subsection (C) is properly invoked when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see Manchester v. Fed. Bureau of Investigation*, No. 96-137, 2005 U.S. Dist. LEXIS 37700 at *16-*17 (D.D.C. Aug. 9, 2005). Subdivision (E) is properly invoked when the disclosure of information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see Bruentte v. Fed. Bureau of Investigation,* 357 F. Supp. 2d 97, 108 (D.D.C. 2004). Relying on the sections of Exemption 7, Defendant withheld information related to an ongoing criminal investigation involving Plaintiff, the names of ICE Special Agents and third parties who were subjects of

7

investigation or persons who provided information or other cooperation to the government, along with information related to law enforcement techniques. *See* Def.'s Mot. for Summ. J. at 9-12.

Mr. Marshal H. Fields, Jr., the Chief of the FOIA/Privacy Act ("FOIA/PA") Section at ICE reviewed the records to determine whether any portions of the records could be segregated and disclosed. *See* Def.'s Mot. for Summ. J., Ex. A ¶ 25 (Declaration of Marshal Fields dated Feb. 20, 2007) (hereinafter "Fields Decl."). Mr. Fields determined that "the exempt information was so inextricably intertwined with the non-exempt information . . . any release of the non-exempt materials could reasonably lead to the identification of the individuals, techniques, entities, or other items that are properly protected by the exemptions asserted." *Id.*

In his consolidated Cross-Motion and Opposition, Plaintiff concedes that Defendant properly withheld information pertaining to TECS, special agents, and internal codes, and that Defendant may properly withhold portions of the records if they pertain to an ongoing criminal investigation. Pl.'s Mot. for Summ. J. at 8. Plaintiff argues, however, that Defendant has not met its burden of showing that there is an ongoing criminal investigation of Plaintiff (which Defendant uses as a basis for withholding the records) because Mr. Fields' declaration is not based on his personal knowledge. *Id.* at 8-13. Plaintiff also argues that Defendant has not met its burden of demonstrating that the non-exempt portions of the records cannot be segregated and disclosed to Plaintiff. *Id.* at 13-14. The Court shall address each of these arguments in turn.

A.     *Sufficiency of Defendant's Declaration*

Plaintiff argues that Defendant's declaration contains hearsay which should be disregarded by the Court. Pl.'s Mot. for Summ. J. at 8. Specifically, Plaintiff argues that Mr. Fields does not have personal knowledge of the investigation involving Plaintiff, but he "simply

8

reported information that he retrieved from a 'database used for storage, tracking, and retrieval of law enforcement information' that is accessible by all ICE offices." *Id.* at 9 (quoting Fields Decl. ¶ 15). Because the declaration does not state that Mr. Fields has "personal knowledge of an ongoing investigation in [his] department," Plaintiff argues that Defendant has failed to show the records were properly withheld. *Id.*

Plaintiff misunderstands the personal knowledge requirements for FOIA declarations. Federal Rule of Civil Procedure 56(e) provides that a declaration "must be made on personal knowledge, set out facts that would be admissible as evidence, and show that the [declarant] is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) "'if in his declaration, [he] attests to his personal knowledge of the procedures used in handling [a FOIA] request and his familiarity with the documents in question.'" *Madison Mech., Inc. v. Nat'l Aeronautics and Space Admin.*, No. 99-2854, 2003 U.S. Dist. LEXIS 4110 at *17 (D.D.C. Mar. 20, 2003) (quoting *Spannus v. Dep't of Justice*, 813 F.2d 1285, 1289 (4th Cir. 1987)). Declarants are not required to participate in the search for records. *See Carter, Fullerton & Hayes LLC v. Federal Trade Commission*, No. 07-1041, 2007 U.S. Dist. LEXIS 78863 at *29 (D.D.C. Oct. 25, 2007) ("[t]he declaration of an agency official who is knowledgeable about the way in which information is processed and is familiar with the documents at issue satisfies the personal knowledge requirement"); *Brophy v. U.S. Dep't of Defense*, No. 05-360, 2006 U.S. Dist. LEXIS 11620 *13 (D.D.C. Mar. 8, 2006) (finding that the D.C. Circuit "long ago recognized the validity of the affidavit of an individual who supervised a search for records even though the affiant has not conducted the search himself") (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986)). Consistent with these

9

requirements, hearsay in FOIA declarations is often permissible. *See Brophy*, 2006 U.S. Dist. LEXIS 11620 at *13 ("[d]eclarations that contain hearsay in recounting searches for documents are generally acceptable").

Because a declarant is deemed to have personal knowledge if he has a general familiarity with the responsive records and procedures used to identify those records, the declarant is not required to independently verify the information contained in each responsive record as Plaintiff suggests. The D.C. Circuit's opinion in *Londrigan v. Fed. Bureau of Investigation* illustrates this principle. 670 F.2d 1164 (D.C. Cir. 1981). In that case, an FBI agent's affidavit (1) described his impressions of what various investigatory sources likely stated or thought during interviews with other FBI agents (which he did not observe), and (2) reported his "own observations upon review of documents." *Id*. at 1167, 1174. The D.C. Circuit held that the portions of his affidavit relating to his impressions of the sources' statements or thoughts were not appropriately included in his affidavit because he lacked personal knowledge of the same, but that the portions of his affidavit based on his review of the agents' files *were* appropriately included. *Id.* at 1174. Consequently, the agent properly stated in his affidavit that "one of the sources whose identity was withheld by the FBI had specifically requested confidentiality" because that information was contained in a record the agent reviewed, even though the agent did not independently verify that the source had actually requested confidentiality. *Id. See also Elliott v. Fed. Bureau of Prisons*, No. 04-1702, 2006 U.S. Dist. LEXIS 94342 at *19-*20 (D.D.C. Oct. 17, 2006) (holding that a declaration met the standard for personal knowledge because it was based, in part, on declarant's

review of "official files and records").[7]

In the present matter, Defendant submitted the declaration of Mr. Fields, Chief of the FOIA/PA Section of the Information Disclosure Unit, Mission Support Division, Office of Investigations, at the United States Immigration and Customs Enforcement within the Department of Homeland Security. *See* Fields Decl. ¶ 2. His official duties and responsibilities include "the general management, oversight, and supervision of the FOIA/PA Section." *Id.* ¶ 3. Mr. Fields declares that his statements are made "based upon [his] personal knowledge, review of documents kept in the course of business, and information conveyed to [him] in the course of [his] official duties." *Id.* ¶ 4. Mr. Fields further indicates that he "reviewed all documents responsive to Plaintiff's FOIA request 'line-by-line' to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied." *Id.* ¶ 25. Because Mr. Fields is familiar with the processes used to search for the records at issue, and because he has reviewed the records himself, he is competent to testify as to the information contained in those records. Accordingly, Plaintiff is incorrect that Mr. Fields' declaration contains impermissible hearsay.

Plaintiff attempts to circumvent this case law by arguing that the investigation of Plaintiff

---

[7] Plaintiff cites *Linn v. Dep't of Justice,* No. 92-1406, 1995 U.S. Dist. LEXIS 12935 at *30 (D.D.C. Aug. 22, 1995), as support for his argument that Mr. Fields' personal knowledge does not "equate to personal knowledge that there is an ongoing criminal investigation of Dr. Barnard by some other government agency." *See* Pl.'s Reply at 3-4. *Linn* is inapposite because the affiant in that case made statements concerning the agency's search for documents in a location with which she was unfamiliar. *Linn,* 1995 U.S. Dist. LEXIS 12935 at *31. Those statements failed to meet the personal knowledge requirements of Rule 56(e) because she lacked sufficient knowledge of the agency's search for, and identification of, those responsive records. In the instant case, Mr. Fields is not only familiar with the agency's search for records, but he also reviewed the records and can make statements, based on his personal knowledge, concerning the contents of those records.

has likely ended and that TECS is unreliable.  *See* Pl.'s Mot. for Summ. J. at 10-11.  Plaintiff

indicates that the FBI disclosed documents to Plaintiff in response to a FOIA request, and that

those documents indicate that the FBI had previously conducted two investigations involving

Plaintiff that have long-since concluded.  *Id.*  Plaintiff also cites an internet article from

WorldDailyNet explaining that TECS often "freeze[s] up and stop[s] processing on a regular

basis" at busy airports.  *See* Def.'s Reply, Ex. A (WorldDailyNet Article dated August 23, 2002).

These arguments are not inconsistent with the declaration submitted by Mr. Fields.  For example,

Mr. Fields does not indicate, one way or the other, whether the FBI is the agency responsible for

conducting the ongoing investigation involving Plaintiff.[8]  The WorldDailyNet article calls into

question the efficiency of TECS at busy airports, but not whether the information concerning

Plaintiff is current or correct.  In the absence of any non-speculatory information calling Mr.

Fields' declaration into question, the Court finds that Mr. Fields was fully competent to provide

the information contained in his declaration.  Because Plaintiff has not challenged Defendant's

decision to withhold information under FOIA Exemptions 2 and 7 on any other basis, the Court

finds that Defendant has properly withheld exempt information in the responsive records.

     B.    *Segregation of Non-Exempt Information*

     Plaintiff's second argument is that Defendant has failed to meet its burden to demonstrate

that the exempt and non-exempt portions of the records are inextricably intertwined.  Plaintiff

has a point.  FOIA requires that "[a]ny reasonably segregable portion of a record shall be

provided to any person requesting such a record after deletion of the portions which are exempt."

---

[8] Nor would Defendant necessarily have an obligation to reveal which agency is conducting the investigation if that information is properly withheld pursuant to a FOIA exemption.

5 U.S.C. § 522(b).  The question of segregability is "subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable.  *Mead Data Cent. Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).  Although the agency's justification need not compromise the nature of the withheld information, its explanation should at least detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document.  *See Mead Data*, 566 F.2d at 261.

Defendant's declaration fails to provide sufficient detail concerning the non-exempt information to allow meaningful review concerning segregability.  Mr. Fields' only explanation is that the non-exempt information is "inextricably intertwined" with the exempt information, and that no portions can be segregated and released without leading to the "identification of the individuals, techniques, entities, or other items that are properly protected by the exemptions asserted."  Fields Decl. ¶ 25.  This explanation fails to even provide a description of the proportion of information in the records that is non-exempt, nor how that information is dispersed throughout the records.  Rather than order an additional round of briefing on those questions, however, and given Defendant's argument that further discussion of the records would divulge information properly withheld based on the exemptions it has invoked, the Court exercised its discretion to order submission of the documents to Chambers for an *in camera* review.  *See* 5 U.S.C. § 552(a)(4)(B) (authorizing *in camera* inspections of documents); *Horowitz v. Peace Corps*, 428 F.3d 271, 282 (D.C. Cir. 2005) ("[t]he decision of whether to conduct an *in camera* review of a document is within the trial court's 'broad discretion'")

(quoting *Spirko v. USPS*, 147 F.3d 992, 996 (D.C. Cir. 1998)).

Having reviewed the documents *in camera*, the Court agrees with Defendant that there exists no reasonably segregable non-exempt portions of the records.[9]  The few words or phrases that might be considered non-exempt are dispersed throughout the seven pages and are inextricably intertwined with information found to be exempt by the Court in its discussion above.[10]

### IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant's [14] Motion for Summary Judgment and DENY Plaintiff's [16] Cross-Motion for Summary Judgment.  The Parties may file supplemental briefing as to Plaintiff's Privacy Act claim, if necessary, in accordance with the Order accompanying this Memorandum Opinion.

Date:    January 29, 2008

                                        /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

---

[9] Defendant included, with the unredacted copies of the documents, the declaration of Gloria L. Marshall (which Defendant filed on the public docket).  Ms. Marshall states that Mr. Fields, Defendant's previous declarant, is no longer employed by ICE, and that she reviewed the relevant FOIA files to locate the six pages of records.  *See* Decl. of G. Marshall dated January 23, 2008 ¶ 6.  She discovered seven pages of records instead of the six previously referenced by Mr. Fields.  *Id.*  Ms. Marshall states that she independently reviewed all seven pages and "determined that all records are exempt from disclosure . . . for the reasons explained in the Fields Declaration."  *Id.*

[10] The Court has *sua sponte* filed the seven pages of records under seal.

14