UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> _____) | Civ. No.: 06-1393 (CKK) <br> ECF |

### NOTICE AND DEFENDANT'S MOTION TO STAY

Defendant United States Department of Homeland Security submits this Notice and Motion to Stay to apprise the Court of a recent development in this litigation and to seek a stay until Plaintiff amends his Second Amended Complaint. Pursuant to Local Rule 7(m), the parties conferred and Plaintiff's counsel only consented to a partial stay of this case. Plaintiff will submit his own filing to explain his position on the issue.

**I.  Recent Development.**

Pursuant to the Court's January 8, 2008 Minute Order, Defendant reviewed its files to submit six pages of documents for *in camera* review. During that review process, Defendant discovered that it might not have properly processed Plaintiff's July 20, 2005 Freedom of Information Act (FOIA) request.

Specifically, on July 20, 2005, Plaintiff submitted a FOIA/Privacy Act (Privacy Act) request to U.S. Customs and Border Protection (CBP). See Gov. Ex. 1 (Dkt. No. 14). Upon receipt of Plaintiff's July 2005 letter, CBP misunderstood it as a "traveler's complaint" and

1

processed it as such, not under CBP's FOIA procedure. See Declaration of Dorothy Pullo ("Pullo Decl.") at ¶6 (Gov. Exh. A).

As a consequence, on August 15, 2005, CBP responded to Plaintiff's July 20, 2005 FOIA letter by referring him to U.S. Immigration and Customs Enforcement ("ICE"). See Gov. Exh. 2 (Dkt. No. 14); see also Pullo Decl. at ¶7. CBP closed the file on Plaintiff's July 2005 FOIA request. See Pullo Decl. at ¶8. Thereafter, on March 21, 2006, Plaintiff submitted a FOIA request to ICE (Gov. Exh. 3, Dkt. No.14), which is the subject of this litigation.

During the course of responding to the Court's January 8, 2008 Minute Order, it came to ICE's attention that CBP might not have processed Plaintiff's July 20, 2005 letter as a FOIA request. See Second Declaration of Gloria Marshall ("Marshall Second Decl.") at ¶ 6 (Gov. Ex. B). ICE followed up on this suspicion and consulted with CBP. Id. After further review, CBP confirmed that indeed it did not process Plaintiff's July 2005 letter as a FOIA request under its FOIA procedures.[1] Upon discovering this inadvertent error, CBP took steps to correct it, and CBP is now processing Plaintiff's July 2005 letter under its FOIA procedures. See Declaration of Shari Suzuki ("Suzuki Decl.") at ¶5 (Gov. Exh. C).

CBP conducted a search for records on January 17, 2008, and discovered that it has approximately 82 pages of potentially responsive documents. Suzuki Decl. at ¶ 5. CBP intends to complete processing of the documents it has initially identified by February 5, 2008, but

---

1  After being informed of this development, the undersigned counsel contacted counsel for Plaintiff (Mr. Mark Kennedy) and apprised him of the development. Defendant intended to file this Notice and Motion with the Court before the Court ruled on the then pending cross motions for summary judgment. However, Defendant was still in the process of gathering additional information. At all times, Plaintiff's counsel was kept apprised of the development. Indeed, the undersigned counsel even shared an early draft of this Notice and Motion with Plaintiff's counsel

additional searches are still being conducted which may necessitate a secondary production after the February 5, 2008 date. This time is necessary to ensure a complete and thorough review of the approximately 82 pages of documents already identified, as well as any documents which may be identified through the additional searches, which contain (or are likely to contain) law enforcement sensitive information and to ensure that CBP releases all non-exempt information to Plaintiff. More particularly, CBP will release non-exempt documents – either in whole or in part – to Plaintiff once it has fully completed processing the documents under the FOIA.

## II.     The Need to Stay This Case.

On January 29, 2008, the Court granted summary judgment in Defendant's favor as it pertains to ICE's withholding of certain documents under FOIA Exemptions 2 and 7. See Barnard v. Dep't of Homeland Sec., No. 06-1393, slip op. (D.D.C. Jan. 29, 2008). In that same order, the Court observed that the parties' cross motions for summary judgment only addressed Plaintiff's claim in the context of the FOIA and not the Privacy Act. Id. at 3 n.4. As a result, the Court ordered Plaintiff to submit supplemental briefing on the Privacy Act claim by February 8, 2008, if Plaintiff chooses to do. See Jan. 29, 2008 Order (Dkt. No. 26). The Court also admonished that if Plaintiff does not file the ordered supplemental brief, the Court will dismiss this case and enter final judgment. Id.[2]

---

for comments.

2     On Friday, February 1, 2008, ICE received an "official notification" that Plaintiff was "no longer the subject of the open and pending criminal investigation originally cited in the Fields Declaration." Marshall Second Decl. ¶ 7. In light of this "official notification," FOIA Exemption 7(A) "is no longer applicable with respect to the investigation noted in the Fields Declaration." Marshall Second Decl. ¶ 7. The Fields Declaration was submitted in support of Defendant's Motion for Summary Judgment. See Dkt. No. 14. However, FOIA Exemption 7(A) still applies to the seven pages of records because "the disclosure of information related to

However, in light of the above-described development, it may be necessary for the Court to stay this matter until CBP completes processing the search and produce the documents. Thereafter, Plaintiff may choose to amend the Second Amended Complaint to include allegations relating to CBP. At present, the Second Amended Complaint only sets forth allegations against ICE. <u>See</u> Dkt. No. 11. Therefore, if Plaintiff chooses to amend his Second Amended Complaint, the parties could litigate all issues, including the remaining Privacy Act issue, at one time.

Without a stay of proceedings at this juncture, the Court may need to expend resources to decide the parties' supplemental filings on the Privacy Act issue. Then, after Plaintiff amends his Second Amended Complaint, the parties will likely file additional cross motions for summary judgment litigating CBP's documents. As a result, the Court may need to expend even more time and resources to adjudicate a second round of motions for summary judgment. However, if the Court stays all proceedings and allows the CBP process to catch up, then the Court can decide all issues in one proceeding.

---

have a negative impact on the other ongoing investigation." Marshall Second Decl. ¶ 7.

4

## III. Conclusion.

For the foregoing reasons, to conserve the parties' resources and advance judicial economy, the Court should stay the remaining proceedings in this case until Plaintiff amends his Second Amended Complaint (if he chooses to) to include allegations against CBP.


Dated: February 4, 2008.                             Respectfully Submitted,


    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 06-1393 (CKK) |
| ) | ECF |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Upon consideration of Defendant's Notice and Motion to Stay Proceedings and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Defendant's Motion to Stay Proceedings be and is hereby GRANTED;

SO ORDERED.

_____
U.S. DISTRICT JUDGE

Copy via ECF:
John C. Truong, Counsel for Defendant
Daniel Kinburn, Counsel for Plaintiff