IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Neal D. Barnard, MD           )
                                           )
             Plaintiff,           )
                                           )
                 v.              )      Case No: 06-CV-1393 (CKK)
                                           )
U.S. Department of Homeland Security   )
                                           )
            Defendant.       )

## SECOND DECLARATION OF GLORIA L. MARSHALL

### I. INTRODUCTION

1.     I, Gloria L. Marshall, make the following statement, under penalty of perjury pertinent to the above styled and numbered cause, and being over 18 years of age, am fully competent to make the statements contained in this Declaration.

2.     I am the Unit Chief of the Information Disclosure Unit (IDU), Mission Support Division, Office of Investigations (OI), GS-15, U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). I have held the position of Unit Chief since March 1, 2003. My office is located at 425 I Street, NW, Washington, DC 20536.

3.     As the Unit Chief of the IDU, my official duties and responsibilities include the general management, oversight, and supervision of the IDU which includes the Freedom of Information Act/Privacy Act (FOIA/PA) Section. The FOIA/PA Section processes FOIA/PA requests received by OI in ICE Headquarters and has oversight of the FOIA/PA functions in the twenty-six (26) Offices of the Special Agents in Charge of OI, within ICE.



4.    I am familiar with the facts of this case. The statements contained in this Declaration are based on my personal knowledge and experience, review of documents kept in the course of business, and information conveyed to me in the course of my official duties.

## II. BACKGROUND

5.    On February 20, 2007, Defendant filed a motion for summary judgment in this matter. In support of that motion, ICE submitted a declaration from Marshall H. Fields, Jr. (Fields Declaration). The Fields Declaration indicated that ICE had located six pages of records responsive to Plaintiff's FOIA request. Fields Declaration at ¶ 15. On January 8, 2008, the Court issued a Minute Order, which required ICE to submit the six pages of records unredacted to Chambers by or before January 14, 2008, for an *in camera* review. On January 14, 2008, ICE requested an extension of that deadline until to January 23, 2008. By Minute Order dated January 15, 2008, the Court granted the request for an extension. On January 23, 2008, ICE submitted the records to the Court for the *in camera* review along with a declaration that was signed by me. The declaration explained that there were actually seven, not six, ICE records that were being submitted to the Court and that all seven records were exempt from disclosure, in their entirety, under the FOIA exemptions (5 U.S.C. §§ 552(b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E)). Marshall Declaration at ¶ 6. On January 29, 2008, the Court issued a Memorandum Opinion granting defendant's motion for summary judgment.

## III. U.S. CUSTOMS AND BORDER PROTECTION FOIA REQUEST

6.    During the course of responding to the Court's January 8, 2008, Minute Order, it came to my attention that U.S. Customs and Border Protection (CBP) might not have processed Plaintiff's July 20, 2005, letter as a FOIA request. ICE followed up on this suspicion and consulted with CBP. After further review, CBP confirmed that indeed it did not process Plaintiff's July 2005

letter as a FOIA request under its FOIA procedures. It's my understanding that upon discovering

this inadvertent error, CBP is taking steps to correct it and is now processing Plaintiff's July 2005

letter under its FOIA procedures. In addition, during my review, it came to my attention that

ICE was in possession of non-ICE records owned by third agencies. Generally, ICE would refer

such records to the appropriate third agency for review, however, ICE did not do so in this case.

ICE did not document in its file why this was not done. Furthermore, the individual (Marshall H.

Fields, Jr.) who reviewed those records is no longer employed at ICE. It is my understanding

that the third agency records are now being referred to the appropriate third agencies by CBP.

## IV. FOIA EXEMPTION (b)(7)(A)

7.      As noted in paragraph 5, above, on January 23, 2008, ICE submitted seven pages of

records to the Court for *in camera* review along with a declaration that was signed by me. In my

declaration I stated that  all the records remained "exempt from disclosure, in their entirety,

under the FOIA exemptions (5 U.S.C. §§ 552(b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E)), and for the

reasons explained in the Fields Declaration." Marshall Declaration at ¶ 6. Subsequent to the

filing of that declaration, I received official notification that plaintiff is no longer the subject of

the open and pending criminal investigation originally cited in the Fields Declaration. Fields

Declaration at ¶ 21. The investigation was closed after the Fields Declaration was filed, but

before my January 23, 2008, declaration was completed. I did not receive official notification

until February 1, 2008, regarding the closure of the investigation. FOIA exemption (b)(7)(A) is

no longer applicable with respect to the investigation noted in the Fields Declaration, however, I

have been informed that disclosure of information related to plaintiff could have a negative

impact on other ongoing investigations. Accordingly, FOIA exemption (b)(7)(A) is still

applicable to the seven pages of ICE records that were submitted to the Court for in camera

review. The other FOIA exemptions ((b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E)) that ICE has asserted in this matter remain applicable as well.

## V. JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this 1st day of February, 2008.

GLORIA L. MARSHALL, Unit Chief
Information Disclosure Unit
Mission Support Division
Office of Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security