UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEAL D. BARNARD, M.D., )
)
    Plaintiff, )
)
v. ) Civ. No.: 06-1393 (CKK)
) ECF
DEPARTMENT OF HOMELAND )
SECURITY, )
)
    Defendant. )
_____)

### DECLARATION OF SHARI SUZUKI

I, Shari Suzuki, declare as follows:

1. I am the Freedom of Information Act (FOIA) Appeals Officer, and Chief of the FOIA Appeals, Policy and Litigation Branch (FAPL), Regulations and Rulings, Office of International Trade (OT), U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS) (formerly the U.S. Customs Service, U.S. Department of the Treasury).[1] Since April 2, 2006, I am the official charged with the following responsibilities: (1) giving guidance and instruction to CBP personnel regarding the processing of FOIA requests; (2) adjudicating administrative appeals that concern FOIA requests; and (3) overseeing all CBP activities related to information disclosure under the FOIA.

2. I make this declaration on the basis of my review of the official files and records of this office, my personal knowledge of the internal operations of this office and agency,

---

[1] Effective March 1, 2003, the United States Customs Service was renamed the Bureau of Customs and Border Protection. See Reorganization Plan Modification for the Dep't of Homeland Security, H.R. Doc. 108-32 at 4 (2003). In April 2007, the Bureau of Customs and Border Protection was officially renamed U.S. Customs and Border Protection, which remains the agency's name to date.



and information acquired by me in the course of the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by CBP in responding to requests for information from its files pursuant to FOIA; specifically, I am familiar with CBP's actions taken since discovery that CBP did not process Plaintiff's July 20, 2005, request under our FOIA procedures.

4. The purpose of this declaration is to inform the Court and Plaintiff of CBP's actions since the discovery that it processed Plaintiff's July 20, 2005, letter as a traveler redress complaint instead of as a FOIA request.

5. Upon discovering that Plaintiff's July 20, 2005, request was processed as a traveler redress complaint instead of being processed under the FOIA, CBP personnel in the Office of Field Operations (OFO) conducted an initial search of the Treasury Enforcement Communications System (TECS) on January 17, 2008, and found approximately 82 pages of documents responsive to Plaintiff's request. TECS is an overarching law enforcement information collection, risk assessment, and information sharing environment. It is also a repository for law enforcement and investigative information. TECS is comprised of several modules that collect, maintain and evaluate screening data, conduct targeting analysis, and make information available to appropriate law enforcement officers of the U.S. government. The Interagency Border Inspection System (IBIS) is not a separate system; rather it was a term used for the method by which other agencies outside CBP (and previously, U.S. Customs Service) accessed TECS and other external databases made available through TECS. IBIS also referred to the functionality developed in TECS to support the legacy INS inspections process. The term IBIS has largely ceased to be used since the formation of DHS, being replaced by a

general reference to TECS.

6. FAPL is currently reviewing the approximately 82 pages of responsive documents to determine what is and is not releasable under FOIA and will provide non-exempt information derived from this initial search of TECS to Plaintiff by February 5, 2008. Based on its initial search, CBP has also determined that supplemental searches for potentially responsive documents are necessary and those searches are presently being conducted. Any responsive documents identified through these supplemental searches will be reviewed and non-exempt information released, as appropriate, as soon as possible after the February 5, 2008 date.

## JURAT CLAUSE

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, information and belief.

Signed this 28th day of January, 2008.

Shari Suzuki, Branch Chief
FOIA Appeals, Policy and Litigation
Office of International Trade, Regulations and Rulings
U.S. Customs and Border Protection
U.S. Department of Homeland Security