UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEAL D. BARNARD, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-1393 (CKK) |
| | ) | ECF |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's April 23, 2008 Minute Order, the parties hereby submit the following Joint Status Report for the above captioned case:

1. On April 17, 2008, Defendant U.S. Customs and Border Protection (CBP), in its third and final administrative response, provided Plaintiff with 11 pages of documents in full; 82 pages of documents with redactions; and withheld 136 pages in full.

2. On April 18, 2008, the parties conferred on the status of this case and, as a result, on April 23, 2008, Defendant provided Plaintiff with two *Vaughn* Indices, with one setting forth the bases for its redaction of certain portions of the 163 pages of documents that were released to Plaintiff by CBP from February 5, 2008 to April 17, 2008. The other *Vaughn* Index set forth the bases for withholding 137 pages of documents in their entirety that CBP had located by April 17, 2008.

3. After Plaintiff reviewed the *Vaughn* Indices, Plaintiff narrowed his challenges of Defendant's FOIA exemptions as follows:

1

**Exemptions Not challenged**
- (b)(2) (low 2) – codes, numbers
- (b)(2) (high 2) – routing procedures, reporting requirements
- (b)(6) – names of federal employees not within Plaintiff's presence
- (b)(7)(A) – law enforcement techniques and procedures that Plaintiff did not witness
- (b)(7)(E) – inspection procedures not witnessed by Plaintiff

**Exemptions Challenged**
- (b)(6) – names of federal employees within Plaintiff's presence
- (b)(6) – positions of all federal employees
- (b)(6) – names of third parties within Plaintiff's presence
- (b)(7)(A) – law enforcement techniques and procedures to the extent that exemption relies on criminal investigation into Plaintiff's activities
- (b)(7)(C) – names of federal employees within Plaintiff's presence
- (b)(7)(E) – inspection procedures witnessed by Plaintiff

4. On April 29, 2008, the parties conferred and explored ways to resolve this case informally without further litigation. The parties, however, were not able to resolve this matter. During that conference call, Plaintiff indicated that he intends to seek reconsideration of this Court's January 29, 2008, Memorandum Opinion granting summary judgment in Defendant's favor.

5. Accordingly, the parties respectfully propose the following briefing schedule:

| Events | Proposed Dates |
| --- | --- |
| Cross Motions for Summary Judgment & Plaintiff's Motion for Reconsideration | May 21, 2008 |
| Oppositions | June 26, 2008[1] |
| Replies | July 11, 2008 |

---

1   The parties propose setting the Opposition deadline more than 30 days from the filing of the dispositive motion to accommodate the undersigned counsel's litigation schedule. Specifically, Defendant's counsel has to prepare and file a motion for summary judgment in

2

Dated: May 1, 2008.                              Respectfully Submitted,

                                                //s//
Daniel Kinburn
PHYSICIAN COMMITTEE FOR
RESPONSIBLE MEDICINE
5100 Wisconsin Ave., N.W., Ste. 400
Washington, D.C. 20016
Attorney for Plaintiff

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406
Attorneys for Defendant

---

Porter v. Johnson, Civ. No. 04-2121 (PLF), by June 20, 2008.