UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Case No.: 06-CV-1393 (CKK) |

**THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking a declaratory judgment that Defendant has violated FOIA and the Privacy Act (collectively "FOIA/PA") by failing to timely release records requested by Neal D. Barnard, M.D., and injunctive relief ordering Defendant to release such records.

**JURISDICTION AND VENUE**

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201. This Court has the authority to award costs and attorney fees under 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B). Venue lies in this district under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5).

## PARTIES

2.      Plaintiff Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine, a 501(c)(3) public charity that advocates preventive health care through better nutrition and by promoting more effective, ethical, and compassionate scientific research. Dr. Barnard is the author of several dozen publications in scientific and medical journals as well as numerous nutrition books for lay readers, and he is frequently called on by news programs to discuss issues related to nutrition, research, and other areas of modern medicine.

3.      Defendant Department of Homeland Security ("DHS") is a United States agency, of which U.S. Customs and Border Protection ("CBP") and Immigrations and Customs Enforcement ("ICE") are components. CBP and ICE maintain a system of records containing information pertaining to Dr. Barnard and possess and control the records at issue in this Complaint. DHS, CBP, and ICE are agencies within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

4.      On July 20, 2005, Dr. Barnard submitted a FOIA/PA request to CBP, seeking disclosure of certain records relating or referring to Dr. Barnard.

5.      On August 15, 2005, CBP responded, advising that ICE owned and maintained the requested records and that Dr. Barnard should contact that office.

6.      CBP's response to Dr. Barnard's FOIA/PA request did not provide any documents maintained by CBP, nor did it advise Dr. Barnard of his right to appeal CBP's response under FOIA and the Privacy Act.

7.      Therefore, Dr. Barnard did not further pursue his FOIA/PA request with CBP.

8. On March 21, 2006, Dr. Barnard submitted a FOIA/PA request to ICE, seeking disclosure of certain records relating or referring to Dr. Barnard.

9. On August 7, 2006, not having received a timely response, Dr. Barnard filed a Complaint for Injunctive Relief with this Court.

10. By letter dated November 16, 2006, ICE provided a "supplemental response" to Dr. Barnard's request, stating that "any records responsive to [his] request are exempt from disclosure, in their entirety, pursuant to exemptions . . . of the FOIA."

11. On November 30, 2006, Dr. Barnard appealed ICE's denial of his request as exempt from disclosure. Dr. Barnard advised that he would amend this complaint if DHS denied his appeal.

12. By letter dated June 20, 2007, and by duplicate letter dated July 25, 2007, DHS informed Dr. Barnard that it was "administratively closing" his appeal due to this pending litigation.

13. On February 20, 2007, Defendant informed Dr. Barnard and this Court that ICE possessed 6 pages responsive to Dr. Barnard's FOIA/PA request to ICE and that ICE intended to withhold all 6 pages in their entirety on the basis of several FOIA exemptions.

14. On January 23, 2008, Defendant informed Dr. Barnard and this Court that ICE actually possessed 7 pages responsive to Dr. Barnard's FOIA/PA request to ICE and that ICE intended to withhold all 7 pages in their entirety on the basis of several FOIA exemptions.

15. On February 4, 2008, Defendant informed Dr. Barnard and this Court that CBP had processed Dr. Barnard's July 20, 2005 FOIA/PA request as a "traveler complaint" instead of as a FOIA/PA request.

16. In response to Dr. Barnard's July 20, 2005 FOIA/PA request, from February 5, 2008, to April 17, 2008, CBP provided 163 redacted pages and withheld another 137 pages, citing several FOIA exemptions as the basis for redacting and withholding pages.

17. As set forth in prior briefing, Dr. Barnard challenges as improper ICE's withholding of 7 pages in their entirety.

18. As set forth in the Joint Status Report dated May 1, 2008, Dr. Barnard challenges as improper CBP's reliance upon certain FOIA exemptions in redacting 163 pages and withholding 137 pages in their entirety.

19. Dr. Barnard has exhausted the applicable administrative remedies with respect to his records request. 5 U.S.C. §§ 552(a)(6), 552a(d), 552a(g)(1); 6 C.F.R. §§ 5.9, 5.25.

## PLAINTIFF'S CLAIM FOR RELIEF

### CLAIM ONE
(Denial of access to records)

20. Dr. Barnard realleges and incorporates by reference all preceding paragraphs.

21. Dr. Barnard properly requested records within CBP, ICE, and DHS control.

22. Dr. Barnard is entitled by law to receive the requested records.

23. ICE and CBP have wrongfully redacted or withheld records requested by Dr. Barnard.

24. Therefore, Defendant violated FOIA and the Privacy Act by failing to provide all non-exempt records, or portions thereof, requested by Dr. Barnard.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that Defendant has violated FOIA and the Privacy Act by failing to grant Dr. Barnard's records requests;

  B.  order Defendant to grant Dr. Barnard's records requests;

  C.  award Dr. Barnard his reasonable attorneys fees and litigation costs incurred in this action, pursuant to 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(3)(B); and

  D.  grant such other relief as the Court may deem just and proper.

          Respectfully submitted,

          /s/ Daniel Kinburn
          _____
          Daniel Kinburn
          PHYSICIANS COMMITTEE FOR
            RESPONSIBLE MEDICINE
          5100 Wisconsin Avenue, N.W., Suite 400
          Washington, D.C. 20016
          Attorney for Plaintiff
          (202) 686-2210 ext. 380
          (202) 686-2155 (fax)

Dated: May 29, 2008