Office of Investigations

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

JUN 1 9 2008

Mr. Daniel Kinburn
Physicians Committee for Responsible Medicine
5100 Wisconsin Avenue, N.W., Suite 400
Washington, DC 20016

Re:   DIS 2-01 OI:MS:ID
      06-LITI-26180
      06-FOIA-22113

Dear Mr. Kinburn:

This is a second supplemental response to your Freedom of Information Act (FOIA) request dated March 21, 2006, and Dr. Neal D. Barnard's FOIA request dated July 20, 2005, requesting access to records pertaining to Dr. Barnard.

Upon further review of your FOIA requests, this Office conducted an additional search for documents responsive to your requests. As a result of our search, we located eleven (11) additional pages of records responsive to your requests. We have determined to release seven (7) pages of records in their entirety. Please note that three (3) of these pages are duplicates. In addition, we have determined to withhold the remaining four (4) pages of records in their entirety pursuant to exemptions (b)(2), (b)(7)(A), (b)(7)(C) and (b)(7)(E) of the FOIA, as explained below.

Enclosed are the seven (7) pages of records released in full. The above-referenced exemptions applied to the withheld information are described below.

**FOIA Exemption 2(low)** protects information applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document. Specifically, ICE asserted this FOIA exemption to internal agency codes, the telephone numbers of ICE Special Agents and agency fax numbers.

**FOIA Exemption 7(A)** protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. Therefore, I am withholding all records, documents, and/or other material, which if disclosed prior to completion, could have a negative impact on other ongoing investigations.

**Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption was applied to protect the names of government employees, including ICE Special Agents. Special Agents handle a myriad of tasks relating to official investigations into the

McGinnis Decl. Exh. 4

www.ice.gov

criminal activities of third parties. They were, and still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. There is no public interest to be served by releasing the identities of Special Agents. Third parties who were, and possibly still are, subjects of investigations or who provided information or other cooperation to the government could be humiliated by being identified in connection with a criminal investigation; they could become targets of harassment or physical danger. Also release of their identities would constitute an unwarranted invasion of their personal privacy. There is no public interest to be served by releasing the identities of third parties.

Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, where such disclosures could reasonably be expected to risk circumvention of law. ICE employed certain law enforcement techniques designed to obtain information about plaintiff in furtherance of the government's criminal investigation of plaintiff. These techniques involved cooperative arrangements between ICE and other agencies and inter-agency communications prompting specific actions on the part of agency employees. The disclosure of these techniques could adversely affect future investigations by giving potential subjects of investigations the ability to anticipate the circumstances under which such techniques could be employed in investigations where they may be targets and identify such techniques as they are being employed. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions concerning this response, please contact me at (202) 353-8906 and reference case number 06-LITI-26180.

Sincerely,

Reba A. McGinnis
Chief, Information Disclosure Unit
Mission Support Division
Office of Investigations

Enclosure: Seven (7) pages

McGinnis Decl. Exh. 4