

U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and
Border Protection**

DIS-2 OT:RR:RDL:FAPL
H021882 CSO

Mr. Neal Barnard, M.D.                                    APR 17 2008
Physicians Committee for Responsible Medicine
5100 Wisconsin Ave., NW Suite 400
Washington, DC 20016

Re: Freedom of Information Act Request dated July 20, 2005

Dear Mr. Barnard:

On February 5, 2008, we provided you with 81 pages of redacted records as part of our response to your Freedom of Information Act request dated July 20, 2005, and on April 1, 2008 we provided you with a one (1) page redacted record. We have now completed processing your request and this letter provides a third and final response to your July 20, 2005, request. As you know, your letter was initially erroneously processed as a traveler complaint rather than a FOIA request. Again, we apologize for this mistake and the long delay in responding to you.

You have requested access to records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a, pertaining to yourself "that are in IBIS or any other system used by the Bureau of Customs and Border Protection at any and all ports of entry to the United States."

In our search for records we have located 229 pages that are responsive to your request.

After reviewing the 229 pages, the following disposition is made:

    (1)    Eleven (11) pages are released in full;
    (2)    82 pages are provided with certain information redacted pursuant to 5 U.S.C. § 552(b)(2), (b)(6), (b)(7)(A), (b)(7)(C) and (b)(7)(E) (the exemptions are set forth below); and
    (3)    136 pages are withheld in full pursuant to 5 U.S.C. § 552(b)(2), (b)(6), (b)(7)(A), (b)(7)(C) and (b)(7)(E).

An explanation of the exemptions follow. Exemption (b)(2) of the FOIA, 5 U.S.C. § 552(b)(2), pertains to purely internal agency practices; exemption (b)(6) of the FOIA, 5 U.S.C. § 552(b)(6), pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of federal employees and third

Exhibit C

Suzuki Decl. Exh. C

parties; exemption (b)(7)(A) of the FOIA, 5 U.S.C. § 552(7)(A), pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings; exemption (b)(7)(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C), pertains to records compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of federal employees and third parties; and, exemption (b)(7)(E) of the FOIA, 5 U.S.C. § 552(b)(7)(E), pertains to records compiled for law enforcement purposes, the release of which would disclose certain techniques or procedures for law enforcement investigations or prosecutions. For your information, the withheld material consists of, but is not limited to, names, techniques used by law enforcement personnel, computer codes and administrative markings.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. If you are not satisfied with my action on your request, you may administratively appeal from this partial denial by writing to the FOIA Appeals Officer, Regulations and Rulings, Office of International Trade, U.S. Customs and Border Protection, 1300 Pennsylvania Ave., NW, Mint Annex, Washington, D.C. 20229, within sixty (60) days after the date of this determination letter. The appeal must be in writing and signed; contain your name and address; date of the initial request; date and control number of the letter denying your request; description of the records or information withheld; and reason(s) you believe that the records or information should be disclosed. Your appeal letter and mailing envelope should be marked "FOIA Appeal."

Sincerely,

Shari Suzuki, Branch Chief
FOIA Appeals, Policy, and Litigation Branch
Regulations and Rulings
Office of International Trade

Enclosure
(82 page with redactions, 11 pages released in full)

2

Suzuki Decl. Exh. C