DOCUMENTS RELEASED
IN PART
Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 001 | Port of Toronto | Internal report regarding an entry to the U.S. on July 14, 2006. The internal report pertains to the inspection of the Plaintiff that occurred on July 14, 2006. | 1 | The internal identification codes and record identification numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The document sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop |

Government's Exhibit E                        1

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED IN PART
## Vaughn Index for *Barnard v. Department of Homeland Security*
## Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 002 | Located in internal CBP database at CBP Headquarters, Washington, D.C. | Automated Targeting System (ATS) record display regarding entry to the U.S. on June 8, 2006. ATS assists CBP officers at the borders in effectively and efficiently identifying cargo, individuals, or conveyances that may present a risk to the United States. Specifically, | 1 | The internal identification codes, record identification numbers, and fax/telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The document sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the record sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |

Suzuki Decl. Exh. E

## DOCUMENTS RELEASED IN PART
### Vaughn Index for Barnard v. Department of Homeland Security
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | ATS uses information from CBP's law enforcement databases, derived from the Terrorist Screening Database (TSDB), information on outstanding wants or warrants, information from other government agencies, and risk-based rules developed by analysts to assess and identify high-risk cargo, conveyances, and travelers that | | internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |

Suzuki Decl. Exh. E

DOCUMENTS RELEASED
IN PART
Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 003 | Located in the Treasury Enforcement Communications System (TECS) | TECS record display dated September 2, 2006. TECS is an overarching law enforcement information collection, risk assessment, and information sharing environment. It is also a repository for law enforcement information of a relatively trivial nature. The document sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. As stated above, the record sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing | 1 | The computer codes, internal identification codes, record identification numbers, and fax/telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. |

may pose a greater risk of terrorist or criminal activity and therefore should be subject to further scrutiny or examination.

Suzuki Decl. Exh. E

DOCUMENTS RELEASED
IN PART
Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | and investigative information. TECS is comprised of several modules that collect, maintain and evaluate screening data and makes information available to appropriate law enforcement officers of the U.S. government. | | procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |
| 004 | Located in TECS | TECS record display dated September 2, 2006. The record shows traveler details. | 1 | The computer codes and the record identification number are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. |
| 005 | Located in TECS | TECS Record Display dated September 2, | 1 | The computer codes and the record identification number are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The document |

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED
# IN PART
Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | | | sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. |
| 006-007 | Located in TECS TECS Record Display dated September 14, 2005 (TECS II Screen Print) | 2006. This record shows more information on the traveler. | 2 | The computer codes, internal codes, record identification numbers, and telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The document sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop |

Government's Exhibit E

6

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED IN PART
## Vaughn Index for *Barnard v. Department of Homeland Security*
## Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | | | countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers As stated above, the record sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |
| 008-024 | Located in TECS | TECS Record Display (TECS II Person Subject Display). These records include details about a specific person and is the result of a person subject query in TECS. | 17 | The computer codes, internal identification codes, record identification numbers, referral codes, and fax/telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also |

Government's Exhibit E                           7

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED
# IN PART
## Vaughn Index for *Barnard v. Department of Homeland Security*
## Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | | | reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees and names of third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |
| 025-032 | Located in TECS | TECS II Display. These records provide information on reported incidents at the time of entry | 8 | The computer codes, internal identification codes, record identification numbers, referral codes, and fax/telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP |

DOCUMENTS RELEASED
IN PART
Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | into the U.S. | | and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees and names of third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the record sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |
| 033-049 | Located in TECS | TECS Record | 17 | The computer codes, referring officer codes, incident numbers, |

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED IN PART

Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | Display (TECS II Secondary Inspection). These records report details of secondary inspections conducted at the Ports of Entry. | | category violation codes and indicators, site codes, record identification numbers, and telephone numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The document sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators.. Names and positions of federal employees and names of third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential |

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED IN PART
## Vaughn Index for *Barnard v. Department of Homeland Security*
## Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 050-052 | Located in TECS | TECS Record Display (TECS II IO95 Inspection Results). These records provide details of IO95 inspections that occur at the Ports of Entry. | 3 | The computer codes, referral codes, internal identification numbers and the record identification number are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. As stated above, the documents set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may |

## DOCUMENTS RELEASED IN PART
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 053 | Located in TECS | TECS Record Display (Passenger Activity Report Search Screen). This record is a search query screen indicating that a query of the system conducted on January 17, 2008 regarding passenger activity. | 1 | be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators.<br><br>The handwritten note indicating an internal search code is redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. |
| 054-068 | Located in the Treasury Enforcement Communications System | TECS Record Display (Passenger Activity Report). | 15 | The internal identification codes, printer location numbers, site codes and record identification numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and are withheld pursuant to Exemption (b)(2) (high 2) that |

## DOCUMENTS RELEASED IN PART
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 069-142 | Located in TECS | TECS Record Display (Advance Passenger Information (API) data). These records include details from the passenger and result of a query of the system conducted on January 17, 2008 and show the international travel/passenger activity. | 74 | The internal identification codes and printer location numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal potential violators of CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. As stated above, the documents set forth CBP procedures, methods, intra/inter-agency coordination (if any) and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Names and social security numbers of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and social security numbers could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents set forth CBP procedures, methods, intra/inter-agency coordination (if any) and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade |

Suzuki Decl. Exh. E

## DOCUMENTS RELEASED IN PART
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 143-163 | Located in ATS-Passenger Name Record (PNR). | crew manifests for international travel. The API information is collected in advance of a passenger's arrival or departure from the United States in order to perform law enforcement queries to identify security risks to the aircraft or vessel, to its occupants, or to the United States and in order to expedite CBP processing. | 21 | inspection and targeting methods. The social security numbers of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the social security numbers could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods.<br><br>Air carrier information regarding specific passengers that consists of confidential business information is withheld pursuant to Exemption (b)(4) that provides for the protection of commercial or financial |

Suzuki Decl. Exh. E

## DOCUMENTS RELEASED IN PART

### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 301-303[*] | Referred by U.S. Immigration and Customs Enforcement | Passenger Name Record (PNR) data, is data provided to commercial air carriers by or on behalf of air passengers seeking to book travel. CBP has required air carriers to transmit PNR for flights to and from the U.S. to CBP since June, 25, 2002. | 3 | information obtained from a person that is privileged or confidential. Names of third parties and other personally identifiable information associated with third parties are withheld pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the third party information could reasonably be expected to be an unwarranted invasion of personal privacy. |
| | | Customs Declarations | | The badge numbers of federal employees and fax numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP |

---

[*] Please note that Bates Stamp Numbers 164-300 are discussed on the Vaughn Index for Documents Withheld in Full.

Government's Exhibit E

15

Suzuki Decl. Exh. E

# DOCUMENTS RELEASED IN PART

## Vaughn Index for Barnard v. Department of Homeland Security
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | | | and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to evade documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. The badge numbers of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the badge numbers could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |
| 304-313 | Referred by U.S. Immigration and Customs Enforcement | TECS II Display. These records provide information on reported | 10 | The internal identification codes, incident report numbers, incident type codes, and fax numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. The documents set forth CBP investigative procedures, methods, intra/inter-agency coordination (if |

Suzuki Decl. Exh. E

## DOCUMENTS RELEASED IN PART
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | | incidents at the time of entry into the U.S. | | any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees and names of third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the record sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and such information is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |

Government's Exhibit E          17

Suzuki Decl. Exh. E