Government's Exhibit F

## DOCUMENTS WITHHELD
## IN FULL
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 164-167 | Located at the Toronto Port of Entry and in an internal CBP database maintained at Office of Field Operations | CBP Internal Memoranda | 4 | The memos contain internal identification codes, phone/fax numbers that pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The documents as a whole set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. The memos contain the names and titles of federal employees and are withheld pursuant to Exemption (b)(6) as information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and Exemption (b)(7)(C) as information that was generated for general law enforcement purposes and the disclosure of names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the memos as a whole set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be |

1

Suzuki Decl. Exh. F

Government's Exhibit F

## DOCUMENTS WITHHELD
### IN FULL

Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 168-215 | Located in internal CBP database, maintained at CBP Headquarters, Washington, D.C. | Automated Targeting System (ATS) Record Display | 48 | The documents contain internal identification codes, record identification numbers, reference numbers, and telephone/fax number(s) which pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The documents as a whole set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees and third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents as a whole set forth CBP procedures, methods, intra/inter- |
| | | | | disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |

Suzuki Decl. Exh. F

# DOCUMENTS WITHHELD
## IN FULL
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

Government's Exhibit F

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 216-222 | Located in internal CBP database and/or hard copy form, maintained at Office of Field Operations | Communication Log | 7 | agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators.<br><br>The logs contain various internal identification codes, record identification numbers, reference numbers, handling codes and telephone/fax number(s) and pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The logs as a whole set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), |

Suzuki Decl. Exh. F

# DOCUMENTS WITHHELD IN FULL

## Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 223-226 | Located in internal CBP database, maintained at CBP Headquarters, Washington, D.C. | ATS Record Display | 4 | The documents contain various internal identification codes, reference numbers, and telephone number(s) which, pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The documents as a whole set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods.  Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by |
| | | | | because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy.  As stated above, the logs as a whole set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods.  Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |

Suzuki Decl. Exh. F

DOCUMENTS WITHHELD
IN FULL

Vaughn Index for *Barnard v. Department of Homeland Security*

Case No. 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 227-230 | Located in internal CBP database, maintained at CBP Headquarters, Washington, D.C. | ATS Record Display | 4 | The documents contain various internal identification codes, reference numbers, and telephone number(s) which pursuant to Exemption (b)(2) (low 2), should not be released because they relate to internal agency practices. The documents as a whole set forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to develop countermeasures to whom the documents may be disclosed, to develop countermeasures to |
| | | | | potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents as a whole set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |

Government's Exhibit F

Suzuki Decl. Exh. F

DOCUMENTS WITHHELD
IN FULL

Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 231-233 | Toronto Port of Entry | CBP Internal Report | 3 | evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents as a whole set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. The internal report contains internal identification codes, reference numbers and telephone/fax/cell phone number(s), which pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The internal report as a whole sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of |

Suzuki Decl. Exh. F

Government's Exhibit F

## DOCUMENTS WITHHELD
## IN FULL

Vaughn Index for *Barnard v. Department of Homeland Security*
Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 234 | Located in internal CBP computer on a shared drive with | CBP Internal Report | 1 | information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report as a whole sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. The internal report contains internal identification codes, record identification numbers, reference numbers, and telephone/facsimile number(s) and the location of the reporting office which pursuant to |

Suzuki Decl. Exh. F

Government's Exhibit F

## DOCUMENTS WITHHELD
### IN FULL
### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | limited access at CBP Headquarters, Washington, D.C. | | | Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The internal report as a whole sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy, and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the federal names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report as a whole sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting |

8

Suzuki Decl. Exh. F

Government's Exhibit F

DOCUMENTS WITHHELD
IN FULL

Vaughn Index for *Barnard v. Department of Homeland Security*

Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 235-236 | Located in internal CBP computer on a shared drive with limited access at CBP Headquarters, Washington, D.C. | CBP Internal Report | 2 | requirements and instructions on how to process international travelers, and special units that were deployed (if any), which could be similarly utilized by potential violators. |
| | | | | The report includes report numbers, reference numbers and telephone/fax number(s) which pursuant to Exemption (b)(2) (low 2) should not be released as they pertain to internal agency matters. The report as a whole sets forth CBP investigative procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. Names and positions of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names and titles could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the report as a whole sets forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would |

Suzuki Decl. Exh. F

## DOCUMENTS WITHHELD
## IN FULL.

### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 237 | Treasury Enforcement Communications System (TECS) | TECS Record Display | 1 | reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators.

The record contains computer codes, individual computer terminal codes, record numbers, other internal codes and a telephone number which pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The TECS record also provides information about investigative techniques and intra-agency law enforcement coordination (if any) and is withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Similarly, the information containing investigative techniques and intra-agency law enforcement coordination (if any) are withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. |
| 238-300 | Located in internal CBP database, maintained at CBP Headquarters. | ATS Record Display | 63 | The documents contain internal identification codes and record numbers that pursuant to Exemption (b)(2) (low 2) should not be released because they relate to internal agency practices. The documents as a whole set forth CBP investigative procedures, |

Government's Exhibit F

10

Suzuki Decl. Exh. F

# DOCUMENTS WITHHELD
## IN FULL

### Vaughn Index for *Barnard v. Department of Homeland Security*
### Case No: 06-CV-1393 (D.D.C.)

| Bates Stamp Number(s) | Location & Other Document Identifiers | Description | Total Number of Pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| | Washington, D.C. | | | methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and are withheld pursuant to Exemption (b)(2) (high 2) that allows for the withholding of information consisting of internal matters the disclosure of which would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. Names and positions of third parties are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of the names could reasonably be expected to be an unwarranted invasion of personal privacy. As stated above, the documents as a whole set forth CBP procedures, methods, intra/inter-agency coordination (if any) and internal routing procedures in regard to how an individual is processed through CBP and is withheld pursuant to Exemption (b)(7)(E) because disclosure would reveal CBP examination or inspection procedures and permit potential violators to whom the documents may be disclosed, to develop countermeasures to evade detection, inspection and targeting methods. Release would also reveal internal reporting requirements and instructions on how to process international travelers, which could be similarly utilized by potential violators. |

Government's Exhibit F

Suzuki Decl. Exh. F