UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>v.                                            )<br>)<br>DEPARTMENT OF HOMELAND  )<br>SECURITY                            )<br>)<br>Defendant.             )  | Civil No. 06-1393 (CKK) |

### DECLARATION OF ROBERT JACKSTA

1.   I am the Deputy Assistant Commissioner, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP) within the U.S. Department of Homeland Security (DHS). I have been with CBP (formerly, the U.S. Customs Service) since 1977, and have been the Deputy Assistant Commissioner since September 2007. In this capacity, I am responsible for overseeing border security, trade compliance, anti-smuggling, and passenger operations as well as overseeing the programs and operations of 20 major field offices, 326 ports of entry, 58 operational Container Security Initiative ports, and 15 Preclearance or Preinspection Stations in Canada, Ireland, and the Caribbean. These ports are staffed by 24,000 employees and have an operating budget of $3 billion. Previous to this position, I was the Executive Director, Traveler Security and Facilitation for approximately six years. In my previous position, I was responsible for the development of policies and procedures regarding the processing of passengers by CBP Officers at CBP's ports of entry. I am also aware of CBP's policies, practices and procedures for

Gov. Exh. A

carrying out its border security responsibilities, including its priority mission to prevent terrorism by detecting and interdicting the cross-border travel of terrorists, the movement of terrorist funds, and material assistance for terrorist activities, including the shipment of weapons of mass destruction and other harmful items. The statements in this declaration are based upon my personal knowledge, upon my review of information available to me in my official capacity and upon my conclusions.

2. This declaration is intended for submission with a motion for leave to file an under seal, in camera submission of a separate declaration signed by me concerning release of information identified on CBP's Vaughn Index of Documents Withheld in Full. This declaration contains information that, if released to Plaintiff or to the public, could compromise law enforcement gathering activities, would reveal CBP law enforcement practices, procedures, and techniques, and may enable persons to circumvent the law, avoid detection, and evade apprehension. As a result, even though the information provided in my declaration is not classified, disclosure of the information contained therein could do significant harm to the law enforcement interests of the United States.

3. Therefore, although the declaration of Shari Suzuki, which is to be filed publicly with Defendant's Motion for Summary Judgment, provides some details as to the records identified on CBP's Vaughn Index of Documents Withheld in Full, Defendant cannot provide a comprehensive explanation about the contents of these records and the rationale for withholding them from the public without doing so in camera.

Gov. Exh. A

Such a detailed discussion would necessarily reveal the very law enforcement sensitive information that Defendant seeks to protect.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 20, 2008.

*Robert Jacksta*
ROBERT M. JACKSTA

Gov. Exh. A