UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Case No.: 06-CV-1393 (CKK) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTIONS FOR LEAVE TO SUBMIT *IN CAMERA* DECLARATIONS

I.  **INTRODUCTION**

Plaintiff Neal D. Barnard, M.D., initiated this lawsuit to obtain certain records requested from Defendant pursuant to the Freedom of Information Act and the Privacy Act (collectively "FOIA/PA"). Dr. Barnard seeks records, pertaining to himself, explaining why federal officials employed by Defendant have, since January 2003, subjected Dr. Barnard to detention and searches during international travel. (*See* Pl. Mot. Recons. & 2d Mot. Summ. J. Mem. ("Barnard 2d MSJ"), at 3.) This lawsuit, initiated on August 7, 2006, arises out of Defendant's failure to properly respond to Dr. Barnard's July 20, 2005 FOIA/PA request to U.S. Customs and Border Protection ("CBP") and his March 21, 2006 FOIA/PA request to Immigration and Customs Enforcement ("ICE") (March 21, 2006). (*See id.* at 4–5.)

This Court initially ruled, on January 29, 2008, that Defendant properly withheld as exempt in their entirety all 7 responsive pages identified by Defendant prior to the Court's judgment. *See Barnard v. DHS*, 531 F. Supp. 2d 131, 139, 141 (D.D.C. 2008). However, Defendant revealed shortly thereafter that it possessed significantly more pages; to date, the total

exceeds 340 pages. (*See* Barnard 2d MSJ, at 5–13.) Further, Defendant admitted (over a course of time) that its submissions to the Court prior to its ruling were factually false in numerous regards. (*See id.* at 5–8, 18.) Based on this new information, both parties filed motions for summary judgment on June 25, 2008, in accordance with the Court's briefing schedule.

Although this Court admonished more than once in the weeks leading up to the June 25, 2008 deadline that it would not amend the briefing schedule, Defendant nevertheless now seeks to file two declarations in support of its motion for summary judgment after the deadline for submitting them has passed. In addition to submitting these declarations out of time, the government seeks to submit them *ex parte*, so as to avoid scrutiny of these new submissions by Dr. Barnard, without having shown good cause to do so. The Court should deny these attempts to circumvent the briefing schedule because Defendant's submissions are untimely and in violation of the Court's order and because *ex parte* submissions are inappropriate on the current record.

## II.    ARGUMENT

### A.    Defendant's Motions for Leave are Untimely and Violate the Court's Order

Defendant's difficulty adhering to this Court's deadlines is nothing new. Prior to filing the motions at issue here, Defendant filed motions to extend deadlines on eleven occasions. Hoping that Defendant would act in good faith, Dr. Barnard consented to all of these motions, and this Court has been more than patient by granting nine in full and one in part. As set forth below, Defendant has filed many of these motions immediately prior to or on important deadlines:

| Dated Filed | Motion | Proximity to Briefing Deadline | Purpose | Disposition |
|---|---|---|---|---|
| 9/12/06 | Defendant's Consent Motion For An Extension Of Time | 1 day prior | to allow Defendant time to review complaint and to allow Dr. Barnard to file amended complaint | granted |
| 10/25/06 | Defendant's Consent Motion For An Extension Of Time | 2 days prior | to allow Defendant time to evaluate amended complaint and attempt to resolve without further litigation | granted |
| 11/22/06 | Defendant's Consent Motion For An Extension Of Time | 5 days prior | to allow Defendant time to evaluate amended complaint and attempt to resolve without further litigation | granted |
| 01/09/07 | Defendant's Consent Motion For An Extension Of Time | filed on last day | to allow Defendant time to respond to First Amended Complaint or Second Amended Complaint | granted |
| 02/07/07 | Defendant's Consent Motion For An Extension Of Time | 1 day prior | to allow Defendant time to respond to Second Amended Complaint | granted |
| 03/23/07 | Defendant's Consent Motion For An Extension Of Time | 3 to 6 days prior | to allow Defendant time to investigate issues raised in briefs and to file a consolidated reply and opposition brief | granted |
| 04/04/07 | Defendant's Consent Motion For An Extension Of Time | filed on last day | to allow Defendant additional time to file consolidated brief | granted |
| 01/14/08 | Defendant's Consent Motion For An Extension Of Time | filed on last day | to allow Defendant time to process newly discovered responsive page | granted |
| 03/31/08 | Defendant's Consent Motion For An Extension Of Time | 7 days prior | to allow additional time to file Joint Status Report due to Defendant's counsel's trial schedule | granted |
| 05/19/08 | Defendant's Consent Motion To Amend The Court's May 5, 2008 Minute Order | 2 days prior | to allow Defendant time to determine whether to withdraw FOIA exemption | granted in part |
| 06/17/08 | Defendant's Consent Motion To Amend The Court's May 19, 2008 Minute Order | 8 days prior | to allow time to process newly discovered responsive records | denied |

In conjunction with Defendant's inconsistent behavior and false statements regarding its responses to Dr. Barnard's FOIA/PA requests (*see* Barnard 2d MSJ, at 5–13), Defendant's repeated need for additional time has caused this litigation to drag on unnecessarily. Indeed, this Court has recognized as much. In its May 19, 2008 Minute Order, the Court said "that the Court

3

shall provide [the parties] with NO FURTHER EXTENSIONS." (Minute Order of May 19, 2008.) Later, in granting Dr. Barnard's Motion for Leave to File a Third Amended Complaint, the Court stated, "The granting of this Motion shall not change the briefing schedule previously ordered by the Court on May 19, 2008." (Minute Order of June 9, 2008.) Most recently, the Court rejected another of Defendant's attempts to amend the scheduling order, stating,

> On May 19, 2008, the Court issued a Minute Order reviewing the procedural history of this case and expressing its exasperation with the lack of diligence displayed by counsel in prosecuting and defending this action. The Court admonished the Parties that it would not grant any further extensions to the Parties' briefing schedule, and underscored its point by using all capital letters (i.e., NO FURTHER EXTENSIONS). Incredibly, on June 17, 2008, Defendant filed a [38] Motion for an Extension of Time (styled as a Motion to Amend or Correct the Court's May 19, 2008 Minute Order) asking for a 14-day extension because the Immigration and Customs Enforcement ("ICE") found additional documents responsive to Plaintiff's FOIA request. The Motion fails to explain whether the ICE located one new document or one million new documents. Defendant's lack of specificity renders the Motion entirely deficient because the Court is unable to determine whether the 14-day extension request is necessary, even setting aside the Court's instruction to the Parties that no further extensions would be granted. Accordingly, the Court shall DENY WITHOUT PREJUDICE Defendant's [38] Motion for an Extension. The Parties are expected to comply with the schedule set forth in the Court's May 19, 2008 Minute Order.

(June 18, 2008 Minute Order.)

Defendant has not attempted to explain why it did not timely file, with its motion for summary judgment, its motion for leave to file the two declarations that it now proposes to submit *in camera*. Moreover, Defendant has admitted that these declarations are not even necessary:

> In support of [its motion for summary judgment], Defendant also submitted the Declarations of Reba McGinnis and Shari Suzuki and two *Vaughn* Indices. Although Defendant believes that two declarations plus its *Vaughn* Indices are sufficient as a matter of law to enable the Court to rule on the motion for summary judgment . . . .

4

(Def. Mot. for Leave to Submit *In Camera* Decl., at 1.) Thus, Defendant should not be allowed, at this late hour, to supplement the record with submissions that are unnecessary, untimely, in violation of the court's scheduling order, and, as set forth below, contrary to law.

      **B.**    **This Court Should Deny Defendant's Motions Because *In Camera* Declarations Impede the Effective Functioning of the Judicial System**

"[T]he use of *in camera* affidavits has generally been disfavored." *Executive Office of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996). This is especially true when a government agency submits an affidavit for *in camera* review to comply with its FOIA responsibilities, namely to justify exemptions invoked for withholding documents. "[T]he FOIA places the burden of justifying nondisclosure on the agency seeking to withhold the information, and this burden cannot be shifted by sweeping, generalized claims of exemption for documents submitted for in camera inspection." *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

*In camera* review of declarations is contrary to the proper and efficient functioning of the judicial adversarial system. "*In camera* inspections . . . are conducted without the benefit of an adversary proceeding. A denial of confrontation creates suspicions of unfairness and is inconsistent with our traditions." *Weissman v. CIA*, 565 F.2d 692, 697 (D.C. Cir. 1977). This in turn risks "a greater distortion of normal judicial process, since it combines the element of secrecy with the element of one-sided, *ex parte* presentation." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983). The result is an inspection that "is necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure." *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973). In short, the one-sided nature of Defendant's proposed *in camera* review is a disservice to the general philosophy of

disclosure codified in the FOIA and does not comport with the traditions of the adversarial process.

"[I]n camera affidavits . . . are only permissible if 'the interests of the adversary process are outweighed' by other crucial interests." *Lykins v. DOJ*, 725 F.2d 1455 (D.C. Cir. 1984) (citation omitted). Yet Defendant has not established the "crucial interest in secrecy in this case that outweigh[s] the importance of an effectively functioning adversary system and that would therefore justify circumvention of that system in this case." *See id.* at 1466. "[A] trial court should not use *in camera* affidavits unless necessary," *id.* at 1465, and then only "as a supplement to the detailed public record and adversary testing of the government's justifications for withholding information," *id.* at 1463.

Defendant has not, however, provided the requisite "detailed public record" to justify the extraordinary relief sought here. Defendant's purported justifications for making these dual *ex parte* submissions are so broad and general that they could apply to each and every FOIA case that involved either CPB or ICE. Nothing specific about this case or the documents sought is set out in the declarations filed to date. Defendant makes no attempt to explain why it cannot justify withholding the documents Dr. Barnard seeks on a public record. In fact, Defendant claims it can make an adequate showing to withhold the documents based upon declarations in the public record, but is obviously unsure if this assertion is correct (as so few of its assertions to date have been). This Court should not permit Defendant to attempt to correct any deficiencies in the public record by providing, *after the court-ordered deadline*, additional secret justifications that bypass the adversarial process.

A court's discretion to grant *in camera* review requires a consideration "whether the district judge believes that *in camera* inspection is needed in order to make a responsible *de novo*

determination on the claims of exemption." *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978). *In camera* review may be permitted only "where absolutely necessary." *Arieff*, 712 F.2d at 1471. This occurs only when "(1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted." *Id.* Here, *in camera* review is unnecessary because the validity of Defendant's assertion of exemptions can be evaluated based on the numerous declarations and *Vaughn* Indices already presented to the Court. Defendant has admitted as much by stating that ". . . Defendant believes that two declarations plus its *Vaughn* Indices are sufficient as a matter of law to enable the Court to rule on the motion for summary judgment[.]" (Def. Mot. for Leave to Submit *In Camera* Decl., at 1.) Further, Defendant has not demonstrated that public disclosure would compromise the secrecy asserted; to the contrary, Defendant's supporting declaration states that the information it proposes to submit for *in camera* review "is not classified." (Jacksta Decl. ¶ 2.) Thus, *in camera* review is inappropriate.

      The majority of the cases cited by Defendant do not demonstrate general acceptance of *in camera* declarations in the FOIA context and therefore are inapplicable. For example, in *Alexander v. FBI*, the request for *in camera* review was based on a motion to compel production that challenged the law enforcement investigatory privilege, as applied to a narrow scope of court-defined discovery materials. *See* 192 F.R.D. 37, 38–39 (D.D.C. 2000). In *United States v. Hsia*, the request for *in camera* review was based on challenges to assertions of the attorney-client and joint defense privileges. *See* 81 F. Supp. 2d 7, 8–9 (D.D.C. 2000). In *United States v. Neill*, the *in camera* review, including court-ordered *in camera* submissions, concerned an alleged intrusion into the attorney-client privilege. *See* 952 F. Supp. 834, 840, 843 (D.D.C.

7

1997). In *Washington Post v. Robinson*, the court discussed the "procedural requisites [that] must be met before a motion to seal a plea agreement may be granted in all but the extraordinary case." 935 F.2d 282, 289 (D.C. Cir. 1991). Finally, in *United States v. Smith*, the Third Circuit addressed *in camera* review of grand jury material contained in a sentencing memorandum, pursuant to FED. R. CRIM. P. 6(e), which mandates *in camera* review of grand jury material in certain circumstances. See 123 F.3d 140, 150 (3d Cir. 1997).

The FOIA cases cited by Defendant demonstrate the limited applicability of *in camera* review of declarations. In *Strang v. U.S. Arms Control & Disarmament Agency*, involving FOIA exemption (b)(7)(D) (which is not at issue in this case), the Court of Appeals explained that if a trial court permits an agency to submit a "detailed, classified declaration for *in camera* review of extremely sensitive information," the court also should ensure disclosure "to the plaintiff [of] all of the defendant's evidence that could be disclosed without violating a valid claim of privilege." See 920 F.2d 30, 31 (D.C. Cir. 1990). Similarly, although *Phillippi v. CIA*, permitted, under FOIA exemptions (b)(1) and (b)(3) (neither of which is at issue in this case), *in camera* review of affidavits related to a secret government operation, the court nevertheless required the agency to submit a detailed public affidavit providing the basis for its claims. See 546 F.2d 1009, 1012–13 (D.C. Cir. 1976). *Maynard v. CIA*, 986 F.2d 547, 557 (1st Cir. 1993), also cited by Defendant, originates outside of this jurisdiction and is not binding on this Court.

Because Defendant cannot demonstrate that secrecy needs outweigh the requirements of the adversarial process, Defendant's attempt to garner secret *in camera* review of declarations submitted after the deadline must be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Leave to Submit *In Camera* Declaration, dated June 27, 2008, and Defendant's Motion for Leave to Submit *In Camera* Declaration, dated July 2, 2008.

Respectfully submitted,

/s/ Daniel Kinburn

_____
Daniel Kinburn
PHYSICIANS COMMITTEE FOR
 RESPONSIBLE MEDICINE
5100 Wisconsin Avenue, N.W., Suite 400
Washington, D.C. 20016
Attorney for Plaintiff
(202) 686-2210 ext. 380
(202) 686-2155 (fax)

Dated: July 7, 2008