UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 06-1393 (CKK) |
| ) | ECF |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTIONS FOR LEAVE TO FILE DECLARATIONS
*IN CAMERA* (DKT. NOS. 41 & 42)**

**I.     Introduction.**

Plaintiff's Opposition only makes generalized arguments that allowing Defendant Department of Homeland Security ("DHS") to submit *in camera* declarations would undermine the adversarial process and such declarations are not necessary. Plaintiff also contends that Defendant's motions seeking leave of Court to submit *in camera* declarations are untimely.

As elaborated below, Plaintiff's arguments lack merit because the law allows the Court to entertain *in camera* declarations in determining the propriety of Defendant's invoked exemptions under the Freedom of Information Act ("FOIA"). Furthermore, Defendant has made an adequate showing for the need for the *in camera* declarations because Defendant cannot disclose any more information on the public record without revealing the very information that it seeks to protect. Finally, Plaintiff fails to show that he is prejudiced by Defendant's motions for leave or that there was a deadline for the filing of such motions.

1

For these reasons and those in Defendant's motions, the Court should allow Defendant to submit *in camera* declarations in support of Defendant's Motion for Summary Judgment.

**II.    Argument.**

**A.    Defendant's Motions For Leave Are Timely.**

Plaintiff devotes substantial ink to arguing that Defendant's two motions for leave to file additional declarations *in camera* are untimely.  Plaintiff's Opposition at 2-5 (" Opp."). Plaintiff's argument is simply flawed because the Court did not set any deadline for seeking leave to submit declarations *in camera*.  Indeed, Defendant complied with the Court's scheduling order by filing its motion for summary judgment and *Vaughn* Index (which are comprised of the declarations of Reba McGinnis and Shari Suzuki and two indices).  See Dkt. No. 39. Furthermore, the Local Rules do not specify the deadlines for seeking leave to submit declarations or other documents *in camera* or under seal.  See LCvR 5.1(j).

Recognizing the flaw of his untimeliness argument, Plaintiff then makes gratuitous attacks of Defendant's several motions for extension of time in this case.  See Opp. at 2-5. Plaintiff argued that Defendant caused this litigation "to drag on unnecessarily" by repeatedly seeking extensions of time.  See Opp. at 3.  Plaintiff's flawed argument only distracts the Court from the merits of Defendant's motions for leave.

Plaintiff, however, conveniently neglects to inform the Court that he consented to each of Defendant's motions for extension of time.  See Opp. at 3 (listing Defendant's **consent**   motions for extension of time).  Furthermore, Plaintiff also conveniently fails to fully disclose to the Court that the extensions of time in fact benefitted Plaintiff because the result was that DHS provided additional documents to Plaintiff in response to his FOIA request after the requested

2

extensions. See Defendant's Statement of Material Facts Not In Genuine Dispute ("SOF") at ¶¶ 16, 18, 19, 24 & 17 (describing Defendant's supplemental productions of documents to Plaintiff after January 2008).

More importantly, armed with additional information and documents as a result of Defendant's supplemental productions, Plaintiff sought leave (which Defendant did not oppose) to file a Third Amended Complaint that added another component of DHS (the U.S. Custom Border Protection ("CBP")) to Plaintiff's complaint and further challenged Defendant's withholding of documents. See Plaintiff's Unopposed Motion For Leave To File Third Amended Complaint (Dkt. No. 36).[1]

Moreover, Plaintiff failed to show how he is prejudiced at all by Defendant's motions seeking leave to submit two declarations *in camera*. As explained in Defendant's motions for leave, while Defendant believes that the McGinnis and Suzuki declarations are sufficient as a matter of law to enable the Court to determine the propriety of Defendant's invocation of FOIA exemptions (b)(2), (b)(4), (b)(6), (b)(7)(A), (b)(7)(C) and (b)(7)(E), Defendant wishes to provide the Court with more detailed bases for these FOIA exemptions. See Dkt. No. 41 at 1-2 (explaining that the purpose of the *in camera* Robert Jacksta declaration is to "provide the Court with a more detailed description of the bases for these FOIA exemptions and it would better serve the interest of justice in this case."); see also Dkt. No. 42 at 2 (explaining that the purpose for submitting a third-party agency declaration *in camera* is to provide "the Court with additional factual context to further support the FOIA exemptions claimed by ICE and CBP. Neither

---

[1] Plaintiff's initial FOIA Complaint only referenced U.S. Immigration and Custom Enforcement ("ICE"), a component of DHS. See Dkt. No. 1.

Plaintiff nor the public has knowledge about these facts."). Indeed, because the *in camera* declarations are to assist the Court and Plaintiff would not be able to review them any way, there is no prejudice to Plaintiff at all.

Finally, the several extensions of time sought by Defendant actually narrowed the disputed issues in this case. For instance, as a result of a request for additional time to submit a Joint Status Report, the parties conferred and narrowed the disputed issues to only those contained in the May 1, 2008 Joint Status Report. See Apr. 23, 2008 Minute Order and Dkt. No. 34. Moreover, after Defendant sought an extension of time on May 19, 2008 (with Plaintiff's consent), CBP decided that it would no longer invoke FOIA Exemption 7(A). Defendant's SOF at ¶ 26 (Dkt. No. 39) (explaining that, on June 4, 2008, CBP no longer invoked Exemption 7(A)). This decision further reduced the number of FOIA exemptions to be litigated in this case.

Under these facts, there is no factual or legal basis for the Court to deny Defendant's motions because Defendant did not file the motions for leave on the same day that it filed its summary judgment motion.

**B.**     ***In Camera* Declarations In This Case Are Permissible.**

Citing Abrieff v. U.S. Dep't of the Navy, 712 F.2d 1462, 1469 (D.C. Cir. 1983) out of context, Plaintiff argues that Defendant's proposed *in camera* review of the declarations "is a disservice to the general philosophy of disclosure in the FOIA and does not comport with the traditions of the adversarial process." See Opp. at 5-6. Plaintiff's argument is not the view of the D.C. Circuit. In Abrieff, the D.C. Circuit explained that "the Freedom of Information Act specifically authorizes courts to examine contents of agency records *in camera*" to determine whether the records should be withheld. 712 F.2d at 1449 (citing 5 U.S.C. § 555(a)((B)).

The D.C. Circuit further elaborated that "the statutory authorization for *in camera* examination of records was merely a confirmation of (and perhaps encouragement to the use of) a power that the courts already possessed." Id. The D.C. Circuit then observed that "like that power, the receipt of *in camera* affidavits is also, when necessary, 'part of a trial judge's procedural arsenal.'" Id. The D.C. Circuit noted that it has approved submissions of *in camera* declarations in FOIA cases. Id. Therefore, under the law and contrary to Plaintiff's assertion, allowing Defendant to submit *in camera* declarations in this case is part of the Court's "procedural arsenal" and it is permissible. Furthermore, because Defendant has also submitted two declarations in the public record the "adversarial process" is not affected at all.

Plaintiff also argues that Defendant "makes no attempt to explain why it cannot justify withholding the documents Dr. Barnard seeks on a public record." See Opp. at 6. Plaintiff further asserts that Defendant has not shown that "public disclosure would compromise the secrecy asserted." Id. at 7. This argument ignores the Jacksta Declaration submitted in support of Defendant's motion for leave. See Dkt. 41 (Declaration of Robert Jacksta). In that declaration, Mr. Jacksta explained that although the Suzuki Declaration (submitted in support of Defendant's motion for summary judgment) provides the justifications for withholding certain documents, the declaration cannot "provide a more comprehensive explanation about the contents of these records and the rationale for withholding" without revealing "the very law enforcement sensitive information that Defendant seeks to protect." See Jacksta Decl. at ¶ 3 (Dkt. No. 41). The information that Defendant seeks to protect includes law enforcement activities and CBP's law enforcement practices, procedures and techniques. Id. at ¶ 2. The two proposed *in camera* declarations contain information that "[n]either Plaintiff nor the public has

5

knowledge about." See Dkt. No. 42.[2]  In short, Defendant's two motions for leave set forth explanations why the information describing Defendant's law enforcement activities and techniques in the proposed *in camera* declarations cannot be made public.  See Ray v. Turner, 587 F.2d 1187, 1211 & n.43 (D.C. Cir. 1878) (noting that *in camera* declarations are reserved for "unusual and sensitive circumstances" and that they may be employed to assist in the resolution of particular sensitive FOIA issues).

Plaintiff criticizes the cases cited in Defendant's motions arguing that those cases do not involve submission of *in camera* declarations in the FOIA context.  See Opp. at 7-8.  Plaintiff's argument misses the point.  Although not dealing with the FOIA specifically, the cases cited by Defendant uniformly demonstrated that the practice of allowing a party to submit documents or declarations for *in camera* review is a permissible practice.  See Def. Mot. at 2 (Dkt. No. 41).

Plaintiff further contends that the FOIA cases[3] cited by Defendant are inapposite because those cases do not deal with the FOIA exemptions at issue in this case.  See Opp. at 8.  Again, Plaintiff misses the point.  The cases cited stand for the underlying principle that allowing *in camera* declarations is an acceptable practice and it is a part of the Court's "procedural arsenal."

---

[2] Plaintiff also maintains that the Court should not allow Defendant to correct any deficiencies in the public record "by providing, *after the court-ordered deadline,* additional secret justifications that bypass the adversarial process."  See Opp. at 6 (italics in original). Plaintiff's argument lacks merit.  Even assuming that Defendant filed the two motions for leave on the same day that it filed its motion for summary judgment, without an order from the Court granting leave to submit *in camera* declarations, Defendant would not be able to submit the two proposed declarations on the day that it filed its dispositive motion.  Therefore, Defendant could not have submitted the *in camera* declarations on the date of the motion for summary judgment.

[3] Maynard v. CIA, 986 F.2d 547, 557 (1st Cir. 1993), Phillippi v. CIA, 546 F.2d 1009, 1013 (D.C. Cir. 1976); and Strang v. United States Arms Control And Disarmament Agency, 864 F.2d 859, 867 (D.C. Cir. 1989).  See Def. Mot. at 2 (Dkt. No. 41); Def. Mot. at 2 (Dkt. No. 42).

See Abrieff, 712 F.2d at 1469. In any event, the D.C. Circuit has previously approved *in camera* declarations within the context of FOIA Exemption 7(A) to protect investigatory records and law enforcement proceedings. See Abrieff, 712 F.2d at 1469 (citing Campbell v. HHS, 682 F.2d 256, 265 (D.C. Cir. 1982)).[4] Another court in this District also contemplated allowing submission of *in camera* declarations to justify the withholding of documents under FOIA Exemption 7(E) to protect law enforcement techniques. See Smith v. ATF, 977 F. Supp. 496, 501 (D.D.C. 1997) (observing that, in the context of FOIA Exemption 7(E), "[i]f the necessary detail would disclose the very information [the agency] seeks to withhold, defendant may provide this detail to the Court in an *in camera* declaration and may submit the documents themselves for an *in camera* review."). This is the types of information that Defendant seeks to protect from disclosure by seeking leave to submit *in camera* declarations.

---

[4] Although CBP no longer relies upon Exemption 7(A) to justify withholding its own records, ICE continues to assert this exemption to withhold 7 pages of records in their entirety. See McGinnis Declaration (Dkt. No. 39).

**III.    Conclusion.**

As explained in Defendant's two motions seeking leave of Court to submit *in camera* declarations, Defendant's publicly filed *Vaughn* Index (two declarations and two indices) is sufficient as a matter of law to enable the Court to rule on the motion for summary judgment. The two proposed *in camera* declarations are intended to provide the Court with additional factual bases – facts that are not known to Plaintiff or the public – supporting the bases for Defendant's various FOIA exemptions.

For the foregoing reasons and those set forth in Defendant's two motions for leave, the Court should grant Defendant's motions for leave to file in camera declarations.

Dated: July 17, 2008.                              Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant