UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 06-1393 (CKK) |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF LAURENCE CASTELLI**

1. My name is Laurence Castelli, and I am the Chief of the Privacy Act Policy and Procedures Branch (Privacy Branch), Regulations and Disclosure Law Division, Regulations and Rulings, Office of International Trade, U.S. Customs and Border Protection (CBP). As such, I am the official responsible for the overall supervision of compliance with the Privacy Act in CBP record systems. I have been with CBP (and the former U.S. Customs Service) for 19 years and have been the Chief Privacy Officer in Washington, D.C., since my appointment as Chief of the Privacy Branch on July 24, 2005. Prior to becoming the Chief Privacy Officer, I was the Senior Attorney-Advisor for the Disclosure Law Branch, a predecessor for both the Privacy Branch and the FOIA Appeals, Policy and Litigation Branch. I worked in the Disclosure Law Branch for ten years handling a variety of FOIA appeals and providing support in several litigation matters arising from those appeals.

2. I am familiar with the procedures followed by CBP in responding to requests for information from its files pursuant to the provisions of 5 U.S.C. § 552 (the

FOIA), and 5 U.S.C. § 552a (the Privacy Act). Specifically, I am familiar with the procedures followed by the Agency in responding to Plaintiff's request for information in this matter. The statements contained in this declaration are made on the basis of my review of the official files and records of this office, my personal knowledge of the internal operations of this office and Agency, and information acquired by me in the course of the performance of my official duties.

3. This declaration is provided in support of Defendant's Opposition to Plaintiff's Motion for Reconsideration, Second Motion for Summary Judgment.

4. Documents located at Bates Stamp Numbers 1, 164-167, 216-222, and 231-233 are maintained in the Targeting Framework (TF), which is part of the Automated Targeting System (ATS).[1] The TF and the ATS are related in that the TF is an emerging module within the ATS. Although the TF is not specifically mentioned in the ATS Systems of Record Notice (SORN), see 72 Fed. Reg. 43,650 (Aug. 6, 2007), the general functionality of ATS encompasses the TF, which is specifically mentioned in the Privacy Impact Assessment (PIA) for the ATS. See Privacy Impact Assessment for the Automated Targeting System (Aug. 3, 2007) (Exhibit A to Declaration of Laurence Castelli). CBP's technology often evolves faster than the Agency can update its SORNs. In order to meet its obligations under the Privacy Act and through Privacy Impact Assessments, CBP periodically updates its documents that cover systems such as ATS. It is anticipated that an update of the ATS SORN and PIA planned during the final quarter of FY 2008 will include the TF.

---

[1] In addition, the document located at Bates Stamp Number 1 only contains text copied from a TECS record, which is located at Bates Stamp Numbers 31-32. Because TECS records are exempted from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2) per 31 C.F.R. § 1.36(c)(iv), this record is also exempt from the access provisions of the Privacy Act. See System of Records Notice, 66 Fed. Reg. 52984 (Oct. 18, 2001).

5.  Documents located at Bates Stamp Numbers 234-236, which are listed in the Vaughn Index for Documents Withheld in Full, are not maintained in a CBP Privacy Act System of Records, nor are they indexed or retrieved using plaintiff's name or any personal identifier assigned to plaintiff.

6.  Customs Declarations located at Bates Stamp Numbers 301-303, which are listed in the Vaughn Index for Documents Released in Part, are likewise not maintained in a CBP Privacy Act System of Records. Rather, Customs Declarations submitted to CBP by air travelers are bundled by flight number and date and maintained at the respective ports of entry for the duration of their retention period.

7.  With respect to Bates Stamp Numbers 301-303 (Customs declarations referred to CBP by U.S. Immigration and Customs Enforcement), I understand that these documents were maintained in an ICE investigative file. Therefore, in addition to these records not being maintained in a CBP Privacy Act System of Records, they would also be exempt from disclosure under 5 U.S.C. § 552a(j)(2) and (k)(2) to the extent they are maintained in and retrieved by ICE from an investigative file.

<u>See</u> System of Records Notice on Investigations Records Systems, 66 Fed. Reg. at 53007-08 (Oct. 18, 2001) ("This system is exempt from 5 U.S.C. 552a(c)(3), (c)(4), (d)(1), (d)(2), (d)(3), (d)(4), (e)(1), (e)(2), (e)(3), (e)(4), (G), (H) and (I), (5) and (8), (f) and (g) of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2), (k)(2) and (k)(5).").

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of July, 2008.

_____
Laurence Castelli

Office of International Trade
U.S. Customs and Border Protection
Washington, D.C.