**Truong, John (USADC)**

| | |
|---|---|
| **From:** | Truong, John (USADC) |
| **Sent:** | Wednesday, January 23, 2008 4:13 PM |
| **To:** | 'Mark Kennedy'; Dan Kinburn |
| **Subject:** | RE: Barnard v. Homeland Security |
| **Attachments:** | notice and supp motion (Jan 22 08).wpd |

Mark:

This is to follow up on our conversation of last week re: the documents found by Custom Border Protection. I am attaching a draft notice and motion to stay proceedings for your review and consent. This document has not been reviewed and approved by my supervisory staff.

Please let me know if you consent to the motion to stay.

Many thanks,
John


John C. Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406
(202) 514-8780 (fax)



GOVERNMENT EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.: 06-1393 (CKK) |
| ) | ECF |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**NOTICE AND DEFENDANT'S [CONSENT??] MOTION TO STAY**

Defendant United States Department of Homeland Security submits this Notice and [Consent??] Motion to Stay to apprise the Court of the recent development in this litigation and to seek a stay until the administrative process has run its course.

**A.   Recent Development.**

Pursuant to the Court's January 8, 2008 Minute Order, Defendant reviewed its files to submit six pages of documents for *in camera* review. During that review process, Defendant discovered that it might not have properly processed Plaintiff's July 20, 2005 FOIA request.

Specifically, on July 20, 2005, Plaintiff submitted a FOIA/PA request to U.S. Customs and Border Protection ("CBP"). See Gov. Ex. 1 (Dkt. No. 14). Upon receipt of Plaintiff's July 2005 FOIA, CBP misunderstood it as a "traveler's complaint" and processed it as such, not under CBP's FOIA procedure.

As a consequence, on August 15, 2005, CBP responded to Plaintiff's July 20, 2005 FOIA letter by referring him to the U.S. Immigration and Customs Enforcement ("ICE"). See Gov.

1

Exh. 2 (Dkt. No. 14). CBP closed the file on Plaintiff's July 2005 FOIA request. Thereafter, on March 21, 2006, Plaintiff submitted a FOIA request to ICE (Gov. Exh. 3, Dkt. No.14), which is the subject of this litigation.

During the course of responding to the Court's January 8, 2008 Minute Order, it came to ICE's attention that CBP might not have processed Plaintiff's July 20, 2005 letter as a FOIA request. ICE followed upon on this suspicion and consulted with CBP. After further review, CBP confirmed that indeed it did not process Plaintiff's July 2005 letter as a FOIA request under its FOIA procedures. Upon discovering this inadvertent error, CBP is taking steps to correct it and it is now processing Plaintiff's July 2005 letter under its FOIA procedures.

CBP conducted a search for records on January 17, 2008, and discovered that it has approximately 70 pages of potentially responsive documents. CBP intends to complete processing the documents by February 5, 2008. This time is necessary to ensure a complete and thorough review of the approximately 70 pages of documents containing law enforcement sensitive information and to ensure that CBP releases all non-exempt information to Plaintiff. More particularly, CBP will release non-exempt documents – either in whole or in part – to Plaintiff once it has completed processing the documents under FOIA.

**B.    The Need to Stay This Case.**

In light of the above-described development, it may be necessary for the Court to stay this matter until administrative remedies have been exhausted to avoid piece-meal litigation.

Exhaustion of administrative remedies is required under FOIA before a party can seek judicial review. Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). The purpose of the exhaustion requirement is to give the agency "an opportunity to

2

exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow "the top managers of an agency to correct mistakes made at lower levels and thereby obviate unnecessary judicial review." Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).

In this case, Plaintiff will need to exhaust administrative remedies for CBP's documents before it can challenge CBP's action in federal court. Specifically, after CBP's release of non-exempt documents (either in whole or in party), Plaintiff may appeal CBP's decision if it believes that CBP's decision to withhold or redact any of the documents under the various FOIA exemptions was erroneous. On administrative appeal, CBP's decision may be reversed or affirmed, in whole or in part. This administrative exhaustion process will either resolves the disputed issues entirely and thereby obviates the need for judicial review, or narrows the disputed issue and thereby reduces the number of issues for the Court to decide. After Plaintiff has exhausted the prerequisite administrative remedies, he may need to amend the Second Amended Complaint to include allegations relating to CBP. At present, the Second Amended Complaint only sets forth allegations against ICE. See Dkt. No. 11. After Plaintiff properly amends his Second Amended Complaint, the parties can litigate all issues in this Court at the same time.

Without a stay of proceedings at this juncture, the Court may need to expend resources to decide the parties' currently ripe Cross Motions for Summary Judgment. Then, after Plaintiff exhausts the administrative remedies on CBP's documents, the parties may file additional cross motions for summary judgment litigating CBP documents. As a result, the Court will need to expend even more resources to adjudicate a second round of motions for summary judgment. However, if the Court stays all proceedings and allows the CBP process to catch up, then the

3

Court can decide all issues in one proceeding.[1]

**C.     Conclusion.**

For the foregoing reasons, to conserve the parties' resources and advance judicial economy, the Court should stay proceedings in this case until Plaintiff has exhausted administrative remedies for CBP documents.

Dated: January 23, 2008.                                    Respectfully Submitted,


                                                            /s/  Jeffrey A. Taylor
                                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                            United States Attorney


                                                            /s/  Rudolph Contreras
                                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                                            Assistant United States Attorney

                                                            /s/  John C. Truong
                                                            JOHN C. TRUONG, D.C. BAR #465901
                                                            Assistant United States Attorney
                                                            555 Fourth Street, N.W.
                                                            Washington, D.C.  20530
                                                            (202) 307-0406

                                                            Attorneys for Defendant

---

[1]     The Court may close this case administratively during the stay and re-open it when the parties notify the Court that Plaintiff has exhausted administrative remedies.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEAL D. BARNARD, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>)<br>Defendant. )<br>_____ ) | Civ. No.: 06-1393 (CKK)<br>ECF |

**ORDER**

Upon consideration of Defendant's Notice and Consent Motion to Stay Proceedings and the entire record herein, it is this _____ day of _____, 2008,

ORDERED that Defendant's Consent Motion to Stay Proceedings be and is hereby GRANTED; it is

ORDERED that parties shall promptly notify the Court after Plaintiff has exhausted administrative remedies for documents found by the Customs and Border Protection; and it is

FURTHER ORDERED that the above-captioned action shall be ADMINISTRATIVELY CLOSED until the parties request the Court to re-open the case.

SO ORDERED.

_____
U.S. DISTRICT JUDGE

Copy via ECF:
John C. Truong, Counsel for Defendant
Daniel Kinburn, Counsel for Plaintiff