# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEAL D. BARNARD, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 06-1393 (CKK) |
| | ) | ECF |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
## SUMMARY JUDGMENT RE: THIRD AMENDED COMPLAINT

**I.     Introduction.**

Plaintiff's Opposition (Dkt. No. 45) to Defendant's Motion for Summary Judgment (Dkt. No. 39) rehashes arguments made in his Motion for Reconsideration/Cross Motion for Summary Judgment (Dkt. No. 41). These same arguments have been thoroughly addressed in Defendant's Opposition (Dkt. No. 46) to the said motion.

Furthermore, as shown below, Plaintiff continues to raise arguments that the Court previously rejected in its January 29, 2008 Memorandum Opinion. See Barnard v. DHS, 351 F. Supp.2d 131 (D.D.C. 2008). In short, Plaintiff has not demonstrated that Defendant improperly invoked the various Freedom of Information Act (FOIA) exemptions to withhold documents and, therefore, the Court should grant summary judgment in Defendant's favor and dismiss this case.

II.     **Argument.**

    A.     **The Declarations Submitted In Support of Defendant's Motion for Summary Judgment Are Valid Under The FOIA.**

        1.     **The Marshall Fields Declaration Complies With The FOIA.**

Plaintiff argues that the Marshall Fields Declaration, submitted in support of Defendant's *initial* motion for summary judgment (Dkt. No. 14-3) is false because the Second Gloria Marshall Declaration (Dkt. No. 29-3) has discredited it. See Opp. at 3-5 (Dkt. No. 45). The validity of the Marshall Fields Declaration has been thoroughly addressed in Defendant's Opposition to Plaintiff's Motion for Reconsideration/Cross Motion for Summary Judgment. See Def.'s Opp. at 8-12 (Dkt. No. 46). There is no need to reiterate the argument here.

Plaintiff also contends that the Marshall Fields Declaration is false because there were actually seven pages of responsive documents, not just six pages (as discussed in the Marshall Fields Declaration). See Opp. at 4 (Dkt. No. 45). This argument has also been addressed in Defendant's Opposition and the Court's January 29, 2008 Opinion, and therefore, it is not necessary to address it here. See Def.'s Opp. at 4 n.2 (Dkt. No. 46); Barnard v. DHS, 531 F. Supp.2d 131, 141 n.9 (D.D.C. 2008).

In short, Plaintiff's current Opposition does not set forth any new evidence showing that the Marshall Fields Declaration is invalid under the FOIA. Accordingly, the Court should find that the Marshall Fields Declaration complies with the FOIA requirements.

        2.     **The Second Gloria Marshall Declaration and The Reba McGinnis Declaration Comply With The FOIA.**

Plaintiff argues that the Second Gloria Marshall Declaration (Dkt. No. 29-3) is invalid because it does not comply with Fed. R. Civ. P. 56(e) and it contains inadmissible hearsay. See

Opp. at 6-7 (Dkt. No. 45).  In a similar context, the Court previously rejected this precise legally

untenable argument advanced by Plaintiff.  In rejecting Plaintiff's assertion, the Court observed

that "Plaintiff misunderstands the personal knowledge requirement for FOIA declarations."  <u>See</u>

<u>Barnard</u>, 531 F. Supp.2d at 138.  Therefore, it is baffling that Plaintiff raises this same argument

again here.  In any event, the validity of the Second Gloria Marshall Declaration (Dkt. No. 29-3)

has been thoroughly briefed in Defendant's Opposition and need not be repeated here.  <u>See</u>

Def.'s Opp. at 12-15 (Dkt. No. 46).  Plaintiff's Opposition does not raise new arguments not

previously asserted in his Cross Motion for Summary Judgment.

        Plaintiff also challenges the validity of the *first* Reba McGinnis Declaration (Dkt. No. 39-

2) arguing that Ms. McGinnis obtained her information from a source other than from the

records.  <u>See</u> Opp. at 7 (Dkt. No. 45).  Plaintiff advanced this same assertion when challenging

the validity of the Marshall Fields Declaration, which the Court resoundingly rejected.  <u>See</u>

<u>Barnard</u>, 531 F. Supp.2d at 138.

        In <u>Barnard</u>, the Court rejected Plaintiff's very same argument and noted that, in FOIA

cases, a declarant satisfies the personal knowledge requirement if the declaration attests to the

person's personal knowledge of the procedures used in handling a FOIA request or her

familiarity with the documents in questions.  <u>Id.</u>  Here, Ms. McGinnis, the Unit Chief of the

Information Disclosures Unit, made the declaration because she was "familiar with the facts in

this case."  McGinnis Decl. at ¶ 4 (Dkt. No. 39-2).  She further explained that the statements in

her declaration were "based on [her] personal knowledge and experience, review of the

documents kept in the course of business, and information conveyed to [her] in the course of

[her] official duties."  <u>Id.</u>  Given the clear attestation of Ms. McGinnis's knowledge of the facts

here, her declaration (Dtk. No. 39-2) meets the requirements for a FOIA declaration. Therefore, the Court should reject Plaintiff's challenge and find that the *first* Reba McGinnis Declaration (Dtk. No. 39-2) is valid.

### B. Defendant Properly Invoked The Various FOIA Exemptions To Withhold Documents.

### 1. Exemption (b)(6)

Plaintiff challenges Defendant's invocation of Exemption (b)(6) to withhold identifying information of certain employees of the U.S. Custom and Border Protection ("CBP") and other third parties. <u>See</u> Opp. at 8-10 (Dkt. No. 45). Specifically, Plaintiff maintains that (a) the names and positions of federal employees or third parties are not information that would rise to the level of invading the privacy of those persons, and (b) that Plaintiff allegedly knows the names of these persons. <u>Id.</u> Plaintiff's argument is not supported by the law.

As an initial matter, other courts that have confronted the issue whether to withhold a person's name and other identifying information have uniformly held that such information is protected under Exemption (b)(6). <u>See</u> <u>Judicial Watch, Inc. v. FDA</u>, 449 F.3d 141, 152 (D.C. Cir. 2006) (discussing (b)(6) in explaining "[w]e have also read the [FOIA] statute to exempt not just files, but also bits of personal information, such as names and addresses, the release of which would create a palpable threat to privacy.") (internal quotation and alteration omitted); <u>see also</u> <u>Amnesty Int'l v. CIA</u>, 2008 WL 2519908, at *15-16 (S.D.N.Y. June 19, 2008) (upholding applying (b)(6) to government's redaction of the name, address, and phone number of a person at the Heritage Foundation).

The court in <u>Judicial Watch</u> emphasized that a challenge to the application of exemption 6 requires identifying a public interest: "to determine whether the [agency] appropriately

-4-

withheld these names and addresses, we must balance the private interest involved (namely, the individual's right of privacy) against the public interest (namely, the basic purpose of the Freedom of Information Act, which is to open agency action to the light of public scrutiny). 449 F.3d at 153 (internal quotations omitted). Knowing the names and other identifying information (including SSNs) of the CBP personnel and third parties listed in Plaintiff's records will do nothing to accomplish the stated purpose of opening agency action to public scrutiny.

In other words, releasing these names does not in any way provide Plaintiff with information on how CBP performs its operations, which is the only interest FOIA is intended to advance. Furthermore, releasing identifying information about CBP Officers will not contribute to Plaintiff being able to identify the reason for past stops or prevent future stops at the border. See Opp. at1-2 (Dkt. No. 45) (explaining that Barnard seeks "nothing more than" the reason Defendant's employees "harassed" him at the border in the past).

Second, as explained in Defendant's Opposition (Dkt. No. 46), just because Plaintiff may know the names of CBP officers or other third parties does not eviscerate the application of Exemption (b)(6). See Def.'s Opp. at 24-25 (citing cases). Finally, Plaintiff has not shown what compelling public interest would be served by disclosing the names and other identifying information of CBP officers or other third parties. See Voinche v. FBI, 940 F.Supp. 323, 330-31 (D.D.C. 1996) (noting that absent a compelling public interest in disclosing the names of certain individuals, Exemptions (b)(6) and (7)(C) apply to protect names and other identifying information of individuals). Without more, the Court should grant summary judgment in Defendant's favor on this claim.

2.      **Exemption 7(A).**

-5-

The gravamen of Plaintiff's challenge to the U.S. Immigration and Custom Enforcement's (ICE) application of Exemption 7(A) is that there does not exist a nexus between Plaintiff and an on-going law enforcement activity.  <u>See</u> Opp. at 11-12 (Dkt. No. 45).  Plaintiff's argument lacks merit.

Contrary to Plaintiff's assertion, it is well established that the four records withheld by ICE relate to an ongoing enforcement proceeding.  Specifically, information related to Plaintiff contained in the four pages of the "ICE Significant Incident Reports" is "relevant to other ongoing investigations."  <u>See</u> Def. Motion at 6-7 (Dkt. No. 39).  Furthermore, ICE also explained that  the release of the records could adversely affect the "other ongoing investigations."  <u>Id</u>. (citing McGinnis Decl. at ¶ 24 (Dkt. No. 39-2)).  Specifically, such a release "could negatively impact the other investigations by revealing the focus of those investigations."   Second Declaration of Reba A. McGinnis at ¶ 13 (Dkt. No. 46-2).[1]  Moreover, the release of the four ICE records would allow "subject(s), or potential subject(s), of those investigations the ability to alter their behavior in order to circumvent the law and avoid detection" and "the opportunity to destroy evidence and intimidate witnesses."  <u>Id.</u>  "This would not only interfere with ongoing investigations, but could also hamper any potential prosecutions."  <u>Id.</u>   Under these facts, ICE has properly invoked Exemption 7(A) to withhold documents pertaining to Plaintiff.[2]

### 3.       Exemption 7(C).

_____

[1]        As explained in Defendant's two motions for leave to file two additional declarations *in camera* (Dkt. Nos. 41 & 42), Defendant wishes to provide the Court with additional information on pending criminal investigations that cannot be disclosed to Plaintiff and the public.  The proposed *in camera* declarations describe the nexus between Plaintiff and the pending investigations.

[2]        CBP is not invoking Exemption 7(A) to withhold any records.

Plaintiff's argument that Exemption 7(C) does not apply to allow CBP to withhold certain documents is just another iteration of his argument of the inapplicability of Exemption (b)(6).  See Opp. at 13-16 (Dkt. No. 45).  Similar to his Exemption (b)(6) argument, the fatal flaw of Plaintiff's 7(C) argument is the failure to identify a compelling public interest in the disclosure of the names and other identifying information of CBP employees or other third parties.  See Def.'s Opp. at 20 (Dkt. No. 46).  See also Voinche, 940 F.Supp. at 330-31 (upholding exemption (b)(6) and (b)(7)(C) and explaining that "[t]he information withheld in this case under Exemption (b)(6) consists entirely of names and identifying data of individuals. There is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of FBI Special Agents and support personnel, private citizens who wrote to government officials, non-federal law enforcement officers, non-FBI federal employees or candidates for vacancies on the U.S. Supreme Court.").  Here, the Court should grant summary judgment in Defendant's favor because Plaintiff has not articulated a compelling public interest that requires disclosure of private information of CBP employees and other third parties.

### 4.    Exemption 7(E).

Since Plaintiff has not challenged CBP's application of (b)(2) (high) to withhold documents Plaintiff is foreclosed from challenging the use of Exemption 7(E) here.  Specifically, CBP invoked both Exemptions (b)(2) (high) and 7(E) to withhold documents (either in part or in whole) with the following Bates number: 1-3, 5-52, 54-142, 164-313.  See Def. Motion at Exh. E & F (Dkt. No. 39).  Given that Plaintiff does not challenge CBP's use of Exemption (b)(2) (high) (see May 1, 2008 Joint Status Report), any challenge to the invocation of 7(E) should be rejected

because (b)(2) (high) would apply in any event to protect the documents from disclosures.[3]

On the merits, Plaintiff primarily argues that CBP's investigative techniques and routine procedures used at airports are widely known and therefore they should not be withheld.  See Opp. at 17 (Dkt. No. 45).  Plaintiff's argument misses the point.

As explained in Defendant's Motion for Summary Judgment, even assuming that certain techniques and procedures may be generally known to Plaintiff or the public, courts have held that withholding commonly known law enforcement techniques is still proper if the disclosure of the information undermines or nullifies the effectiveness of the techniques.  See Def. Motion at 10-11, 16-18 (Dkt. No. 39) (citing cases).[4]  Without more, Plaintiff has not shown that Exemption 7(E) does not apply to protect law enforcement techniques from disclosure.

### C.    Segregability.

Plaintiff devotes two perfunctory paragraphs to arguing that both ICE and CBP fail to provide reasons why the non-exempt information cannot be extricated from the exempt information.  See Opp. at 19 (Dkt. No. 45).  Although Plaintiff acknowledges that the agencies conducted a line-by-line review of the withheld documents, Plaintiff maintains that it is only "window dressing."  Id.

Contrary to Plaintiff's conclusory assertion, Defendant reviewed the withheld documents

---

[3]      See also Defendant's Motion for Summary Judgment at 18 n.12 (Dkt. No. 39) (explaining the applicability of (b)(2) (high) to CBP's withheld documents).

[4]      The proposed in camera Robert Jacksta Declaration describes information that, if released to Plaintiff or to the public, could compromise law enforcement investigative activities, would reveal CBP law enforcement practices, procedures, and techniques, and may enable persons to circumvent the law, avoid detection, and evade apprehension.  See public Robert Jacksta Declaration at ¶ 2 (Dkt. No. 41-1).  This is another basis for the Court to grant the motion for leave to file declarations.

line by line and determined that the non-exemp information is inextricably intertwined with the exempted information. See Def. Motion at 11-12, 18 (Dkt. No. 39). Aside from his vague challenge to the segregability of the documents, Plaintiff has not produced any evidence showing otherwise.

In any event, the Court has the discretion to order the withheld documents to be submitted for *in camera* review for segregability determination. See Barnard, 531 F. Supp. 2d at 140-41. In fact, prior to issuing the January 29 Order granting summary judgment in ICE's favor, the Court ordered ICE to submit the withheld documents for *in camera* review. Id. at 141. After reviewing the documents, the Court was satisfied that the exempt and non-exemption information was so intertwined that segregating the information was not possible. Id. The Court should do the same here, if necessary.

**III.     Conclusion.**

For the foregoing reasons and those set forth in Defendant's Motion for Summary

Judgment (Dkt. No. 39) and Opposition (Dkt. No. 46), the Court should grant summary

judgment in Defendant's favor and dismiss this case with prejudice.

Dated:  August 22, 2008.                          Respectfully Submitted,


                                                        /s/   Jeffrey A. Taylor
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney


                                                        /s/   Rudolph Contreras
                                                  RUDOLPH CONTRERAS, D.C. BAR #434122
                                                  Assistant United States Attorney

                                                        /s/   John C. Truong
                                                  JOHN C. TRUONG, D.C. BAR #465901
                                                  Assistant United States Attorney
                                                  555 Fourth Street, N.W.
                                                  Washington, D.C.  20530
                                                  (202) 307-0406

                                                  Attorneys for Defendant