UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEAL D. BARNARD,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY,

Defendant.

Civil Action No. 06-1393 CKK/DAR

**MEMORANDUM OPINION AND ORDER**

Pending for consideration by the undersigned United States Magistrate Judge is Plaintiff's Motion for Award of Attorneys' Fees and Litigation Costs pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E), and the Privacy Act, 5 U.S.C. § 552a(g)(3)(b). (Document No. 53). Plaintiff claims that he is eligible to an award of attorneys' fees and costs as he "substantially prevailed" in the underlying litigation; that he is entitled to an award; and that the requested award of $66, 967.72 is reasonable under the circumstances. Upon consideration of the parties' submissions and the entire record herein, Plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff, Neal D. Barnard, M.D., is the president and founder of the Physicians Committee for Responsible Medicine. Third Amended Complaint ("Compl.") (Document No. 37) ¶ 2. Defendant, Department of Homeland Security, is a United States agency, which includes

as components Immigrations Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP"). *Id.* ¶ 3.

Plaintiff alleges that between January, 2003 and January, 2007, he was detained, questioned, and searched at various airports before or after international trips on approximately 17 occasions. *Barnard v. Dep't of Homeland Security*, 598 F. Supp. 2d 1, 3 (D.D.C. 2009). To obtain records related to him with respect to the detentions, interrogations and searches, Plaintiff, in 2006, sent FOIA and Privacy Act requests first to CPB, then to ICE. Plaintiff subsequently filed this action on August 7, 2006. *Id.* With respect to the responsive records which had been located, but withheld, as of the time the parties completed their briefing of their cross-motions for summary judgment, the court (Kollar-Kotelly, J.), after an *in camera* review of the records, determined that there was no reasonably segregable, non-exempt information in such records. *Id.* at 5. Accordingly, the court granted Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. *See id.*

Within a week, Defendant advised that it had discovered additional responsive documents. *Id.* The court granted Defendant's motion for a stay, and ordered Defendant to "process" the additional records and either release them to Plaintiff or prepare a *Vaughn* index regarding any information withheld from release. *Id.* at 6. During the course of the stay, additional records were discovered by both CBP and ICE, some of which were released to Plaintiff (either in full or with redactions) and the remainder of which were withheld. *Id.* In accordance with the court's scheduling order, the parties briefed a second round of dispositive motions, which incorporated Plaintiff's motion for reconsideration of the order denying his first motion for summary judgment. *Id.* On February 9, 2009, the court granted Defendant's second

motion for summary judgment, and denied both Plaintiff's motion for reconsideration and second cross-motion for summary judgment. *See id.* at 28. On February 23, 2009, Plaintiff filed the pending motion for attorneys' fees and costs.

**CONTENTIONS OF THE PARTIES**

Plaintiff moved for an award of attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(b). Plaintiff's Memorandum of Points and Authorities In Support of Motion for Award of Attorneys' Frees and Litigation Costs ("Pl.'s Mem.") (Document No. 53) at 1. Plaintiff asserts that he "substantially prevailed" in this Freedom of Information ("FOIA")[1] and Privacy Act lawsuit and is entitled to both an award of attorneys' fees and litigation costs." Pl.'s Mem. at 2. Plaintiff states that he "substantially prevailed" because "he obtained relief through either 'judicial order' or 'a voluntary or unilateral change in position by the agency[,]'" and maintains that "Defendant's discovery and production of responsive documents was a direct result of judicial orders." *Id.* at 3. To calculate the amount of the fee award Plaintiff requested, he calculated the "lodestar amount" by multiplying the number of hours he suggests were reasonably expended – 572.9 – by an hourly rate of $205.00 – the prevailing market rate for an attorney with one to three years of experience – added costs of $350, then multiplied that sum by "a production factor" of 57%. *Id.* at 4-5. These calculations yielded a total of $66,967.72. *Id.*

[1] The Freedom of Information Act allows for the disclosure of records from federal agencies, requested in writing by any person. Information may be withheld, however, pursuant to nine exemptions and three exclusions contained in the statute.

First, Plaintiff argues that the 2007 OPEN Government Act amendments[2] apply retroactively rendering him eligible for an award of attorney's fees and costs. Plaintiff's Reply in Support of the Motion for Award of Attorneys' Fees and Litigation Costs ("Pl.'s Reply Mem.") (Document No. 57) at 4-5. Next, Plaintiff submits that he is entitled to an award of attorneys' fees and litigation costs. *Id.* at 6. Finally, Plaintiff contends that the attorneys' fees requested in this case are reasonable. *Id.* at 10.

Oral argument was held on June 26, 2009. At the conclusion of oral argument, the undersigned learned that while the oral argument in this case was in progress, the United States Court of Appeals for the District of Columbia Circuit issued an opinion in *Summers v. Dep't of Justice*, 569 F.3d 500 (D.C. Cir. 2009). The decision in *Summers* included consideration of whether the OPEN Government amendments apply retroactively. *Id.* With respect to that issue, the Circuit held that the amendments to FOIA do not apply retroactively. *Summers*, 569 F.3d at 502.

Accordingly, the undersigned requested that each party file a supplemental memorandum addressing the *Summers* decision. The parties filed memoranda in accordance with the undersigned's scheduling order. *See* Defendant's Memorandum of Law With [Regard] to *Summers v. Department of Justice* ("Defendant's Supplemental Memorandum") (Document No. 60); Memorandum of Law Regarding Applicability of *Summers v. Dep't of Justice* ("Pl.'s Suppl. Mem.") (Document No. 61).

---

[2] The "Openness Promotes Effectiveness in our National Government Act of 2007," commonly referred to as OPEN Government Act or OGA, amended the Freedom of Information Act (FOIA). The Act reads, in pertinent part: "The court may assess ... reasonable attorney fees and other litigation cots reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C.§ 552 (a)(4)(E). A plaintiff has "substantially prevailed" if the complainant as obtained relief through either a judicial order or consent decree or "obtained relied through ... a voluntary or unilateral chance in position by the agency, if [his] claim is not insubstantial. *Id.*

***Plaintiff's Arguments Regarding Eligibility***

Plaintiff contends that he is eligible for attorneys' fees because he has "substantially prevailed" as required by FOIA. Pl.'s Mem. at 2-3; Pl.'s Reply Mem. at 2-6. In support of his contention, Plaintiff posits that he obtained relief through either "judicial order" or "a voluntary unilateral change in position by the agency." *Id.* Plaintiff further relies on Defendant's initial denial of the existence of the requested records. Pl.'s Rely Mem. at 3. Plaintiff also alleges that Defendant "unilaterally changed its position" by providing 195 pages in whole or in part and acknowledging the existence of another 148 pages that it withheld. *Id.* Plaintiff asserts that Defendant's discovery and production of the documents was a direct result of judicial orders. *Id.* Thus, Plaintiff contends that he should be deemed to have "substantially prevailed" in accordance with either of the alternative criteria. *Id.*

In his discussion of "eligibility[,]" Plaintiff articulated his arguments regarding the OPEN Government Act amendments to FOIA. *Id.* at 4-5. Plaintiff initially took the position that the court should adhere to its reasoning in *Judicial Watch v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 167-72 (D.D.C. 2008), and retroactively apply the OPEN Government Act amendments. *Id.* In his memorandum addressing the holding of *Summers*, Plaintiff contends that the "Court need not even consider retroactivity" but rather simply deem the law to have been in effect when the "most significant conduct" occurred. Pl.'s Supp. Mem. at 3-4.

***Plaintiff's Arguments Regarding Entitlement***

In reply to Defendant's opposition to the motion, Plaintiff argues that he is entitled to attorneys' fees because he has satisfied the four-factor analysis set forth under the Freedom of

Information Act. *Id.* at 6. Plaintiff's chief contention is that the public derives a benefit from this case because there is a vested interest in border protection and terrorism prevention. *Id.* at 8. Furthermore, Plaintiff asserts that he is not seeking a commercial benefit in this case, and the records at issue are only a means of advancing his work for the benefit of the public. *Id.* at 7-8. Plaintiff also argues that the government's withholding of records in this case was unreasonable. *Id.* at 8-9. Plaintiff maintains that Defendant did not process his first FOIA/PA request for nearly three years. *Id.* at 9. Furthermore, Plaintiff contends that it was not until Defendant prepared to comply with the court's 2008 order regarding *in camera* review that it discovered 300 additional pages of records possessed by both agency components. *Id.* Therefore, Plaintiff concludes that he is entitled to receive attorneys' fees under FOIA.

***Plaintiff's Arguments Regarding Reasonableness of Fees***

Plaintiff's counsel seeks compensation of $66,967.72 for attorneys' fees and litigation costs, and maintains that the amount requested is reasonable. *Id.* at 5. Plaintiff submits than in an exercise of billing judgment, he reduced the actual costs and fees of $117,444.50 by 57%. *Id.*

***Defendant's Arguments Regarding Eligibility***

Defendant submits that the Plaintiff has not demonstrated that he is eligible to recover attorneys' fees under any criteria, whether or not the OPEN Government Act amendments are applied retroactively. Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees ("Def.'s Opp'n") at 13. Defendant submits that ICE located documents requested by Plaintiff before the filing of this lawsuit, but withheld them pursuant to Exemptions 2, 7(A), 7©, and 7(E), and that

the Court did not compel Defendant to release any of the withheld records. *Id.* at. 3, 15. Defendant further submits that a plaintiff cannot establish that he has "substantially prevailed in a FOIA lawsuit merely by showing that the defendant agency began releasing documents only after the lawsuit was filed." *Id.* at 4 (citing *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir. 1993)).

With respect to the CBP, Defendant submits that Plaintiff's request was processed and, with one exception, completed before that request became the subject of the instant litigation. Def's Opp'n at 4. Defendant further submits that all of CBP's withholdings were sustained by this Court's February 9, 2009 order granting summary judgment to Defendant. *Id.* Defendant claims that CBP never took the position that it intended *not* to release nonexempt information to Plaintiff through the FOIA process. *Id.* at 16 (emphasis supplied).

***Defendant's Arguments Regarding Entitlement***

Defendant argues that even if the Plaintiff were deemed eligible for an award of attorney's fees, he has not satisfied the four-factor analysis applied in this Circuit for determining entitlement of attorneys' fees under the FOIA. *Id.* at 13. The four factors are: (1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding had a reasonable basis in the law. Def's Opp'n at 17-18 (citing *Cotton. v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995)).

Regarding the first criterion, Defendant contends that Plaintiff does not even attempt to argue that an award of fees would further the public interest. Def's Opp'n at 18. In other words, there is no argument that the information released will contribute to the "public's ability to make

vital political choices." *Id.* (citing *Cotton*, 63 F.3d 1115 at 1120).

Regarding the second and third criteria, Defendant suggests that "there clearly was a personal motivation underlying Plaintiff's request for the information to be released." Def's Opp'n at 19. "When a litigant seeks disclosure for a commercial benefit or other personal reasons, an award of fees is usually inappropriate." *Id.* (citing *Cotton,* 63 F.3d 1115 at 1120). Conversely, where the plaintiff's interest is considered to be scholarly or journalistic, an award of fees is more likely. *Id.* at 19.

With respect to the fourth criterion, the standard is whether the government had a colorable basis in law for any withholding. *Id.* (citing *Chesapeake Bay Foundation*, 11 F.3d at 216-17). Defendant reiterates its contention that it was always going to disclose the information that was categorized as nonexempt.

***Defendant's Arguments Regarding Reasonableness of Fees***

Defendant contends that Plaintiff's methodology for determining attorneys' fees is arbitrary. Def's Opp'n at 20. Plaintiff requests $66,967.72 based on the ratio of pages released (195) to total pages at issue (343). *Id.* In its opposition, Defendant posits that the maximum amount that could be recovered by Plaintiff is $5,147.00. *Id.* Defendant's principal argument is that the number of hours for which an award is sought is grossly excessive, given the straightforward nature of the instant action. *Id.* at 21. "[A] reasonable attorney fee is not simply the product of hours expended multiplied by the proper hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)). "[T]he extent of a plaintiff's success is crucial factor in determining the proper amount of an award of attorney's fees." *Id.*

Also, with respect to reasonableness, Defendant questions the billing statements of the attorneys included in Plaintiff's motion. *Id.* Plaintiff claims that his attorneys expended 572.9 attorney hours, the equivalent of nearly four months of 40-hour weeks, including 201.8 and 294.5 hours from two separate attorneys. *Id.* "It does not follow that the amount of time actually expended is the amount of time reasonably expended." *Id.* at 20 (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (*en banc*)). The time spent briefing dispositive motions is not reimbursable; Plaintiff was unsuccessful as the Court ruled in Defendant's favor each time. *Id.* at 23. In addition, Defendant observed that time incurred at the administrative level is not subject to reimbursement. *Id.* (citing *Nw. Coal for Alternatives to Pesticides v. Browner*, 965 F.Supp. 59, 65 (D.D.C. 1997)).

Thus, Defendant submits that at most, 23.4 hours of Mr. Kennedy's time would be subject to reimbursement, or $4,797.00 at the rate of $205.00 per hour. *Id.* at 24. When adding the $350.00 filing fee, the total amount recoverable in this case, Defendant submits, is $5,147.00. *Id*.

**STANDARD OF REVIEW**

***Attorneys' Fees Provisions in FOIA***

The Freedom of Information Act of 1966, 5 U.S.C. § 552, provides, in pertinent part that: "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). FOIA provides for awards of attorneys' fees and costs to prevailing parties for two main purposes: (1) "to encourage Freedom of Information

Act suits that benefit the public interest" and (2) to serve as a "compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *LaSalle Extension Univ. v. FTC*, 627 F.2d 481, 484 (D.C. Cir. 1980). Plaintiff "has the burden of establishing the reasonableness of its fee request" and "[s]upporting" documentation 'must be sufficiently detailed to enable the court to determine "with a high degree of certainty that such hours were actually and reasonably expended.'" *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004) (citations omitted).

***Eligibility***

Before the enactment of the 2007 OPEN Government Act amendments, the District of Columbia Circuit held that "in order for plaintiffs in FOIA actions to become eligible for an award of attorneys' fees, they must have 'been awarded some relief by a court,' either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical and Atomic Workers v. DOE*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)).

After the enactment of the OPEN Government Act amendments, to be eligible for an award of attorneys' fees under FOIA, a plaintiff still must have "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Under the current FOIA provision, however, a plaintiff "substantially prevails" if the plaintiff has obtained relief either through "(1) a judicial order or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.*

***Entitlement***

A plaintiff is entitled to fees under FOIA if the court's four-factor inquiry is satisfied: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Heyman*, 63 F.3d at 1117. Nevertheless, the decision to award attorneys' fees and costs is left to the court's discretion. *See Nationwide Bldg. Maint., v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977).

***Reasonableness of Fees***

The reasonableness of a fee request must be evaluated in light of the results obtained. *City of Riverside v. Rivera*, 477 U.S. 561, 572 (1986). Moreover, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorneys' fees." *Hensley*, 461 U.S. at 440. Nevertheless, the court has discretion to deny or adjust any request for attorneys' fees that is unreasonable on its face. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265 (D.C. Cir. 1993).

**DISCUSSION**

The crux of the matter before the Court is a three-issue inquiry. The first consideration is whether the plaintiff is eligible to recover attorneys' fees. The second inquiry is whether the plaintiff is entitled to receive attorneys' fees. The third issue is whether the requested fees are reasonable.

***Plaintiff is not eligible for an award of attorneys' fees and costs because he did not "substantially prevail"***

Plaintiff asserts that he substantially prevailed for FOIA purposes because he obtained relief through either a "judicial order" or a "voluntary or unilateral change in position by the agency" as required by 5 U.S.C. § 552(a)(4)(E).

______In *Summers*, the Circuit held that the 2007 OPEN Government Act amendments do not apply retroactively. *Summers v. Dep't of Justice,* 569 F.3d 500, 502 (D.C. Cir. 2009). The Court also determined that a court order directing the parties to "do no more than to join in filing a status report updating the court on any voluntary disclosures the agency may have made" does not change the legal relationship between parties. *Id.* at 505.

Here, Plaintiff initially contended that the 2007 OPEN Government Act amendments should apply retroactively. Plaintiff, post *Summers*, now asserts that even if the amendments do not apply retroactively, he should still be deemed to have substantially prevailed because of Defendant's release of records following the February 6, 2008 order. Plaintiff posits that unlike *Summers*, where "all of the parties' conduct occurred prior to the FOIA amendment, the significant conduct at issue here took place *after* the passage of the FOIA amendment." Plaintiff's Memorandum Regarding Applicability of *Summers v. Dep't of Justice* at 3 (emphasis supplied). Plaintiff cites no authority supporting his contention that the Court should consider the timing or nature of the parties' "significant conduct" in determining whether a plaintiff substantially prevailed. Furthermore, Plaintiff's position suggests that this Court should ignore the ruling in *Summers.*

The undersigned finds that the judicial order on which Plaintiff relies was procedural in nature and did not change the relationship between the parties. Similar to the order at issue in

*Summers*, the court's February 6, 2008 order directed the parties to discuss the status of the records identified by Defendant, indicate whether there were any issues concerning those records, and advise whether a briefing schedule to address such issues would be necessary. A portion of the order provides: "Defendant shall process these and any other additional responsive records it may identify, and shall either release the records to Plaintiff or prepare a *Vaughn* index regarding the same." Minute Order of Feb. 6, 2008. Because Defendant was given the option of releasing the records or preparing a *Vaughn* index, Defendant here, as in *Summers*, "would not have violated the order if it had refused to disclosed a single document or datum." *Summers*, 569 F.3d at 502. [3]

Since Plaintiff did not substantially prevail under the FOIA provision in existence before the 2007 OPEN Government Act amendments, he is not eligible to receive attorneys' fees.

***Plaintiff is not entitled to attorneys' fees under FOIA***

Assuming, *arguendo*, that Plaintiff is eligible for an attorneys' fee award, Plaintiff is not entitled to an award of attorneys' fees in this case. In assessing whether a plaintiff is entitled to attorney's fees under FOIA, the court considers four factors: (1) the benefit to the public, if any derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *See Heyman*, 63 F.3d at 1117.

The first factor is not satisfied, given the lack of public benefit underlying Defendant's

[3] Plaintiff, at oral argument, conceded that preparation of a *Vaughn* index is a procedural, rather than substantive requirement, and thus is not a court-ordered change in the legal relationship between the parties. Defendant's Memorandum of Law With Regards To *Summers v. Dep't of Justice*" at 7.

request. Here, Plaintiff sought records regarding his detention and questioning at several airports. The undersigned finds, for the reasons offered by Defendant, that the release of documents had no public benefits: The public-benefit prong "speaks for an award of [attorney's fees] whether the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Id.* at 1120 (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978)). Plaintiff does not suggest that the documents which were released yielded information that citizens could rely on in marking "vital political choices."

Although listed as separate factors, the second and third factors--the commercial benefit to plaintiff from FOIA disclosure and the nature of plaintiff's interest in disclosure--are closely related and often considered together. *See id.* (citation omitted). Upon consideration of the second and third factors, the undersigned finds that because Plaintiff's interest in the records was personal, rather than scholarly or journalistic, "an award of fees is usually inappropriate." *See Cotton*, 63 F.3d at 1120 (citation omitted) "When a litigant seeks disclosure for a commercial benefit or other personal reasons, an award of fees is usually inappropriate.").

The final factor in the entitlement analysis involves the reasonableness of the government's inaction to the request. This factor seeks to discourage obdurate behavior on the part of the government and weed out those instances where the government was recalcitrant in its opposition to plaintiff's FOIA request. *Cuneo v. Rumsfeld*, 553 F.2d at 1360, 1366 (D.C. Cir. 1977), overruled on other grounds by *Burka v. United States Dept. of Health and Human Services*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) ("Where the agency erroneously interprets the law, its withholdings will be considered reasonable if the interpretation has a colorable basis in the law."); *Piper v. U.S. Depart. of Justice*, 339 F.Supp. 2d 13, 22 (D.D. Cir. 2004). Agency records may be

withheld only if the agency sustains its burden of proving that they fall within one of the specific statutory exemptions. *See Coastal States Gas Corp. v. Dep't of Energy*, 644 F.2d 969, 975 (3rd Cir. 1981).

Plaintiff has failed to satisfy the final criterion. Plaintiff made a records request and Defendant withheld certain documents pursuant to FOIA Exemptions 2, 7(A), 7©, and 7(E).[4] Plaintiff argues elapsed time as the principal contention against reasonableness of withholding the records. Pl.'s Reply Mem. at 8-9. However, Defendant proved that the withheld records are exempt from disclosure.[5] Thus, despite the time elapsed, Defendant had a colorable basis in the law for withholding the records.

***Plaintiff's request for attorneys' fees was unreasonable***

Assuming that Plaintiff had established that he were both eligible for and entitled to an award of fees and costs, the undersigned finds that the instant request is unreasonable. Plaintiff requests attorneys' fees in the amount of $66,967.72. Defendant claims that Plaintiff's requested amount is based on an arbitrary methodology.[6] Plaintiff "has the burden of establishing reasonableness of its fee request" and "supporting documentation must be sufficiently detailed and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Role Models America Inc.,* 353 F. 3d at 975.

---

[4] *See* n.1, *supra*.

[5] On January 29, 2008, the Court granted summary judgment in favor of Defendant, finding that it properly withheld seven pages of records identified as responsive to Plaintiff's FOIA/Privacy Act requests. On February 9, 2009, this Court issued an order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Cross-Motion for Summary Judgment and consolidated Motion for Reconsideration.

[6] At oral argument, Plaintiff concedes that there is no legal authority to support its means of arriving at the total of $66,967.72.

(quoting *In re Olsen*, 884 F.2d 1415, 1428 (D.C. Cir. 1998)). Plaintiff offers no authority in support of his application of a "production factor to calculate his request. Moreover, Plaintiff appears to include hours for legal work as to which he was not successful. In this circumstance, a court would have discretion to deny the request. *See Weisberg v. U.S. Dept. of Justice*, 848 F.2d 1265 (D.C. Cir. 1988).

**CONCLUSION**

Upon consideration of Plaintiff's Motion for Award of Attorneys' Fees and Costs under 5 U.S.C. § 552(a)(4)(E), the memoranda in support thereof and in opposition thereto and the entire record herein it is **ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees and Litigation Costs (Document No. 53) is **DENIED**.

September 18, 2009

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge